UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-15-APM |
| | : | |
| ELMER STEWART RHODES III, | : | |
| KELLY MEGGS, | : | |
| KENNETH HARRELSON, | : | |
| JESSICA WATKINS, | : | |
| ROBERTO MINUTA, | : | |
| JOSEPH HACKETT, | : | |
| DAVID MOERSCHEL, | : | |
| THOMAS CALDWELL, and | : | |
| EDWARD VALLEJO, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S REPLY TO DEFENDANTS MEGGS', HARRELSON'S, AND VALLEJO'S OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE*__**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to Defendant Meggs' Opposition (ECF 253), Defendant Vallejo's Opposition (ECF 254), and Defendant Harrelson's Opposition (ECF 257-2) to the Government's Motion *in Limine* to Exclude Certain Untimely and Irrelevant Testimony (ECF 214). Defendants Meggs and Harrelson oppose the government's motion *in limine* to preclude argument concerning entrapment by estoppel. Defendant Vallejo opposes the government's motion *in limine* to preclude evidence concerning other rioter case dispositions and his physical health. Finally, Defendant Harrelson opposes the government's motion *in limine* to limit cross examination of Secret Service agents.

**Argument**

**1) Only Officer Actions Connected to the Defendants Are Relevant.**

Defendants Harrelson and Meggs both make similar claims that the government's motion in limine is "too broad and premature." See ECF 257-2 at 1 (Defendant Harrelson); ECF 253 at 1 (Defendant Meggs). However, the exact substance of the Defendants' responses shows the necessity of the motion.

Over the course of 29 pages in Defendant Harrelson's opposition, he references "Hunter Ekmke" (ECF 257-2 at 3), "Lt. Tarik Khalid Johnson[1]" (*id.*. at 4), "the Oath Keepers Chief medic" (*id.*. at 5), "Matthew Martin" (*id.* at 5, 13), "Judge Mcfadden" (*id.* at 5), "solitary confinement" (*id.* at 8), "Ray Epps" (*id.* at 10), "Suspicious Actors" (*id.* at. 11-12), "#JamesDeanWannabe" (*id.* at 12), "Ashli Babbitt" (*id.* at 16), "George Tenney" (*id.* at 16), various Capitol Police investigative files (Id. at 17), "Ferguson" and "Portland" (Id. at 20), prosecution by ambush and surprise (*id.* at 22), and alleged criticism from Congress regarding charging decisions by the Department of Justice (*id.* at 23). Defendant Harrelson, however, does not proffer a theory of how the above referenced names, locations, and accusations relate to his own actions or state of mind with respect to the charged conspiracy. Should Defendant Harrelson seek to use evidence of the action or inaction of officers or other rioters to negate his guilt, he must establish some link to the charges at hand. Without that, the evidence is simply not relevant. The Court should require Defendant Harrelson to proffer such a link or prohibit Defendant Harrelson from introducing this evidence at trial.

---

[1] Defendant Harrelson also claims that Lt. Johnson is a democrat. (ECF 257-2 at 4). The government would also object to the defendant eliciting the individual voting patterns of any witness without some further claim of relevance.

Defendant Harrelson's arguments regarding the government's motion to preclude certain defense arguments at trial, ECF No. 213, is likewise without merit. In his motion, the defendant asserts, "the public authority defense applies to the counter-factual scenario pushed by the prosecution." ECF 257-2 at 16. Whatever is meant by this assertion, the defendant's motion expressly acknowledges why a public authority or entrapment-by-estoppel defense in the instant matter would be improper: no government official directed the defendants to engage in the conduct charged, nor did any government official actively mislead the defendants regarding the state of law defining the offenses. Defendant Harrelson's claim that "the defense of public authority is conditional upon things that did not happen," ECF 257-2 at 19, is self-defeating. As the government stated in its motion, the defendant's expectations of official action cannot give rise to an anticipatory public authority defense or a defense of entrapment-by-estoppel.

**2) Government Charging Decisions Made in Other Jurisdictions or Well After the Conspiracy Are Irrelevant.**

Defendant Vallejo seeks to enter evidence pertaining to riots in Portland, Oregon and charging decisions made by the government following the riots of January 6. ECF 252 at 1. Defendant Vallejo claims that the charging decision are somehow relevant to his post January 6 statements where he "spoke positively of the protestors and expressed a desire to repeat the Capitol Hill protests the next morning." *Id.* at 2. Defendant Vallejo, however, is unable to explain why the charging decisions of the government, some made more than a year after the defendant's statements, or those made in Portland, Oregon, could ever be relevant to Defendant Vallejo's state of mind during the conspiracy. As such, the charging decisions and case dispositions of other defendants should be excluded.

**3) Defendant Vallejo's Unknown Ailments Are Not Relevant to His Actions in the Conspiracy.**

Defendant Vallejo seeks to enter evidence pertaining to his physical health. To date, the government has received no records from Defendant Vallejo. However, even if the government were to receive records prior to his November trial date, the court should still exclude them from trial.

Defendant Vallejo claims that his various ailments are "clearly highly relevant to assessing whether someone did in fact join" a conspiracy. ECF 254 at 3. If the charged conspiracy alleged that Defendant Vallejo promised to exert some difficult physical feat, such as running a marathon, then maybe so, but not here. The government intends to present undisputed evidence that Defendant Vallejo drove across the county, unloaded weapons and supplies at a hotel in Virginia (captured on video), and stood ready to act as an armed quick reaction force to ferry weapons to co-conspirators as part of a conspiracy to oppose the government by force. None of these actions requires a particular physical strength. As such, the government is unaware of why the defendant's asthma or any other unknown physical ailment would be relevant at trial.

4) **Defendant Caldwell Should Be Precluded from Irrelevant Questioning of the Secret Service.**

Defendant Caldwell intends to question the Secret Service, *inter alia*, regarding (i) why the Secret Service restricts areas at times other than January 6, (ii) analysis of threat assessments on various days, (iii) security decisions involving moving President Trump, and (iv) the internal thought process of Vice President Pence in an effort to put forward a defense theory based on the following question: "Did the attack cause the motorcade's exit, coincide with the motorcade's exit, or was the attack plan timed to the motorcade's exit."[2] ECF 257-2 at 25-28. The relevance of these

---

[2] Defendant Harrelson again notes Ray Epps. References to him should be precluded on relevancy grounds baring a proffer from the defendant.

subject areas is unclear from Defendant Caldwell's opposition. Without a proffer establishing an evidentiary basis for such questioning, this evidence should be precluded.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument from Defendants Meggs, Vallejo, and Harrelson.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/
Louis Manzo
Special Assistant United States Attorney
Mass Bar 688337
601 D Street NW
Washington, DC 20530
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn L. Rakoczy
Assistant United States Attorneys

/s/
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004