IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) Case No. 1:22-cr-00015-APM ) ) |
| ELMER STEWART RHODES, | ) ) |
| KELLY MEGGS, and | ) ) |
| KENNETH HARRELSON, | ) ) |
| Defendants. | ) ) ) |

**NOTICE OF INTENT TO ASSERT DEFENSE OF ADVICE OF COUNSEL**

Defendants Stewart Rhodes, Kelly Meggs, and Kenneth Harrelson, by and through undersigned counsel, hereby provides the following information in response to the Court's September 15, 2022, Order (ECF No. 318).

Specifically, at the September 14, 2022, Pre-Trial Conference, the Court acknowledged the possibility of a defense theory that the Insurrection Act serves as a defense to the charge of seditious conspiracy.  *See* Memorandum at 1-2 (Sep. 19, 2022) (ECF No. 324).  Relatedly, the Court's colloquy also gave rise to the observation that this defense theory could implicate legal advice provided to the Oath Keepers and its members by its general counsel, Kellye SoRelle. Accordingly, the Court issued its Order requiring defense counsel to provide notice of the same.

Although defense counsel expressly object to any requirement that defense theory be revealed in advance of the government's presentation of evidence, Defendants hereby notify the government and the Court that it is reasonably likely that the defense of advice of counsel may

1

be presented in the trial of this case.[1]  Defendants assert that they lacked any unlawful intent as to the counts in the superseding indictment and acted in good faith in all relevant respects pursuant to advice received by attorney Kellye SoRelle.  Specifically, these defendants submit that Ms. SoRelle confirmed that Mr. Rhodes and those alleged to have conspired with him could legally prepare for the possible invocation of the Insurrection Act by former president Trump, and that should former president Trump actually invoke the Insurrection Act, that Mr. Rhodes and those alleged to have conspired with him could lawfully assist in the prevention of a purported insurrection.  These defendants also assert that following the events of January 6, 2021, and after former President Trump did not in fact invoke the Insurrection Act, Ms. SoRelle advised that Mr. Rhodes and those alleged to have conspired with him, could lawfully delete communications related to their efforts to prepare for the possibility that former President Trump would invoke the Insurrection Act.

Although the Court concluded this disclosure is "necessary to assess the viability of the defense," citing *United States v. West*, 392 F.3d 450, 456-457 (D.C. Cir. 2004) ("The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime."), Defendants submit the government cannot establish, by a preponderance of the evidence, that Ms. SoRelle is an accomplice to the alleged conspiracy with which Mr. Rhodes and his co-

---

[1] In its Order compelling notice of any intent to assert the defense of advice of counsel, the Court concluded such disclosure was necessary, "to allow the government to prepare for the defense." Order at 2 (ECF No. 318) (citing *Crowder*, 325 F. Supp. 3d at 138).  As the Court is aware, assertion of the defense of advice of counsel results in a waiver of the attorney-client privilege.  *United States v. Crowder*, 325 F. Supp. 3d 131, 137-138 (D.D.C. 2018) ("As an initial matter, there is no question that the attorney-client privilege is waived when a client asserts reliance on the advice of counsel as an affirmative defense, because the client has then made a conscious decision to inject as an issue in the litigation the advice of counsel." (internal quotation marks omitted)).  Defense counsel understand that Ms. SoRelle's communications were reviewed by a government filter team and that certain communications concerning the Oath Keepers and/or its members were withheld from the prosecution team because they were determined to be privileged communications.  Because these records have not been made available to defense counsel, counsel are not now in a position to determine whether a waiver of the privilege applicable to these communications would be prudent.  Accordingly, at this time the most defense counsel can advise is that it is highly likely such a defense will be asserted.

defendants have been charged. At the outset, Defendants submit that the mere fact of an indictment is obviously not proof of any crime. Not only is Ms. SoRelle's indictment not a speaking indictment in so much as that it, "does not tell us exactly how the government intends to prove that [Ms. SoRelle] obstructed, influenced, and impeded Congress's certification of the electoral vote or how the government hopes to prove that [she] did so 'corruptly,'" *United States v. Andries*, 2022 U.S. Dist. LEXIS 44794, at *25 (D.D.C. Mar. 14, 2022) (internal quotations omitted), but Ms. SoRelle *is not charged with seditious conspiracy.* See Indictment, *United States v. SoRelle*, No. 22-cr-290 (Aug. 31, 2022) (ECF No. 1).

Indeed, the government has yet to allege that Ms. SoRelle's legal advice was in any way intended to further Mr. Rhodes's "plot." Most recently, the government baldly asserts that, "the evidence . . . will show that Rhodes viewed the Insurrection Act as 'legal cover' and not a prerequisite for his and his co-conspirators' plans to use force against the government." Opp. at 6 (Sep. 21, 2022) (ECF No. 331). Absent proof – beyond a preponderance of the evidence – that Ms. SoRelle's advice to Mr. Rhodes, his co-defendants, and/or the Oath Keepers as a whole, rendered Ms. SoRelle an accomplice to the Seditious Conspiracy with which Defendants have been charged, the government cannot preclude the Defendants' reliance on a defense of advice of counsel.

**[SIGNATURE ON NEXT PAGE]**

Dated: September 21, 2022
Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*/s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Kelly Meggs*

4

**CERTIFICATE OF SERVICE**

On September 21, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                */s/ Stanley E. Woodward, Jr.*
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        1808 Park Road, Northwest
                                        Washington, DC  20010
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com