IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 22-cr-15 (APM) |
| v. | : |
| THOMAS CALDWELL | : |
| KENNETH HARRELSON, | : |
| Defendants | : |

**UNITED STATES' MOTION PRECLUDING CERTAIN ARGUMENTS DURING CLOSING ARGUMENTS**

The government moves this Court to prohibit defense counsel from making certain arguments during their closing argument that are not supported by admitted evidence. Specifically, the government asks this Court to preclude (1) Caldwell's counsel from arguing, among other similar statements, that the FBI believed that defendant Caldwell led the attack on the Capitol on January 6 or to compare defendant Caldwell to other January 6 defendants not charged in this case; (2) Caldwell's counsel from arguing that the jury can infer that defendant Caldwell told the truth to the FBI in his post-arrest interview because the government has not charged him with violating 18 U.S.C. § 1001; (3) and Harrelson's counsel from introducing personal information about defendant Harrelson's background and a third party statement explaining why defendant Harrelson entered the Capitol.

The "sole purpose of closing argument is to assist the jury in analyzing the evidence." *United States v. McGill*, 815 F.3d 846, 919 (D.C. Cir. 2016) (quotations omitted) (quoting *United States v. Moore*, 651 F.3d 30, 52 (D.C. Cir. 2011)). Accordingly, the universe of information for closing arguments is limited to the evidence that has been admitted at trial. *See McGill*, 815 F.3d at 919 ("[C]ounsel may not make factual assertions during closing argument if there is no

evidentiary basis for them."); *see also United States v. Maddox*, 156 F.3d 1280, 1282 (D.C. Cir. 1998) ("We have held many times before, and we hold once again, that in closing argument counsel may not refer to, or rely upon, evidence unless the trial court has admitted it.") (collecting similar cases). Defense counsel "must be permitted to argue all *reasonable* inferences from the facts in the record." *United States v. Borda*, 848 F.3d 1044, 1063 (D.C. Cir. 2017) (emphasis added) (quoting *United States v. Hoffman*, 964 F.2d 21, 24 (D.C. Cir. 1992)). Counsel may not, however, premise an argument on evidence that has not been admitted. *Id*. *See also Johnson v. United States*, 347 F.2d 803, 805 (D.C. Cir. 1965).

The Court should prohibit Caldwell's counsel from making statements during his closing argument that are not supported by admitted evidence. He should not, for example, be able to characterize Caldwell as the primary target of the government's initial investigation into offenses stemming from January 6, 2021. During his opening statement, Caldwell's counsel made numerous statements to this end. *See, e.g.*, 10/03/22PM Tr. at 1211 ("He [Mr. Caldwell] was the first person charged in a major January 6th case."); *id*. at 1227 ("This is the guy, ladies and gentlemen, that the FBI said led an attack into the United States Capitol."). No evidence has been admitted at trial that would allow a comparison of defendant Caldwell to other defendants charged in separate cases, or that would permit counsel to argue that the FBI arrested Caldwell because they believed he was the most culpable January 6 actor. In addition, Caldwell's counsel should not be able to argue that the government believed Caldwell was training "tactical bands of fighters." *See e.g., Id*. at 1199 ("They claimed that Mr. Caldwell was training up a tactical band of fighters."). There has been no evidence admitted to support that claim.

Additionally, Caldwell's counsel has repeatedly attempted to communicate to the jury that Caldwell told the truth during his custodial interview[1] and, in particular, that he must have told the truth because the defendant was not charged with 18 U.S.C. § 1001 (False Statements). *See, e.g.*, 10/03/22PM Tr. at 1204 ("Mr. Caldwell sat down and answered every one of their questions."); *id*. at 1205 ("They said to Mr. Caldwell: 'Mr. Caldwell, do you remember Martha Stewart? You know, the woman who likes to cook. Do you remember Martha Stewart? You know the Martha Stewart law. You lie to the FBI, that's a felony.'"); *id*. at 1216 ("But the one charge that Mr. Caldwell has not -- is not before you, the one thing he has not been charged with, is lying to the FBI."). This line of argument should be precluded from closing argument.

First, the government presented no evidence from the interview. The defense, therefore, should be barred from eliciting or arguing about statements during the interview because they are hearsay. Second, speculating on offenses not charged is confusing to the jury and not based in evidence presented at trial. Circuit courts have frequently recognized that charging decisions are not accurate indicators of guilt or innocence and have upheld decisions to exclude evidence of such decisions from trial. *See United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011) ("The government may decide to charge or not to charge a suspect in an indictment for a variety of reasons that have nothing to do with his guilt or innocence, taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by

---

[1] For example, counsel for defendant Caldwell sought to elicit testimony from defendant Caldwell that the FBI believed defendant Caldwell's statement that the inert grenade found at his home was, in fact, inert. *See* 11/15/22AM Tr. 8764 ("At the end of Mr. Caldwell's interview, the FBI agents asked Mr. Caldwell about this hand grenade, they thought it was real. He [defendant Caldwell] told them it was inert. And the FBI agents there ended up picking it up. It goes to whether he's truthful and candid."). The court sustained an objection to this line of questioning and should continue to preclude such an argument in closing.

other authorities, or any number of other valid discretionary reasons."); *see also United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990) ("There are many factors the government's decision not to prosecute a defendant on certain charges. . . . Certainly, we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty."). Finally, and relatedly, the defense should be precluded from arguing inferences from the government's charging decisions and arrests, which Defendant Caldwell put forward in opening and repeatedly (and unsuccessfully) attempted to get into during various witnesses' testimony. *See* 10/03/22PM Tr. at 1198 ("Well, ladies and gentlemen, something you should know: Stewart Rhodes didn't even get charged until January of this year.").

Finally, counsel for defendant Harrelson in his opening argument stated that defendant Harrelson is an "apolitical person," "never even voted in a presidential election," and had various types of employment. *See* 11/03/22PM Tr. at 6834. In addition, counsel for defendant Harrelson stated, "While on the steps, shortly after the national anthem, a person told him [defendant Harrelson] that someone needed help near the Columbus doors." *See* 11/03/22PM Tr. at 6845. No evidence exists for these propositions and argument on such should be precluded. *See McGill*, 815 F.3d at 919.

The above statements of Caldwell's counsel and Harrelson's counsel are neither supported by the evidence admitted at trial nor are they a *reasonable* inference from said evidence. As such, the Court should preclude him from presenting any such unfounded representations in his closing argument.

Respectfully submitted,

4

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     /s/
Louis Manzo
Assistant United States Attorney
MA Bar 688377
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530

    /s/
Alexandra Hughes
Trial Attorneys
National Security Division,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004