IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-15 (APM) |
| | : | |
| KENNETH HARRELSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT
OF ACQUITTAL AND MOTION TO DISMISS FOR ALLEGED FAILURE
TO DISCLOSE EXCULPATORY INFORMATION**

The United States respectfully opposes the motions for judgment of acquittal and motion to dismiss that was filed by Defendant Kenneth Harrelson on December 23, 2022. ECF No. 433. Defendant Harrelson claims he is entitled to a new trial or the dismissal of all charges against him because the government has suppressed seven categories of exculpatory information: (1) records, documents, and information regarding "what actually caused the recess of the Joint Session of Congress on the afternoon of January 6, 2021, or . . . what actually delayed the resumption of the Joint Session;" (2) information that would prove to the jury that the presence of hundreds of people in the U.S. Capitol does not disrupt the proceedings of Congress; (3) "the exculpatory information that it had nothing more than conjecture, speculation, and assumptions with which to prosecute Harrelson;" (4) information about who really "led the attack" on the Capitol and the related request for discovery regarding certain individuals whom Defendant Harrelson has identified as the "suspicious actors" truly responsible, in Harrelson's view, for the attack on the Capitol; (5) information that would have shown defendant and his co-conspirators helped U.S. Capitol Officer Harry Dunn; and (6) video footage outside the East Rotunda doors.

The defendant fails to establish the suppression of any discoverable information.  And the Court already rejected most if not all of these allegations prior to trial.  The defendant's motion should be denied.

    i.    <u>Information About "What Actually Caused the Recess of the Joint Session"</u>

Without pointing to any specific materials that he contends have been withheld, Defendant Harrelson claims that he was denied a fair trial by the government's failure "to disclose any records, documents, or information as to (1) what actually caused the recess of the Joint Session of Congress on the afternoon of January 6, 2021, or (2) under its belated, newly-minted theory what actually delayed the resumption of the Joint Session of Congress." ECF No. 433-1 at 13.  In responding to a prior motion to compel discovery on this topic, the government observed that it had certified on January 20, 2022, "that it had 'requested and sought all records from the U.S. Capitol Police that reflect any communications made to the Presiding Officer of each House, and any other involved persons, that led to the decision to recess the Certification of the Electoral College vote count on January 6, 2021,'" "produced FBI memoranda of interviews of Capitol Police officers and professional staff (such as employees of the House's and Senate's sergeant at arms and parliamentarian) on this topic," and "produced, in global discovery, the Capitol Police's radio runs, along with relevant Capitol Police text messages and emails." Gov. Opp'n to Def.'s *Brady* Mot., ECF No. 272 at 10.  Government counsel stated that they were "not aware of additional discoverable information on this topic in the possession of the prosecution team." *Id.*

Further, at trial, the government presented the testimony of witnesses from the U.S. Capitol Police, U.S. House of Representatives, and U.S. Secret Service, who testified about the reasons for the recess of the Joint Session of Congress.  *See* Testimony of USCP Captain Ronald Ortega, 10/18/22; Testimony of former U.S. House Parliamentarian Thomas Wickham, 10/19/22; and

2

Testimony of U.S. Secret Service Special Agent Lanelle Hawa, 10/26/22.  Defendant Harrelson had the opportunity to cross-examine each of these witnesses about how his actions did or did not contribute to the hinderance and delay of Congress' Certification of the Electoral College vote on January 6, 2021.

Moreover, as this Court previously found in denying the defendant's motion to compel discovery on this topic, "it is not a defense that others on January 6th might bear greater culpability for initially breaching the Capitol Building, urging the crowd to storm past police lines, or injuring police officers.  Such acts committed by others do not exculpate Defendants of the crimes with which they are charged. Evidence of those acts is not *Brady* material."  September 27, 2022 Omnibus Order, ECF No. 294 at 8.  "That others were the original cause for Congress's decision to recess or also kept Congress from reconvening is beside the point."  *Id.* at 9.  For all of these reasons, the defendant has failed to establish any discovery violation on this topic that warrants setting aside his guilty verdicts and ordering a new trial.

