UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. 22-cr-15 (APM) |
| | : | |
| **KENNETH HARRELSON** | : | *Formerly* |
| | : | |
| Defendant | : | No. 21-cr-28 (APM) |
| | : | |

**KENNETH HARRELSON'S SUPPLEMENTAL REPLY ON
DEFENDANTS STEWART RHODES AND KELLY MEGGS'
JOINT MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29**

Defendant, Kenneth Harrelson, through the undersigned counsel, Bradford L. Geyer, presents this SUPPLEMENTAL REPLY to the Government's Opposition To Defendants Stewart Rhodes And Kelly Meggs' Joint Motion For Judgment Of Acquittal Pursuant To Rule 29 ("Joint Motion"), which is filed in the Court's record as Dkt. #432, filed on December 23, 2022, which Opposition was filed at Dkt. # 442 on January 13, 2023. In support of the motion, Harrelson states as follows:

I.  **INTRODUCTION AND POSTURE OF THE CASE**

All of the Defendants also filed a Joint Rule 29 Motion for Judgment of Acquittal Pursuant to Rule 29 jointly in this case at Dkt. # 432 on December 23, 2022.

The Defendants' Joint Motion briefly presents the legal defects of Count IV and Count IX of the Eighth Superseding Indictment Filed on June 22, 2022, at Dkt. # 167.

Harrelson also presented legal defects of the case against him in his CONSOLIDATED POST-TRIAL MOTIONS OF DEFENDANT HARRELSON PURSUANT TO F.R.Cr.P. 29 & 33, filed at Dkt. # 424 on December 13, 2022.

1

However, Count IX is specifically about Kenneth Harrelson alone.  Each of the Counts 7 through 10 present the same allegation -- Tampering with Documents or Proceedings pursuant to 18 U.S.C. § 1512(c)(1) -- against each of the individual Defendants one at a time.

Therefore, it is appropriate for Kenneth Harrelson to provide a more detailed REPLY of his own to Count IX which is specifically an allegation against himself alone and no one else.

Technically, Harrelson has standing to challenge those Counts for which the jury found him guilty, but many factors and failings of the Government have cross-cutting impacts on the evidence and analysis of various Counts including Counts affecting other Defendants as well as those Counts directly affecting only Harrelson.  The presentation of evidence, argument, and legal decisions and motions throughout this case were not neatly cabined to only specific Counts.

Defendant Harrelson was found guilty by the jury in the case of *USA v. Stewart Rhodes, et al.*, Criminal Case No. 1:22-cr-00015, of (only)

a) COUNT III:  Obstruction of official proceeding in violation of 18 U.S.C. §1512 (c)(2)[1]

b) COUNT IV:  Conspiracy to Prevent an Officer from Discharging Any Duties in violation of 18 U.S.C. § 372

c) COUNT IX:  Tampering with Documents or Proceedings and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(1)

## II.  GOVERNING LAW:  *BRADY* and Other Obligations

Rule 29 of the Federal Rules of Criminal Procedure and *Brady v. Maryland* jurisprudence are set forth in the original Motion and Memorandum of Law.

---

[1] Though not of a conspiracy to obstruct the official proceeding.

Therefore, the Court is urged to not skip over the "Governing Law" section of the Motion as being mere boilerplate. The Court will actually find it to be quite meaningful and important.

### III. ARGUMENT

    **A.   HARRELSON WAS ACCUSED UNDER COUNT IX:**

**COUNT NINE**
(18 U.S.C. 1512(c)(1))
(Tampering with Documents or Proceedings)

153. Paragraphs 1 through 13, 18 through 134, and 146 of this Indictment are re-alleged and incorporated a though set forth herein.

154. Sometime on or after January 6, 2021, HARRELSON deleted from his cellular telephone certain media, files and communications that showed his involvement in the conduct alleged herein.

155. Between on or about January 6, 2021, and on or about March 10, 2021, in the District of Columbia and elsewhere, the defendant

**KENNETH HARRELSON**

did corruptly alter, destroy, mutilate and conceal a record, document and other object, and attempted to do so with the intent to impair its integrity and availability for use in an official proceeding, that is the Grand Jury investigation into the attack on the Capitol on January 6, 2021.

(In violation of Title 18, United States Code, Section 1512(c)(1))

### B. NO EVIDENCE WAS PRESENTED TO ESTABLISH COUNT IX BEYOND A REASONABLE DOUBT

However, the Government did not present any evidence sufficient to find Harrelson guilty beyond a reasonable doubt. Indeed, the Government did not present any evidence at all of any violation of Count IX by Harrelson. The Government offered nothing but speculation, conjecture, and guesses.

- The Government never attempted to prove that Harrelson ever had any "record, document or other object" that "showed his involvement in the conduct alleged herein" on his cellular phone or anywhere else.

- The Government never attempted to prove the existence at any time of any "certain media, files and communications that showed his involvement in the conduct alleged herein."