To the extent that defendant's motion also asserts an insufficiency of the evidence that defendants obstructed an official proceeding, *see* ECF No. 433-1 at 14 ("There was no evidence presented at trial that either Harrelson or any other Oath Keepers' Defendant delayed the resumption of the Joint Session of Congress."), the government incorporates by reference its opposition to all defendants' motions for judgment of acquittal, being filed under separate cover today.  As laid out in that pleading, in Section II.b.ii, the government presented evidence at trial that the defendants' presence inside the Capitol hindered and delayed the resumption of the Joint Session.  Contrary to defendant's assertion, ECF No. 433-1 at 13, this is not a "newly minted" theory of the government's case; prior to trial, the Court observed that "Defendants are accused of interfering with the Joint Session at the time they entered and remained in the building because

3

their entry and activities that day prevented Congress from carrying out its constitutional and statutory responsibilities." September 27, 2022 Omnibus Order, ECF No. 294 at 9.

      ii.     <u>Proof That the January 6 Riot Was Really More Disruptive Than The Foot Traffic of Regular Daily Visitors to the Capitol</u>

The defendant claims that the government was required to provide "exculpatory information that details, proof, and evidence, that the U.S. Congress successfully operates every business day with hundreds of visitors, school children on sometimes noisy tours, lobbyists, journalists, citizen advocates, staff and [the like]." ECF No. 433-1 at 18. First, that is illogical: if evidence in fact existed that the Capitol's daily foot traffic regularly *prevented* Congress from doing its duties, perhaps such information would be discoverable. But undersigned counsel is aware of no such information. Second, and related: No such information is in the government's possession, custody, or control. And the government is aware of no authority, nor does Defendant Harrelson cite any, that the government was required to provide proof in discovery of the negative—that daily visitors to the Capitol do not regularly disrupt the business of Congress. Finally, the defendant's suggestion through this claim, that the January 6 attack on the Capitol was no more disruptive than school children on a class trip, is offensive and patently absurd.

      iii.    <u>"The Exculpatory Information That [the Government] Had Nothing More Than Conjecture, Speculation, and Assumptions with Which to Prosecute Harrelson."</u>

For his third point, Defendant Harrelson claims, "The Government offered no evidence of any causation between any action by Harrelson and any interruption of the Joint Session." ECF No. 433-1 at 19. As noted in part (i) above, to the extent that the defendant's motion also asserts an insufficiency of the evidence that defendants obstructed an official proceeding, *see* ECF No. 433-1 at 14 ("There was no evidence presented at trial that either Harrelson or any other Oath Keepers' Defendant delayed the resumption of the Joint Session of Congress."), the government

4

incorporates by reference its opposition to all defendants' motions for judgment of acquittal, being filed under separate cover today.

      iv.      <u>Information About Who Really "Led the Attack" on the Capitol</u>

The defendant contends: "This evidence would be exculpatory by identifying those who specifically 'led' an 'attack' on the U.S. Capitol, because it would show neither Harrelson nor his co-Defendants did so." ECF No. 433-1 at 21. And the defendant complains about the lack of discovery regarding certain "suspicious actors" whom he feels were the real culprits on January 6. *Id.* at 25-27. First, the government has provided and continues to provide discovery regarding its investigation into other subjects involved in the attack on the Capitol through its global discovery program. More to the point, as the government stated in its response to the prior motion to compel discovery on this issue, nowhere in the Indictment was it alleged that Defendant Harrelson and his co-conspirators "led" the attack on the Capitol. ECF No. 272 at 7. And as this Court ruled in denying the defendant's motion to compel discovery on this topic, "Either these Defendants committed the charged offenses or they did not. No third party can have committed the seditious conspiracy charged as defined in Count One or the conspiracy to interfere with an official proceeding as defined in Count Two." ECF No. 294 at 8. Accordingly, Defendant Harrelson's discovery requests along these lines were not material at the time of his motion to compel and does not now give rise to a sufficient ground to grant him a new trial.

      v.      <u>Information About Defendant's Interaction with Officer Harry Dunn</u>

The defendant complains about alleged inconsistencies between U.S. Capitol Police Officer Harry Dunn's testimony and the FBI FD-302 memoranda documenting his prior interviews. That the defendant is aware of these interview memoranda confirms that the government in fact disclosed them. There is therefore no discovery violation. And with respect

5

to the lack of U.S. Capitol Police surveillance video cameras in the area where Officer Dunn interacted with these defendants and their co-conspirators, the government cannot disclose evidence that does not exist.

      vi.      <u>Lack of U.S. Capitol Surveillance Footage Outside East Rotunda Doors</u>

Similarly, Defendant Harrelson criticizes the lack of U.S. Capitol Police surveillance video cameras outside the East Rotunda Doors. This, too, was not the choice or fault of the prosecution team. The government did provide all the public source or other defendant/subject video footage that it could identify of this area at the times that captured the defendants. Notably, Defendant Harrelson's counsel made ample and effective use of this footage at trial. Accordingly, there is no discovery violation here that merits setting aside the jury's considered verdict.

### Conclusion

The Court should deny Defendant Harrelson's motion for judgment of acquittal under Rule 29 / motion for dismissal on all grounds.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Louis Manzo
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530

/s/
_____
Alexandra Hughes
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004