- The Government never attempted to prove that any "certain media, files and communications that showed his involvement in the conduct alleged herein" were ever removed from Harrelson's cellular telephone or elsewhere.

- The Government never attempted to prove that the Defendant committed any such act "with the intent to impair its integrity and availability for use in an official proceeding,"

- Harrelson's cellular telephone is a hand-held portable computing device of extremely small, limited storage capacity. That is, more data cannot be stored and maintained without deleting data no longer needed or held for use.

- Thus, the intent of any owner of a cellular telephone to clear out older data to

4

      make room for more, newer data to continue using the cellular phone is presumptively for the intent of normal use of the cellular phone.

- The Government made no attempt to prove that Harrelson deleted any data from his cellular telephone for any purpose other than to make room for the smooth and continued operation of his cellular telephone.

- Furthermore, some communication software ("apps") generate an automatic tone sound every time a message is posted to a group discussion. If the number of messages and members is large, this would lead to a constant pinging sound all day and all night. Thus, the Government made no attempt to prove that there was no other reason such as the constant noise of certain apps to delete chat groups or entire software apps from the cellular telephone.

- In other words, the Government offers only guesses, imagination, and speculation.

- The only thing that the Government attempted to show was a text message from Harrelson about not keeping some information. Unfortunately for the prosecution, however, Harrelson's message is phrased more as a question about what would be advisable not a direction that something be done or of his own intent to act. The message is also non-specific as to what Harrelson is talking about. The Government must rely on guessing to try to make the message related to the events of January 6, 2021.

To violate § 1512(c)(1), "[a] proceeding must at least be 'foreseen,' such that the defendant has in contemplation *some particular official proceeding* in which the destroyed evidence might be material." *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014) (emphasis added); *accord United States v. Petruk*, 781 F.3d 438, 445 (8th Cir. 2015). The government must show that the

defendants intended "actions were likely to affect a[n] [official] proceeding" to prove beyond a reasonable doubt that he "had the requisite intent to obstruct." *United States v. Friske*, 640 F.3d 1288, 1293 (11th Cir. 2011).

As the Joint Motion explains "The government's argument as to these defendants' alleged unlawful intent is circular, i.e., because the government believes the defendants engaged in felonies on January 6, therefore, their actions in relation to Facebook must have been motivated to cover up his felonious conduct. In reality, any person in the defendants' shoes would not reasonably believe that felony charges—which are the subject of grand jury proceedings—would be lodged against him. In reality, the evidence as against these defendants would not give rise to the assumption that they should anticipate being charged with a crime or, at most, being charged with anything more than misdemeanor trespassing, which would not be the subject of a grand jury proceeding."

In short, there was insufficient evidence that these defendants foresaw a grand jury proceeding into their conduct or that their actions would likely affect such a proceeding.

### C. DOCTRINE OF CORPUS DELICTI

Corpus Delecti under Federal criminal law requires that a prosecution cannot rely only on a statement or a confession without more to obtain a conviction. The corpus delicti – the actual facts constituting the offense – must be corroborated by evidence beyond merely the defendant's (alleged) confession alone. Specifically, evidence must be proven sufficient to establish beyond a reasonable doubt that the crime actually occurred and the defendant is culpable, not merely that a person has made a comment by itself.

> … we feel bound upon a subject touching so materially liberty, and in many cases life itself, and especially in the criminal law where justice requires equality of treatment in respect of trial procedure and proof, to

> give weight to the findings of the National Commission, and to follow in adopting a rule for this jurisdiction the rule of the great majority of the courts in the United States *that there can be no conviction of an accused in a criminal case upon an uncorroborated confession*, and the further rule, represented by what we think is the weight of authority and the better view in the Federal courts, that *such corroboration is not sufficient if it tends merely to support the confession*, without also embracing substantial evidence of the corpus delicti and the whole thereof. . . .

*Forte v. United States*, 94 F.2d 236, 240, 127 A.L.R. 1120 (D.C. Cir. 1937) *(emphases added)*.

Thus, Harrelson's vague message even if it were clear cannot be used to convict him of the crime charged under Count IX. The Government must prove the crime beyond a reasonable doubt as to the fundamental actions of the crime charges. The Government did not do this nor attempt it. Specifically, again, where there any documents or records at any time? Were any documents or records ever deleted? Were any documents or records deleted with the requisite intent to make them unavailable for an official proceeding? None of those crucial facts of the *corpus delicti* were even touched upon by the Government.

### D. COUNT IV IS DUPLITIOUS OF COUNT III AND NOT VALID

Defendant Harrelson was also charged under Count IV of the Eighth Superseding Indictment issued by the Grand Jury on June 22, 2022, (though labeled merely as "Indictment" after the case was split from 1:21-cr-00028 into 1:22-cr-00015), with a violation of "Conspiracy to Prevent an Officer from Discharging any Duties" in violation of 18 U.S.C. 372.

However, Count IV is duplitious and redundant of Count III. As the Government has limited Count III to only the Joint Session of Congress and no other official proceeding and has limited Count IV to only Members of Congress performing their duties, both explicitly alleged to have been at the same time on the same day January 6, 2021, Defendant Harrelson cannot be convicted of both Count III and Count IV. As the Court has jurisdiction and the prosecution has

7

authority only to prosecute what was alleged in the operative Indictment, Counts III and IV become the same charge as alleged in the Indictment. The operative Indictment explicitly limits Count IV to preventing Members of Congress – and no other officer – from discharging their duties. Therefore, Count IV is merely duplicative of Count III.

Count IV makes specific reference to the factual allegations of Paragraphs 1 through 13 and 18 through 134. None of those allegations, however, even allege that Defendant Harrelson obstructed anything in any way or intended to do so. Certainly there was no evidence presented, at any standard of proof, of any of the elements of the alleged crime being committed by Defendant Harrelson.

The Government suffered a failure of proof under Count IV. Despite apparent jury confusion or rushing in haste or horse-trading during deliberation, there was no evidence presented in the record sufficient to convict Harrelson under Count IV f the Indictment. An order of Acquittal is mandatory.

Count IV alleges in toto:

> 140. From in and around December 2020, through in and around January 2021, in the District of Columbia and elsewhere, the defendants
>
> > **ELMER STEWART RHODES III**
> > **KELLY MEGGS**
> > **KENNETH HARRELSON**
> > **JESSICA WATKINS**
> > **ROBERTO MINUTA**
> > **JOSEPH HACKETT**
> > **DAVID MOERSCHEL**
> > **THOMAS CALDWELL and**
> > **EDWARD VALLEJO**
>
> did knowingly conspire and agree together and with each other to prevent by force, intimidation, and threat, any person, that is Members of the United States Congress, from discharging any duties of any office, trust, and place of confidence under the

8

>United States, and to induce by force, intimidation and threat, any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed.

However, the evidence presented at trial was an amazing and surprising, total repudiation of the prosecution's theories. Every single witness – whether called by the prosecution or the Defendants were in 100% perfect agreement that there was never any plan to obstruct Members of Congress or any hearing or activity on or about January 6, 2021. Even the Government's own witnesses shot down the prosecution's theories (except witnesses who were called for other purposes and would have no knowledge on the subject).

The complete rejection of the Government's case by each and every relevant witness, without exception, was astonishing. So thorough was the evidence that the Defendants had no plan and no intent to prevent any Member of Congress from performing their duties that it is evident the prosecution stopped calling Defendants who had pled guilty. The testimony of even those who had pled guilty was backfiring against the prosecution so severely that the Government never called witnesses that they had said they would call.

Indeed, so complete was the collapse of the prosecution's case at trial, that the prosecution was left trying to confuse the jury into believing that the conspiracy was formed only seconds before Harrelson was shoved by the crowd into the U.S. Capitol building at the East Rotunda Doors / Columbus Doors, without words being spoken, by some imagined "knowing" glance among the Defendants. Not only is such an idea lacking in credibility but such a non-verbal conspiracy obviously suffers from a total lack of detail. There would be no possibility of proving beyond a reasonable doubt what the conspiratorial agreement agreed upon, what was its objectives,

The Government is fond of trying to salvage defective claims of a conspiracy by quoting that the best measure of what conspirators agreed to is what they actually did.

So what did these Oath Keeppers actually do?

The Defendants entered the Rotunda, prayed in a circle, admired the artwork, took photographs, scattered in various small groups, wandered in unfocused, uncoordinated, unplanned pathways and left the U.S. Capitol building in a short time through different exits, at different times, separated from one another.  What then do we learn from the Government's maxim of looking at what the Defendants actually did?  Apparently that the Defendants entered into a last-minute, unspoken conspiracy by a knowing glance to take selfie photographs inside the U.S. Capitol and then leave separately and uncoordinated.

But the prosecution failed to produce any competent evidence as to any aspect of the criminal charge with regard to Defendant Harrelson.  None of the elements of the crime were proven beyond a reasonable doubt and with regard to Harrelson there was no probative evidence presented of any of the elements of the charged crime.  There was no evidence presented at all, much less evidence proving guilt beyond a reasonable doubt.

No evidence was presented at all that Harrelson ever intended, contemplated, considered, thought about or entered into any idea about inducing by force any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed.

No evidence was presented at all that Harrelson ever intended, contemplated, considered, thought about or entered into any idea about inducing by intimidation any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed.

No evidence was presented at all that Harrelson ever intended, contemplated, considered, thought about or entered into any idea about inducing by threat any officer of the United States, that is, Members of the United States Congress, to leave the place where their duties as officers were required to be performed.

## IV. CONCLUSION

The Defendant requests this Court to grant this Motion and such other relief as may be deemed just.

Dated:  January 24, 2023

RESPECTFULLY SUBMITTED
KENNETH HARRELSON, *By Counsel*

/s/ Brad Geyer

Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

11