```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )      CR No. 22-15
                                    )      Washington, D.C.
        vs.                         )      November 10, 2022
                                    )      11:00 a.m.
ELMER STEWART RHODES III, ET AL.,   )
                                    )      Day 28
            Defendants.            )
_____)


         TRANSCRIPT OF JURY CHARGE CONFERENCE PROCEEDINGS
            BEFORE THE HONORABLE AMIT P. MEHTA
                 UNITED STATES DISTRICT JUDGE




APPEARANCES:

For the Government:             Kathryn L. Rakoczy
                                Jeffrey S. Nestler
                                Alexandra Hughes
                                Louis Manzo
                                Troy Edwards
                                U.S. ATTORNEY'S OFFICE
                                601 D Street, NW
                                Washington, D.C. 20579
                                (202) 252-7277
                                Email:
                                kathryn.rakoczy@usdoj.gov
                                Email:
                                jeffrey.nestler@usdoj.gov
```

APPEARANCES CONTINUED:

For Defendant
Elmer Stewart Rhodes III:      Phillip A. Linder
                               BARRETT BRIGHT LASSITER LINDER
                               3300 Oak Lawn Avenue
                               Suite 700
                               Dallas, TX 75219
                               (214) 252-9900
                               Email:
                               phillip@thelinderfirm.com

                               James Lee Bright
                               3300 Oak Lawn Avenue
                               Suite 700
                               Dallas, TX 75219
                               (214) 720-7777
                               Email: jlbrightlaw@gmail.com

                               Edward L. Tarpley, Jr.
                               819 Johnston Street
                               Alexandria, LA 71301
                               (318) 487-1460
                               Email: edwardtarpley@att.net

For Defendant
Jessica M. Watkins:            Jonathan W. Crisp
                               CRISP AND ASSOCIATES, LLC
                               4031 North Front Street
                               Harrisburg, PA 17110
                               (717) 412-4676
                               Email: jcrisp@crisplegal.com

```
APPEARANCES CONTINUED:

For Defendant
Kelly Meggs:                    Stanley Edmund Woodward, Jr.
                                BRAND WOODWARD LAW
                                1808 Park Road NW
                                Washington, D.C. 20010
                                (202) 996-7447
                                Email:
                                stanley@brandwoodwardlaw.com

                                Juli Zsuzsa Haller
                                LAW OFFICES OF JULIA HALLER
                                601 Pennsylvania Avenue, NW
                                Suite 900
                                S. Building
                                Washington, D.C. 20036
                                (202) 352-2615
                                Email: hallerjulia@outlook.com

For Defendant
Kenneth Harrelson:              Bradford L. Geyer
                                FormerFeds LLC
                                2006 Berwick Drive
                                Cinnaminson, NJ 08077
                                (856) 607-5708
                                Email:
                                Bradford@formerfedsgroup.com

For Defendant
Thomas E. Caldwell:             David William Fischer, Sr.
                                FISCHER & PUTZI, P.A.
                                7310 Governor Ritchie Highway
                                Empire Towers, Suite 300
                                Glen Burnie, MD 21061-3065
                                (410) 787-0826
                                Email:
                                fischerandputzi@hotmail.com
```

8248

APPEARANCES CONTINUED:

Court Reporter:                     William P. Zaremba
                                    Registered Merit Reporter
                                    Certified Realtime Reporter
                                    Official Court Reporter
                                    E. Barrett Prettyman CH
                                    333 Constitution Avenue, NW
                                    Washington, D.C. 20001
                                    (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
 1                      P R O C E E D I N G S
 2            COURTROOM DEPUTY:  Good morning, Your Honor.
 3            Please have a seat, everyone.
 4            Your Honor, this is Criminal Case No. 22-15, the
 5   United States of America versus Defendant No. 1,
 6   Elmer Stewart Rhodes III; Defendant No. 2, Kelly Meggs;
 7   Defendant 3, Kenneth Harrelson; Defendant 4,
 8   Jessica Watkins; and Defendant 10, Thomas Edward Caldwell.
 9            Kathryn Rakoczy, Jeffrey Nestler,
10   Alexandra Hughes, and Troy Edwards and Louis Manzo for the
11   government.
12            Phillip Linder, James Lee Bright, and
13   Edward Tarpley for Defendant Rhodes.
14            Stanley Woodward and Juli Haller for
15   Defendant Meggs.
16            Bradford Geyer for Defendant Harrelson.
17            Jonathan Crisp for Defendant Watkins.
18            And David Fischer for Defendant Caldwell.
19            Defendant Rhodes is appearing in person for these
20   proceedings.
21            Defendants Meggs, Harrelson, Watkins, and Caldwell
22   have had their appearances waived by counsel.
23            THE COURT:  All right.  Good morning, everyone.
24            Ms. Haller, I hope you're doing better.
25            MS. HALLER:  Thank you, Your Honor.
```

1          THE COURT:  It's good to have you back.

2          MS. HALLER:  I am.  Thank you, Your Honor.

3          THE COURT:  I debated whether to wear the robe or

4  not, but then I realized I needed it for warmth.

5          So we're here to discuss jury instructions.  I've

6  sort of reviewed the various emails and the submissions the

7  parties have made.

8          So what I suggest we do is my -- I am working off

9  of the government's clean draft that was circulated back on,

10  I think it was October 30th.

11          MR. LINDER:  You're working off the redline

12  version from our last draft?

13          THE COURT:  I'm working off the government's clean

14  version which incorporated the changes that I had said I had

15  okayed, and I think you all had okayed or at least that I

16  had ruled on and then highlighted what remained outstanding.

17  So that's what I'm working off of.

18          So does everybody have a copy of that?  If not, we

19  can get -- make sure everybody is operating, or I can send

20  you an electronic version of it.

21          MR. LINDER:  If you could send me --

22          THE COURT:  Okay.

23          Just let me know when you're ready, Mr. Linder, on

24  your side of the table.

25          (Pause)

```
 1              THE COURT:  Mr. Linder, do you have --
 2              MR. LINDER:  I have what -- she just emailed.
 3    I haven't gotten it yet.
 4              I've got it, Your Honor.
 5              THE COURT:  Okay.
 6              So as I said, working off of -- from the
 7    government's clean draft, the first issue concerned, on
 8    page 6, this was the other acts evidence instruction.
 9    I just want to put everybody on notice that we need some
10    summary of that evidence.  And as I sit here today, I can't
11    even recall what, if there is any other acts evidence.
12              MR. NESTLER:  Brief indulgence, Your Honor.
13              I think that's right.  We had filed a 404(b)
14    notice/motion in advance of trial.
15              THE COURT:  Right.
16              MR. NESTLER:  We did not introduce evidence about
17    the grenades.
18              We did have evidence about training, which I think
19    Your Honor thought was intrinsic to the conspiracy.  So that
20    would not be other acts.  And then there was some evidence
21    about Mr. Caldwell's procurement of a firearm or attempted
22    procurement of a firearm afterwards, which we also
23    thought -- I believe Your Honor established.
24              THE COURT:  I think I ruled that all of those
25    items were intrinsic to the conspiracy.
```

8252

1          MR. NESTLER:  Right.  So we don't have any other

2     acts evidence, and so we are amenable to getting rid of this

3     instruction.

4          THE COURT:  All right.  So that'll go.

5          The next matter concerned the next instruction

6     that is a proposed instruction regarding speech.  The

7     government had asked for the following to be included.  This

8     was, I think, line 3:  The First Amendment does not,

9     however, provide a right to engage in speech that is

10    integral to criminal conduct.

11         And we were together last, I expressed some

12    skepticism about that line and have looked at it a little

13    bit more carefully.  And the line comes from -- I should

14    have printed it out.

15         MR. NESTLER:  I believe it's *Alvarez*.

16         THE COURT:  *Alvarez* is just the -- it's just kind

17    of a litany of First Amendment exceptions.  It doesn't

18    really -- it's not the source of this concept.  The concept

19    comes from *Giboney versus* -- yeah, it's *Giboney versus* -- so

20    the case that is the source of that line is *Giboney*,

21    G-i-b-o-n-e-y *versus Empire Storage & Ice Co.* from the

22    Supreme Court, 336 U.S. 490, from 1949.

23         And that's a case that, if memory serves, involves

24    a civil conspiracy in violation of a Missouri law that about

25    picketing and the like.

8253

1              MR. CRISP:  Judge, can you give me the citation

2    again.  I'm sorry.

3              THE COURT:  Sure.  It's 336 U.S. 490.

4              MR. CRISP:  Thank you.

5              THE COURT:  And it's a similar case to this one in

6    the sense that it involved a conspiracy, if memory serves.

7    Yeah.

8              And in the context of that, the court was sort of

9    confronted with the question of, you know, what -- part of

10   what the defendants in that case were alleged to have done

11   was use speech, essentially, to intimidate others.

12             Bear with me, everybody.

13             So let me just read from the case and how this

14   arises.  In *Giboney*, what the Court says is:

15             "Third, it's contended that the injunction against

16   picketing adjacent to Empire's place of business is an

17   unconstitutional abridgment of free speech because the

18   picketers because the picketers were attempting peacefully

19   to publicize truthful facts about a labor dispute.

20             "The record here does not permit this publicizing

21   to be treated in isolation.  For according to the pleadings,

22   the evidence, the findings, and the argument of the

23   appellants, the sole immediate object of the publicizing

24   adjacent to the premises of Empire, as well as the other

25   activities of the appellants and their allies, was to compel

1    Empire to agree to stop selling ice to nonunion peddlers.

2    Thus all of the appellants' activities -- their powerful

3    transportation combination, their patrolling, their

4    formation of a picket line warning union men not to cross at

5    peril of their union membership, their publicizing --

6    constituted a single and integrated course of conduct, which

7    was in violation of Missouri's valid law.  In this

8    situation, the injunction did no more than enjoin an offense

9    against Missouri law, a felony."

10          The Court then says, "It has rarely been suggested

11   that the constitutional freedom for speech press extends its

12   immunity to speech or writing used as an integral part of

13   conduct in violation of a valid criminal statute.  We reject

14   that contention now.  Nothing that was said or decided in

15   any of the cases relied on by the appellants calls for a

16   different holding."

17          That concept of speech integral to criminal

18   violation has sort of come forward a little bit.  It

19   actually hasn't been used that much in the Supreme Court

20   jurisprudence.  At most, it sort of appeared most often, for

21   example, recently in a -- I can't remember the name of the

22   case -- it's *Bryant*, I think.  In any event, a case

23   involving child pornography in which the Court said, Look,

24   while this is -- while it's argued, the notion of having

25   pornographic material is protected.  That protection

8255

```
 1    doesn't -- ordinary protection doesn't make a child
 2    pornography statute unconstitutional because the speech
 3    there is integral to the very crime itself.
 4           And so I think I actually am going to include the
 5    language that the government has requested because it is an
 6    accurate statement of the law and it is an accurate
 7    statement of the law in the context of conspiracies.
 8           And I think there's enough in this paragraph that
 9    offsets that language in a way that makes clear to the jury
10    that, you know, mere speech here is not what can be the
11    basis of a conviction.  So I've kind of revisited that
12    thinking, and I will include that line in that paragraph, in
13    that instruction.
14           All right.  So next is the proposed instruction
15    regarding firearms.  And what I had said was -- or where we
16    left things off was that I would get back to you what I
17    thought was a more appropriate instruction without sort of
18    descending into the difficulties presented by the Second
19    Amendment.
20           So here's what I propose.  You have heard evidence
21    that some defendants and other individuals possess firearms.
22    No defendant in this case is charged with violating a
23    federal or state law merely for possessing a firearm.  You
24    may not infer that a defendant had a predisposition to
25    engage in criminal conduct simply because he or she
```

1    possessed firearms.  You may, however, consider this

2    evidence as circumstantial proof that a defendant planned to

3    do something unlawful.

4         MR. NESTLER:  Respectfully, Your Honor, we would

5    prefer the language that the parties had come up with

6    initially, because the sentence, "The second amendment does

7    not, however, provide a right to possess or use firearms to

8    commit a crime, including to further a conspiracy,"

9    we believe that is important.  That is a sentence that the

10   parties had gone back and forth on and was included as part

11   of the joint proposal.

12        And we believe if Your Honor is inclined to

13   provide this instruction, which we've already said we don't

14   believe is inappropriate at all, that if Your Honor wants to

15   provide the instruction -- and we understand that's the

16   case -- we would prefer the language as the parties have

17   jointly submitted it.

18        THE COURT:  Sure.  This is what I've suggested.

19        MS. HALLER:  Can you repeat this?

20        THE COURT:  You have heard evidence that some

21   defendants and other individuals possessed firearms.  No

22   defendant in this case is charged with violating a federal

23   or state law merely for possessing a firearm.  You may not

24   infer that a defendant had a predisposition to engage in

25   criminal conduct simply because he or she possessed

```
 1    firearms.  You may, however, consider this evidence as
 2    circumstantial proof that a defendant planned to do
 3    something unlawful.
 4              MR. WOODWARD:  We don't agree.  The defense
 5    counsel --
 6              THE COURT:  You among yourselves don't agree,
 7    right?
 8              MR. CRISP:  Yeah.  We don't, Judge.
 9              MR. WOODWARD:  I like your version better.
10              MR. CRISP:  Read the second sentence again, Judge.
11    The second sentence you read is different than, obviously,
12    that version.
13              THE COURT:  Sure.  I'll read it one more time.
14              You have heard evidence that some defendants and
15    other individuals possessed firearms.  No defendant in this
16    case is charged with violating a federal or state law merely
17    for possessing a firearm.  You may not infer that a
18    defendant had a predisposition to engage in criminal conduct
19    simply because he or she possessed firearms.  You may,
20    however, consider this evidence as circumstantial proof that
21    a defendant planned to do something unlawful.
22              MR. CRISP:  I'll switch sides, Judge.  I'm going
23    with you.
24              MR. FISCHER:  I'll go with you, Your Honor.
25              MR. LINDER:  I prefer your version that doesn't
```

 1    address the second amendment issue, which could be

 2    confusing.

 3              THE COURT:  Okay.

 4              I'll then include the instruction as is, as I've

 5    written it, because -- the reason I have not -- I don't want

 6    to include Mr. Nestler's line that he's requested, that is,

 7    "The Second Amendment does not, however, provide a right to

 8    possess or use firearms to commit a crime, including to

 9    further a conspiracy," for two reasons.

10              One, it then requires the prior line, which

11    I think creates this difficulty of fashioning language that

12    accurately reflects what the second amendment provides,

13    which seems to change, depending upon the term of the

14    Supreme Court.

15              And I think the concept is already conveyed in the

16    last line of the instruction, which is that you can consider

17    this as circumstantial proof that the defendant planned to

18    do something unlawful.

19              MR. NESTLER:  So, respectfully, Your Honor, the

20    defendants proposed this instruction because they wanted to

21    take out second amendment concepts.  The instruction

22    Your Honor just read does not include the words

23    "second amendment."

24              THE COURT:  Right.

25              MR. NESTLER:  And so two points on that.

1       One is I think, then, therefore, neither of the

2  parties should be able to reference the second amendment in

3  closing because it's not going to be part of the

4  instructions, which is, I thought, why the defense had

5  proposed this instruction in the first place.

6       But the second point of that is that all

7  Your Honor is saying here is captured elsewhere in the

8  instruction.  So if we're not addressing the

9  Second Amendment, Your Honor is telling the jury what the

10  defendants are not charged with.

11       We think that's a little unusual.  The jury sees

12  the charges.  They see the elements of the charges.  Telling

13  the jury the defendants are not charged with these certain

14  crimes, in some sense, is confusing and irrelevant to

15  the jury.

16       They know what the charges are.  I don't think

17  it's appropriate to tell them what the charges are not.  So

18  that's why we had settled -- and go back to this, that's why

19  the parties had settled on this as the joint proposed

20  instruction to address the Second Amendment.

21       THE COURT:  All right.  Well, I guess the bottom

22  line for me is this.  I would rather avoid anything that has

23  the Second Amendment in it.  If you all would like that to

24  be in there as a basis for some instruction, I'm not

25  inclined to include it.  The reason I brought -- I thought

1    we wanted to have something like this or at least the

2    thought was that, look, nobody on the jury should be

3    confused that mere possession in this case in and of itself

4    is criminal conduct.

5           And it does not get into the question of whether

6    anybody is licensed or not licensed.  I have no idea whether

7    any of that is true or not.  This simply just says that they

8    are not charged with mere possession in violation of any

9    federal or state law, period.  End of story.

10          So to the extent that anybody might hold -- to the

11   extent anybody may be thinking that, I think this disabuses

12   them of that notion.  You're right, they will be told what

13   the charges are, and they won't see this.  But I think this

14   makes it abundantly clear that they cannot go back there and

15   think, look, they possessed some guns, therefore they must

16   be guilty.

17          MR. NESTLER:  I mean, I defer to the defense if

18   they wanted the Second Amendment in there, that's why they

19   proposed the instruction.  If they don't want the Second

20   Amendment in there, we would again submit that it's not

21   appropriate to say what they're not charged with.  There's

22   lots of things they're not charged with.

23          For instance, the defendants' counsel has said

24   several times, These defendants are charged with planning to

25   storm the Capitol.  They are not charged with that, and so

1    we're not asking the Court to provide instruction, They're

2    not charged with planning to storm the Capitol.  There are

3    lots of things that the parties have argued in opening and

4    might argue in closing, and I think that would be

5    inappropriate for us to just argue, That's not what they're

6    charged with.

7              Telling the jury that someone is not charged with

8    something, I mean, there's lots of criminal statutes out

9    there, but we don't believe is necessary, and I think --

10   I'll leave it with that.  The instruction that was crafted,

11   we think, would be satisfactory if we're talking about the

12   Second Amendment.  If we're not talking about the Second

13   Amendment, we don't think it's necessary at all, and it's

14   probably more confusing and irrelevant.

15             THE COURT:  Okay.  What's the defense view of

16   this?  Ms. Haller, you can stay there.  There's mics at the

17   tables so you don't need to -- oh, I didn't know if you

18   were --

19             MS. HALLER:  I was going to confer.

20             THE COURT:  Oh, okay, sorry, I thought you were

21   coming up to the podium.

22             MS. HALLER:  No.  I just wanted, with the Court's

23   indulgence, just a moment.

24             (Pause)

25             MR. FISCHER:  Your Honor, Mr. Nestler's compelling

1   argument has made the defense team change our mind.  We

2   would agree with Mr. Nestler and we would like to keep the

3   original language; however, if the Court is not inclined, we

4   would settle for what the Court also suggested, also.

5          MR. NESTLER:  Thank you.

6          MR. LINDER:  We rarely agree with the government,

7   but we will this time.

8          THE COURT:  Okay.  I mean, if everybody is on

9   board with the original proposal, then it's okay by me.

10         I mean, you know, I think with the caveat that

11  everybody understands what -- both the government and

12  defense counsel, that any references to the Second Amendment

13  in closings will be constrained to what the instruction

14  says.

15         MR. LINDER:  Yeah.

16         THE COURT:  Okay.  All right.  So we'll restore it

17  to its original form.  Okay.

18         All right.  Next thing that I had was on pages 10

19  and 11.  This concerns the conspiracy instruction, the sort

20  of competing conspiracy instructions, so -- the existence of

21  the conspiracy instruction.

22         I am inclined -- I've seen what the government has

23  presented, and I agree that there are instances where courts

24  have provided some of the language that the government has

25  suggested, in particular, the suggestion that the only

1    evidence that may be available with respect to the existence

2    of a conspiracy is that -- and then later on it says -- or

3    suggested it is rare that a conspiracy can be proven by

4    direct evidence of an explicit agreement.  Also, "Common

5    sense tells you that when people agree to enter into a

6    conspiracy, much is left to" be unexpressed -- "much is left

7    to unexpressed understanding."

8              It's true that those concepts are included in

9    other instructions, but I find them too heavy-handed.

10   And -- Mr. Linder.

11             MR. LINDER:  We're going to be seeking -- also

12   this affects the discussion here on multiple conspiracy

13   instruction.

14             THE COURT:  Okay.  I mean, there's --

15             MR. LINDER:  I don't know if that affects the

16   discussion at this point.

17             THE COURT:  I don't think so.

18             MR. LINDER:  All right.

19             THE COURT:  So the defense proposal I'm inclined

20   to agree with it and we'll use that proposal, which is

21   straight out of the Third Circuit's model instructions,

22   which --

23             MR. NESTLER:  We understand, Your Honor.

24             So the -- we understand Your Honor's point.  There

25   were two different concepts, we think, from our proposed

1  instruction that we thought were important to get out, and

2  whether they can be folded into the defense's proposed

3  instruction, we would appreciate it.

4          First is on the first page, on page 10, the word

5  "implicitly," we think that phrase comes straight from other

6  model instructions in other cases.  It's in the first

7  sentence for the proposal.  And I know the defendants'

8  proposed instruction uses the phrase "either spoken or

9  unspoken."  We think it's important to have that phrase of

10 "implicit understanding."  It does not need to be explicit.

11         And that is -- that goes hand in hand with the

12 second point we think is important, which is the unexpressed

13 understanding, which is the sentence you just read, "Common

14 sense tells you that when people enter into a criminal

15 conspiracy, much is left to unexpressed understanding."

16         We think those concepts are hand in hand and that

17 they ought to be included in the instruction, if they can be

18 folded in.  I understand Your Honor's point about

19 heavy-handedness and common sense tells you that.  We're

20 happy to rephrase that sentence.

21         A conspiracy may be proven by -- or a conspiracy

22 can be formed by unexpressed understanding or an implicit

23 agreement, something along those lines, which is neutral but

24 does capture those two related concepts which we think are

25 very important, especially in this case.

8265

1          MS. HALLER:  I think, respectfully, that would

2     dilute the idea of knowing and intentional, knowingly and

3     intentionally, purposefully, you know, I think it dilute the

4     idea of what's very relevant, which is beyond a reasonable

5     doubt, you have to show knowing and intent, you know,

6     intentional conduct.

7          MR. NESTLER:  And we believe that is the law and

8     that should be in the instruction.  So if Your Honor wanted

9     to in the second sentence of the defense's proposal after

10    the clause "either spoken or unspoken," there could be

11    another clause, "either expressed or implied," we think

12    would be -- it would work --

13         THE COURT:  What if we just took out the words

14    "spoken or unspoken" and substitute it with "explicitly or

15    implicitly"?

16         MR. FISCHER:  Your Honor, we would be opposed to

17    that.  I think the words "either spoken or unspoken" speak

18    for themselves.  I think it gets the same point across.

19         And actually I think "unspoken" might be broader

20    than "implicit."

21         MR. WOODWARD:  I think it's more than that,

22    Your Honor.  I think that what we're dealing with here is --

23    can you hear me, Will -- obviously this is going to be a

24    central issue in this case, given what we've now seen in the

25    presentation of evidence.  And the government is clearly

8266

```
 1   wanting to argue in summation that these folks implicitly
 2   agreed to seditious conspiracy, and the jury needs to
 3   clearly understand that conspiracy is a very technical legal
 4   concept.
 5            And so to add here for the first time language
 6   that's not previously been used in a jury instruction
 7   sets -- in a jury instruction concerning a conspiracy, in
 8   the elements of conspiracy, what is the agreement and how is
 9   the government required to prove beyond a reasonable
10   doubt --
11            THE COURT:  Yeah, but what's your -- I mean,
12   do you disagree with the first paragraph of the government's
13   proposal which is, "To show that a conspiracy existed, the
14   evidence must show beyond a reasonable doubt that two or
15   more persons in some way or manner either explicitly or
16   implicitly came to an understanding to accomplish an
17   unlawful plan."
18            And all I'm suggesting is that in your
19   instruction, that instead of saying "spoken or unspoken," we
20   plug in "explicitly or implicitly."
21            MR. WOODWARD:  I think the definition of
22   "explicitly or implicitly" leaves room for interpretation
23   versus "spoken or unspoken" which is a much more --
24            THE COURT:  So do you disagree with the statement
25   of the law in the first paragraph the government has
```

8267

```
 1    proposed?
 2            MR. WOODWARD:  Yes, I do.  I think that
 3    implicitly --
 4            THE COURT:  Even though that's reflected
 5    throughout the conspiracy jurisprudence, that a conspiracy
 6    doesn't have to be explicit, it can be an implicit
 7    conspiracy or an implicit agreement?
 8            MR. WOODWARD:  The conspiracy can be an implicit
 9    agreement but --
10            THE COURT:  Right.
11            MR. WOODWARD:  -- now we're going down the path of
12    explaining exactly what "implicitly" means, and we're not
13    defining "implicitly" for the jurors with regard to these
14    conspiracies.  "Spoken or unspoken" it's just -- it's
15    cleaner, it's clearer.
16            THE COURT:  Well, I'm not sure I agree with that,
17    but it, you know -- frankly, I'm not sure there's much
18    daylight between the two of them in any event.
19            MR. FISCHER:  Well, Your Honor I'm also concerned
20    because one of the cooperators in this case, Mr. Young, in
21    testimony that seemed, I don't know, fairly, you know, I
22    don't know, prescient, according to Mr. Crisp, you know,
23    used the term "implicit" to describe what was happening, and
24    that's basically testifying to an ultimate issue in trial.
25            THE COURT:  Well --
```

8268

```
1              MR. FISCHER:  And --

2              MR. CRISP:  We should have objected to it had we

3    realized this was going to be a part of that instruction

4    because it goes to --

5              THE COURT:  I'm not sure he was testifying to an

6    ultimate issue.  But, I mean, you also asked the same

7    question on cross-examination of Mr. Greene.  So it's not as

8    if the concept was only brought up through --

9              MR. NESTLER:  Direct examination of Mr. Greene,

10   I should point out.

11             THE COURT:  Yeah, I can't remember --

12             MR. NESTLER:  No --

13             THE COURT:  You're right, it was direct

14   examination of Mr. Greene.  Right.  So, you know, that

15   question was -- that notion was also elicited by the

16   defense.

17             All right.  Look, I'll -- we're going to

18   substitute the terms.  I'll take a look, I just want to

19   confirm that that is -- let me just confirm it, that there's

20   some D.C. case law that reflects it, I'm sure there is, but

21   I want to just be confident of that.  And so I'll -- instead

22   of "spoken or unspoken," I'm happy to -- we'll substitute

23   "explicit or implicit."

24             MR. NESTLER:  Thank you, Your Honor.

25             And just for the record, we would also appreciate
```

```
 1    the phrase "unexpressed understanding," which comes from
 2    that same paragraph which is drawn from other conspiracy
 3    instructions.  I believe it was also from Abdur Rahman.
 4              THE COURT:  Right.
 5              So I think that, too, is a little heavy-handed.
 6    And you can argue what you want as to what "implicit" means
 7    but I'm not going to -- I don't think it's appropriate to
 8    include the concept in the jury instruction.
 9              MR. NESTLER:  Understood.
10              Yeah, and just to be clear, we're not asking
11    necessarily for the sentence that common sense tells you,
12    though that has been provided elsewhere.
13              We're asking for the concept that a conspiracy
14    could include unexpressed understanding.
15              THE COURT:  Well, then we should go to unspoken.
16              MR. NESTLER:  We think they're all appropriate.
17              To the defense's point, we're okay with spoken or
18    unspoken, explicit or implicit.  Like, the more words here
19    is, I think, helpful to the jury, rather than less and might
20    go to Mr. Woodward's point of helping to give the jury
21    something else to look at.
22              We're okay with spoken or unspoken, explicit or
23    implicit.
24              MR. WOODWARD:  No, thank you.  We don't want to
25    give the jury more ways to find that there was a conspiracy
```

 1    that had not been discussed, was not in writing, you know,

 2    that there was -- "Was there a meeting of the minds here?"

 3    is what they have to find.

 4            And, sure, they don't have to speak about it to

 5    form the conspiracy, but this -- the conspiracy as alleged

 6    is a very significant event, and obviously the idea that

 7    these folks reached that agreement without ever speaking

 8    about it is going to be a crucial issue for the jury.

 9            There's no evidence that -- well, defense

10    counsel's view, there's no evidence, you know, that there

11    was any writing or other discussions about an objective to

12    go into the building or stop the certification.  And so the

13    government has to rely on this implicit language in

14    this case.

15            THE COURT:  Sure.  But that's been the case from

16    the get-go.  That doesn't -- it's not news to anybody.

17    Their theory has never been that it was written down or that

18    it was spoken about.  It's never been the theory from the

19    get-go.

20            Look, I'll leave it as it is for now.  I'll give

21    it some more thought.  But I think just leave it as explicit

22    or implicit, gives both sides plenty to argue from and

23    highlight however you wish in closings.  So I'll leave it

24    that way for now.  And, frankly, it doesn't deviate too much

25    from the standard jury instructions which, to me, is

```
1    preferable, okay?
2              MR. CRISP:  Your Honor, our understanding is we're
3    going predominantly with the defense proposal.  We're not
4    using certainly the language --
5              COURT REPORTER:  I didn't hear that last part.
6              MR. NESTLER:  He used the word "penultimate."
7              MR. CRISP:  In the second-to-last sentence in the
8    government's paragraph, there's a -- we're not using that
9    sentence.
10             THE COURT:  So the bottom line is we're not using
11   anything of the government's proposal except for
12   substituting "explicitly or implicitly" for "spoken or
13   unspoken."  But, otherwise, the defense's proposal is what
14   we will use.
15             All right.  So then the next contention concerns
16   success or what is titled "Success is Irrelevant."  There's
17   no objection to the first paragraph.
18             The government has proposed some softer language
19   for the second paragraph, which would now read:  Proof
20   concerning the accomplishment of the object of a conspiracy
21   may be evidence of the existence of the conspiracy itself;
22   in other words, success in carrying out an act, if you
23   believe it was carried out, may be proof of the agreement.
24   But as I just said, it is not necessary that a conspiracy
25   actually can succeed in its purpose for you to conclude that
```

1    it existed.

2            Any concerns about that modification?

3            MS. HALLER:  The original, Your Honor, it does not

4    matter whether the persons who formed the agreement actually

5    carried out their plans or whether the agreement ultimately

6    was successful.

7            THE COURT:  That stays in.  This would be the

8    second paragraph under that subheading.

9            MS. HALLER:  Right.  No.  Understood, Your Honor.

10   I'm just --

11           MR. LINDER:  I don't think we need the second

12   paragraph, Your Honor.

13           THE COURT:  Okay.

14           All right.  Look, I think with the softened, it's

15   appropriate.  It's balanced.  It's accurate.  What bothered

16   me about it was words like "of course."  The most persuasive

17   evidence, I thought, were too heavy-handed and went too far

18   in telling the jury how to weigh the evidence, and I didn't

19   think that was appropriate.

20           I think as softened -- or this language, I think,

21   is more appropriate.  So we'll include it as the government

22   has proposed.

23           All right.  The next issue concerns the definition

24   of or whether -- what to do with the seditious conspiracy

25   definition section.  Mr. Fischer sent an email last night

 1   protesting the language that was otherwise included.

 2            I want to put that to the side -- oh, did you not

 3   get it?

 4            MR. NESTLER:  No.

 5            THE COURT:  I only got it from JC, so I just

 6   assumed you all got it.

 7            COURTROOM DEPUTY:  Oh.

 8            THE COURT:  Mr. Fischer, did they receive your

 9   missive from yesterday?

10            COURTROOM DEPUTY:  I can forward it to

11   counsel now.

12            MS. RAKOCZY:  Thank you.

13            THE COURT:  All right.  Well, look, I think the

14   bottom line is, this has taken them all by surprise, so they

15   didn't get it.

16            MR. FISCHER:  Your Honor, I apologize.

17            THE COURT:  No, no.  That's okay.

18            Look, I was going to put this to the end anyway.

19   And, frankly, we may need to carry it over to another day in

20   particular since the government hasn't seen it.  So I was

21   going to propose that we skip over the issue in any event

22   and all the more reason to do so now.

23            All right.  So the next issue is on page 18 and

24   concerns whether there should be a unanimity instruction as

25   to the laws that are alleged to have been impeded as part of

1    the seditious conspiracy charge.  And I continue to believe,

2    and I think it's accurate to not provide the unanimity

3    instruction.

4           The case the government cited, *United States*

5    *versus Hurt*, from the D.C. Circuit, 527 F.3d, 1347, says

6    that -- essentially sort of interpreting the Supreme Court

7    decision called *Schad versus Arizona*, S-c-h-a-d, versus

8    Arizona, 501 U.S. 624, in which the Justices essentially

9    agreed that the unanimity instruction is not required when

10   multiple means of committing the offense are alleged.  And

11   in particular, the Circuit had suggested in an earlier case

12   of *Mangieri*, M-a-n-g-i-e-r-i that a trial court should

13   sua sponte give a special unanimity instruction when one

14   charge encompasses two separate incidents.

15          And so if you read through *Hurt* and some of the

16   cases it relies on, including *United States versus Kayode*,

17   K-A-Y-O-D-E, 254 F.3d 204, and the *United States versus*

18   *Harris,* 959 F.2d 246, both of which are from the

19   D.C. Circuit, it's pretty clear that identifying multiple

20   means of committing an offense does not require a unanimity

21   instruction.

22          MR. LINDER:  How is this affected if we get a

23   multiple conspiracy charge?

24          THE COURT:  Well, the multiple conspiracy

25   instruction would convey a different concept, which is that

```
 1    the conspiracy that's charged -- to the extent that there is

 2    a conspiracy here, it's different than the one that's

 3    charged.

 4              MR. LINDER:  Sure, correct.

 5              THE COURT:  And I assume what you're meaning is

 6    that perhaps, you know, what you heard -- the government's

 7    charged this overarching conspiracy; you know there wasn't

 8    one; and here's why.  To the extent there was a conspiracy

 9    or people were acting in concert, you heard it was done not

10    together, but it was siloed.

11              I assume that's what you're going to argue, right?

12              MR. WOODWARD:  Yes.

13              THE COURT:  There was the Caldwell/North Carolina

14    folks and then -- right?

15              I mean, I don't think that affects the multiple

16    conspiracies instruction at all.

17              MR. LINDER:  Okay.

18              MR. CRISP:  Your Honor, I would ask, if I may jump

19    in before you go too far down, that you look at -- there's

20    two cases, both Third Circuit.  959 F.3d 281, that's

21    United States versus Cartwright.  And, again, that's --

22    I'm sorry -- 359 F.3d 281.  359 F.3d 281.

23              And then there's United States versus Idowu,

24    157 F.3d 265.  157 F.3d 265.

25              There, the quoted language that I have is that one
```

 1    of the requisite elements the government must show in a

 2    conspiracy case is "The alleged conspirators shared a 'unity

 3    of purpose,' the intent to achieve a common goal, and an

 4    agreement to work together toward the goal."

 5            To sustain a conviction for conspiracy, the

 6    government must put forth evidence "tending to prove that

 7    the defendant entered into an agreement and knew that the

 8    agreement had the specific unlawful purpose charged."

 9            So I would ask that be part of that instruction.

10            THE COURT:  Well, that concept is contained in the

11    general conspiracy instruction.  And what we're talking

12    about now is whether we need a special unanimity instruction

13    that says, In order for you to find the defendants guilty,

14    you must all agree that they committed -- or that they

15    intended to prevent or conspired to prevent and hinder or

16    delay a particular law, one of the three that's identified?

17    Or I think what Mr. Fischer has suggested is that all three

18    of them.

19            And what I'm saying to you is, I don't think the

20    unanimity instruction is required for that purpose.  We've

21    got one set of actions all directed at one concept, which is

22    the execution of the laws of the United States.

23            And the fact that there are multiple laws, I don't

24    think there's any problem whether four jurors think it's the

25    12th Amendment, another four think it's Article II, and

8277

```
 1    another four think it's Title III, Section 15.  I don't
 2    think that's a problem.
 3              MR. WOODWARD:  No.  I agree with the way
 4    Your Honor has characterized that, actually.  You understand
 5    Mr. Fischer's issue succinctly.
 6              I think, really, the unanimity comes up if the
 7    government's argument is that there can be a broader --
 8    Mr. Fischer's request is to narrow the scope of what
 9    seditious conspiracy applies to and using that second piece
10    of the statute.
11              If, instead, the government is going to argue that
12    there can be this broader concept of interference with a
13    governmental action --
14              THE COURT:  Well --
15              MR. WOODWARD:  -- now we've opened the door to the
16    jury --
17              THE COURT:  Let's pause.
18              That concept is with respect to the first part of
19    the conspiracy, right?
20              MR. WOODWARD:  Correct.
21              THE COURT:  That we're tabling for a moment.
22              This has to do with the execution of the laws.
23              Mr. Fischer is correct that the government could
24    not get up before the jury and say, Oh, you know, here's
25    some other law or other constitutional provision that was
```

1   also, you know, hindered, prevented, or delayed.

2          MR. WOODWARD:  I agree with the Court.

3          THE COURT:  So that's where the constructive

4   amendment issue comes in, which is, you know, that the facts

5   support a crime, but a crime that's not charged in the

6   indictment.

7          And all I'm simply saying is that there's no

8   unanimity requirement that the jury conclude -- all they

9   need to conclude is that there was an agreement, that the

10  parties shared in that agreement, and that here's what the

11  agreement was.  They don't need to -- or what the general

12  outline was of the agreement.  They don't need to agree that

13  these were the particular statutes or constitutional

14  provisions.

15         MR. WOODWARD:  Article II, Amendment 20,

16  et cetera?

17         THE COURT:  Right.

18         MR. WOODWARD:  I understand the Court.

19         THE COURT:  All right.

20         Then on page 19, the government had requested some

21  language:  Indeed, just as participants in a legitimate

22  business venture may be unaware of details or disagree about

23  details and still be working together to make a profit, so,

24  too, participants in a criminal venture may be unaware of

25  details or disagree about details and still be working

1    together to further unlawful purpose.

2         You know, I'm not going to include it.  I think

3    that concept is already captured in what we've talked about,

4    explicit versus implicit agreements.

5         I think the statute says -- excuse me.

6         The instruction clearly says that:  Not everybody

7    must know the details of the plan.  In fact, the details of

8    the plan don't need to be fleshed out fully for there to be

9    a conspiracy.

10        And I think this just -- you know, any time you're

11   including analogies to some other, particularly unlawful

12   venture, I think it's inappropriate.  So I'm not going to

13   include that.

14        MR. NESTLER:  That's fine, Your Honor.

15        Just to be clear, this still is a legitimate

16   statement of the law, so we're allowed to argue this

17   concept?

18        THE COURT:  Yeah, right.

19        MR. NESTLER:  I just wanted to make sure.

20        THE COURT:  Right.

21        I mean, you can draw what analogies you want, and

22   the jury will decide whether those are appropriate or not.

23        MR. NESTLER:  I just wanted to make sure that Your

24   Honor did find it was a correct statement of the law, just

25   not providing it as an instruction.

1          THE COURT:  Yeah.

2          Okay.  The next question concerned, as on page 20,

3    and this is the elements of the obstruction of an official

4    proceeding counts.  And the issue was, under the definitions

5    subheading, the government had requested, after, "The term

6    official proceeding includes a proceeding before Congress.

7    The official proceeding need not be pending or about to be

8    instituted at the time of the offense.  If the official

9    proceeding was not pending or about to be instituted, the

10   government must prove beyond a reasonable doubt that the

11   official proceeding was reasonably foreseeable to the

12   defendant."

13         The defense has objected to that.  And then that

14   last sentence, "As used in Counts 2 and 3, the term official

15   proceeding means Congress's joint session to certify the

16   Electoral College vote."

17         We had sort of left open the question of whether

18   that was an appropriate formulation.

19         So one observation, one suggestion.  One is that

20   the suggested language concerning, "The official proceeding

21   need not be pending or about to be instituted at the time of

22   offense.  If the official proceeding," et cetera, is an

23   accurate statement of the law.

24         However, I think -- I find it a little confusing

25   where it is being inserted.  And so what I suggest to you

1  all is that it actually be moved up into the elements

2  section such that the second element -- first element is,

3  "The defendant obstructed or impeded an official

4  proceeding."  Second, "The official proceeding must have

5  been either pending or reasonably foreseeable to the

6  defendant when he or she engaged in the alleged conduct."

7  That's language that comes out of -- straight out of

8  multiple Circuit Court opinions.

9         And then the other elements would just then be

10  third, fourth, and fifth.

11         MS. HALLER:  Your Honor, would you just repeat it

12  one more time?

13         THE COURT:  Sure.

14         The second element would now be, "The official

15  proceeding must have been either pending or reasonably

16  foreseeable to the defendant when he or she engaged in the

17  alleged conduct."

18         MR. LINDER:  Okay.

19         And you're wanting to move this -- limits.

20         THE COURT:  So we would take the concept that is

21  paragraph -- excuse me, sentences 2 and 3 under the subhead

22  First Paragraph Definitions and move it up into the elements

23  section to define precisely what the official proceeding

24  needs to be.

25         MR. NESTLER:  So we would oppose that change,

1    I'll -- there's a couple of reasons, but one of them is sort

2    of a structural concern, which is this the, I think, ninth

3    case in this courthouse over the past year that has -- where

4    a judge has charged the jury with a 1512(c)(2) violation,

5    and I believe all of the other cases have used the same

6    formulation as it exists now.  We don't believe it would be

7    a prudent move in order to change the elements, especially

8    with a case currently pending before the D.C. Circuit about

9    this -- well, not this specific issue but on the 1512(c)(2)

10   charge.

11           THE COURT:  Right.

12           MR. NESTLER:  And we believe consistency would be

13   helpful in the formulation and the development of the law

14   here.  And we believe that as it currently stands, it is a

15   correct statement of the law.

16           The elements as they exist here are -- well,

17   I should put it this way.  1512(c)(2) is -- hasn't been

18   charged as much in this District or in this Circuit, but

19   1512(c)(1) is a very common charge both here and elsewhere,

20   and there are pattern jury instructions for 1512(c)(1).  And

21   the elements as listed here are the elements that are part

22   of the pattern instructions elsewhere as well.

23           And so we don't believe there needs to be anything

24   sort of unusual or any kind of modifications made about

25   the -- whether the proceeding be pending or reasonably

1  foreseeable, that it makes sense to include it as a

2  definition of what the proceeding is rather than as an

3  element the government must prove beyond a reasonable doubt.

4          THE COURT:  So I appreciate that others have used

5  this instruction.  I don't know whether anybody has objected

6  to it, as these defendants have.  I find the two sentences

7  to be confusing.  And I am happy to take the language I've

8  proposed and move it into the definitions section as a

9  substitute for the two sentences that the government has

10 proposed, it conveys the same concept, as opposed to making

11 it a separate element.  I'm happy to do that.  But I think

12 the two sentences as proposed are a little confusing.

13         MR. LINDER:  We prefer the Court's language.  And

14 I don't know...

15         MR. WOODWARD:  I mean, I think Mr. Nestler's

16 argument -- the government's argument is curious given that,

17 you know, obviously we have argued ad nauseam that

18 1512(c)(2) and 1512(c)(1) ought to be connected, and that

19 the otherwise provision ties it all back to 1512(c)(1).

20         So the idea that a jury instruction needs to be

21 consistent here with 1512(c)(1) charges across the country,

22 there's some irony there.

23         THE COURT:  Well, I'm not so sure.  I mean, it has

24 to do with the one element that nobody has contested which

25 is what constitutes an official proceeding, right?

```
 1    So this doesn't have to do with the broader question that
 2    Mr. Fischer raised and whether the statute itself, as Judge
 3    Nichols concluded, needs to be narrower than as it's being
 4    used here.  So I don't see any real inconsistency with it.
 5              But that said, it doesn't matter to me whether
 6    it's treated as an element or put back in the definition
 7    section.  I do think it's a correct statement of law, in
 8    fact, it is a correct statement of the law.  And if you all
 9    want to -- if the government is asking for that concept to
10    be included, I think my formulation -- which is formulation
11    straight from various Circuit cases, I didn't come up with
12    the language -- is better than what is currently proposed.
13              MR. LINDER:  We agree.
14              MS. HALLER:  Yes, Your Honor.
15              MR. WOODWARD:  Yeah.
16              THE COURT:  Okay.
17              So if uniformity matters, we'll keep the elements
18    section as is.  What I propose will then become a single
19    sentence that follows the term, "Official proceeding
20    includes a proceeding before Congress.  The official
21    proceeding must have been either pending or reasonably
22    foreseeable to the defendant when he or she engaged in the
23    alleged conduct.  As used in Counts 2 and 3, the term
24    official proceeding means Congress's joint session to
25    certify the Electoral College vote," okay?
```

```
 1              MR. FISCHER:  Yes.
 2              MR. GEYER:  Your Honor, question, does that
 3    eliminate materiality?  Because if -- let's say there was a
 4    breach hypothetically at 2:13 and that triggered a whole
 5    security process that would take three, four, five hours to
 6    play out, and the defense theory -- according to the defense
 7    theory was, you can't pull -- the guy pulling the fire alarm
 8    the second time after the whole place has been evacuated,
 9    that didn't have any material effect on the outcome, does
10    that pending --
11              THE COURT:  I don't think materiality is an
12    element of the offense.
13              MR. GEYER:  Okay.
14              THE COURT:  I mean, this isn't like a fraud case
15    where clearly materiality is.  But there's no -- either it
16    obstructed or it didn't.  I don't know if there's any
17    immaterial obstruction.  I guess there could be in theory
18    but --
19              Okay.  All right.  So that's that.
20              All right.  I think the next issue is the
21    inclusion of the co-conspirator liability language that
22    follows the aiding and abetting instruction.  This is
23    page 24, carry over to page 25.
24              The defense has objected to including it.
25    I guess, look, I'm leaning toward not including it because
```

1    it seems to me redundant of what is Count 2 and risks juror

2    confusion.  I mean, Count 2 was already a co-conspirator

3    liability based count, right, I mean, it's conspiracy to

4    commit.  And this is the individual count that doesn't

5    require a conspiracy.  And it seems -- I think it would

6    confuse the jury to have a separate co-conspirator liability

7    for this count, so I'm inclined to keep it out.

8            MR. NESTLER:  We believe it's a correct statement

9    of the law.  We believe that the jury can find that a

10   defendant is guilty of the substantive offense of

11   obstruction of an official proceeding as a co-conspirator.

12   And so because the jurors can consider each count, as they

13   are required to do, separately, each defendant separately,

14   the jurors can consider this as a means of committing -- or

15   violating this provision.  And so, therefore, we believe

16   it's an appropriate instruction to include.

17           We don't believe it's any different than any other

18   case where someone is charged with conspiracy to commit the

19   offense and the commission of the offense.  The jury can

20   find they committed the offense -- the underlying offense as

21   a co-conspirator under Pinkerton liability.

22           MR. WOODWARD:  I think this was an email that I

23   sent, as I recall, from a --

24           THE COURT:  Drug-induced haze?

25           MR. WOODWARD:  -- from a hospital bed.

8287

1            To the government's point, when you're charged
2   with a conspiracy and the underlying offense, I don't think
3   we need to remind the jury that you can be guilty multiple
4   ways.  They've been charged with a conspiracy.  If they find
5   the defendant guilty of the conspiracy and not guilty of the
6   underlying offense, that's perfectly acceptable.
7            THE COURT:  Sure.
8            I guess what -- why would it not be a reasonable
9   conclusion based on the evidence here?  Let me think about
10  this.
11           The conspiracy that has been charged in Count 2 is
12  an overarching conspiracy involving not only these
13  defendants but others.
14           The jury in theory could conclude there was no
15  such overarching conspiracy, yet conclude that any
16  particular defendant was guilty of the crime because they
17  conspired with one other person to commit it.
18           MR. WOODWARD:  That's not charged.
19           THE COURT:  Well, it doesn't have to be in the
20  sense that neither does, you know --
21           MR. WOODWARD:  I think Your Honor recognizes
22  precisely why the government is asking for the language.
23           THE COURT:  I mean, attempt doesn't have to be
24  charged specifically, right?  I mean, this is just a theory
25  of liability.

8288

```
 1                You know, maybe aiding and abetting specifically
 2      does, I'm not sure, but --
 3                MR. NESTLER:  It does not need to.  We often do.
 4      Belt and suspenders.
 5                THE COURT:  Yeah, you often do.
 6                I don't think you need to either, particularly if
 7      the statute, you know -- in any event.
 8                MS. HALLER:  I would think to Your Honor's point
 9      it is very confusing, and the purpose of the instruction is
10      to make everything clearer.
11                THE COURT:  Sure, that's certainly true.  I think
12      the question, though, is a different one, which is --
13      I mean, look, I don't think anybody can -- I don't know if
14      anybody is disputing whether there is potential for
15      Pinkerton liability.  Let's just say hypothetically, right,
16      hypothetically there was no Count 2, would anybody disagree
17      that this would be an appropriate instruction to give as to
18      Count 3?
19                MR. WOODWARD:  I -- that's not where we are.
20                THE COURT:  That wasn't my question.
21                I mean, I think you -- you get my point, which is
22      liability as to a different count should not depend upon
23      liability as to a different count -- another count,
24      particularly when there is not necessarily a complete
25      overlap, in which case we would have a different issue
```

1    altogether it seems to me.

2         Okay.  I've reassessed.  I think it actually makes

3    sense to keep it in.  I think it's appropriate to keep

4    it in.

5         I don't know whether the government will get up

6    and argue that it's appropriate that they can convict on

7    this sort of lesser conspiracy theory for any individual

8    defendant, but I don't think it's wrong as a matter of law.

9    And I think the indictment, at least the four corners of the

10   indictment would contemplate that kind of determination.

11        Okay.  Let's see what's left.

12        Page 32, I just wanted to close the loop on this

13   issue.  This is the attempt to -- the concept of attempting

14   to aid and abet.  I sort of raised that, and I just want to

15   draw everybody's -- if there's any question of whether it's

16   a proper legal concept, just draw your attention to

17   *United States versus Washington*, 106 F.3d 983, at 1007, at

18   1007, from the D.C. Circuit.

19        This is just the holding.  But it gets to the

20   point, which is:  "Thus, the District Court succeeded in

21   explaining to the jury each of the elements of the crime of

22   attempting to aid and abet possession of cocaine with intent

23   to distribute."

24        So it's the concept, obviously, in a narcotics --

25   in the setting, but the concept of an attempt to aid and

 1    abet is an established one.

 2            Okay.  Page 34 to 35, this raised the same issue

 3    that I think we just dealt with, and so we'll modify it

 4    according to our agreement.  That's carried over from

 5    1512(c)(2) count.

 6            And then I think that's all.

 7            Am I missing anything?

 8            MR. CRISP:  Just requested instructions, Judge?

 9            THE COURT:  I mean, just in terms of what is on

10    paper.  I don't know if there's more that you all want to

11    talk about.

12            MR. WOODWARD:  We pulled -- the Third Circuit has

13    a standard instruction on multiple conspiracies.  We're not

14    aware of one.

15            THE COURT:  The red Book has one.  I haven't look

16    at it, but it does have one.  I've given it before in a

17    different case.

18            MR. WOODWARD:  If I'm wrong about that, then we'll

19    include that one.

20            THE COURT:  Maybe I drew it from somewhere else.

21    That may be true.

22            Okay.  I stand corrected.  It may not be in here.

23    I know I've given it another case.  Maybe I found it

24    somewhere else.

25            MR. WOODWARD:  We will send it to chambers.

```
1              THE COURT:  Just send it to chambers.

2              MR. CRISP:  I have it now, Judge.  I can put it up

3    on the screen if you want.

4              THE COURT:  Actually, sure.  I also have the

5    Third Circuit model instructions here, but go ahead.  That

6    way the government can take a look at it, too.

7              So it's instruction 6.18.371H --

8              MR. CRISP:  Yep.

9              THE COURT:  -- from the Third Circuit Model

10   Instructions.

11             MR. NESTLER:  I suppose our first question for the

12   defense is -- this is the first time we're hearing about

13   this -- but what is it they propose the instruction says?

14   There's lots of blanks in here.

15             THE COURT:  I guess what I would ask the defense

16   to do is to tailor this a little bit --

17             MR. WOODWARD:  Yeah.

18             THE COURT:  -- and then let's take a look at it

19   together.  So --

20             MR. NESTLER:  Because the instruction here in the

21   proposal would require the defense to put forth a theory

22   about what the other conspiracy was.

23             So if we see here, it says, Blank name has argued

24   there were really two separate conspiracies, one between,

25   insert names, to commit some offense and another between,
```

```
 1   insert names, to commit another offense.

 2          If the defendants are planning to put forth

 3   additional theories about what other conspiracies existed,

 4   I certainly would be surprised if all five of them were in

 5   agreement about what those other conspiracies were.

 6          And so -- anyway, this is the first time we're

 7   hearing about it, but I'd be curious to see how the defense

 8   as a group plans to put forth this instruction.

 9          MR. CRISP:  I don't agree with that.  I think the

10   government has actually made the argument themselves that

11   Watkins was part of a separate conspiracy as part of the

12   Zello chat, that they would argue that that's how they got

13   it in that there were other conspirators on there that were

14   part of a separate conspiracy.

15          THE COURT:  Well, I think it's two separate

16   issues.

17          I mean, yes, I mean, I think we talked about that.

18   Let me just back up.

19          I'll look at where I've given it before.  I think

20   the government's right that there does have to be some

21   specificity in the instruction as to what the other

22   conspiracy is so that the jury can determine whether the

23   defendant was part of that conspiracy.

24          Now, that said, even if you all don't agree, that

25   doesn't mean it doesn't get given.  I mean, if a defendant
```

1    requests it and there's evidence to support it, it's pretty

2    clear in the Circuit, this Circuit, that I've got to

3    give it.

4         So even when defendants point a finger at another

5    defendant and say, This guy was part of a different

6    conspiracy, then okay.

7         You all may strategically decide that that's not

8    what you want to do.  But if one defendant asks for it and

9    there's an evidentiary basis for it, then I'll give it, even

10   though there's not unanimity amongst all of you in terms of

11   what the parties should say.

12         MR. FISCHER:  Your Honor, I would point out that

13   Agent Palian did testify that -- about Mr. Caldwell.  He was

14   talking about evidence, and he made the statement that what

15   he was testifying to, Mr. Caldwell was involved with a

16   different plan.  So he definitely testified, basically,

17   there was a different conspiracy.

18         THE COURT:  I mean, I remember the testimony.  It

19   was -- in any event, look, I know what Mr. Linder is driving

20   at.  I don't know whether you all are going to agree,

21   because it is true that a multiple conspiracies,

22   particularly in this case, might say, for example,

23   Mr. Rhodes was not guilty of the charged conspiracy, because

24   all the government has proved is a conspiracy between

25   Mr. Caldwell and the North Carolina people.

1              And, you know, if that's what you want, then I'll

2    give it.  But I'll see what you all come up with.

3              MR. WOODWARD:  Understood, Your Honor.

4              MR. NESTLER:  Can we please ask for a deadline for

5    the proposal here, given that we're hearing about this now

6    and we would like to get to closings, hopefully, in the near

7    future.

8              THE COURT:  I think we've got a little bit of

9    time.  So unless things change from where things were last

10   night, you know --

11             MR. LINDER:  We're working on it.

12             THE COURT:  -- look, if you could get

13   something by --

14             MS. RAKOCZY:  I do think it's important to note

15   that we got a suggestion that things could move quicker on

16   the defense side.  So I think there's a possibility -- it's

17   been suggested to us there's a possibility that we could

18   actually get to closings next week.

19             THE COURT:  Oh, okay.

20             MS. RAKOCZY:  And then we're prepared for that.

21   We could just ask them to try to speed this along so we all

22   have a sense of what the law would be.

23             THE COURT:  All right.

24             Well, so can you get me something by Monday?

25             MR. LINDER:  Sure.

 1          MR. WOODWARD:  Yes, Your Honor.

 2          THE COURT:  I think that'll work.

 3          MR. NESTLER:  And so are we correct, the only two

 4     outstanding issues, then, are what Mr. Fischer proposed last

 5     night that we're going to take a look at and also the

 6     potential multiple conspiracies instruction, but other than

 7     that, the instructions as they sit here should be finalized?

 8          MR. CRISP:  No.  The defense theory of the case

 9     and then I'm going ask for mistake of law.

10          THE COURT:  So as to the first request, I think I

11     said last time when we talked about this that if the

12     defendants wish to present an individual defendant theory of

13     the case instruction, I'm happy to look at it.  This seems

14     appropriate, you know, as long as the evidence supports it.

15          Just if you all would get that to the government

16     by Monday so we can move forward on that.

17          Insofar as mistake of law, I have to understand

18     what you're talking about.

19          MR. CRISP:  So I think we've argued mistake of law

20     as to the application of the Insurrection Act and their

21     conduct in terms of whether or not the --

22          THE COURT:  So you'll forgive me, Mr. Crisp, but

23     mistake of law is not, except in rare circumstances, a

24     defense, right?  I mean, it is in the tax context because

25     you actually have to know what law you're violating.  And

1    maybe it is in a slightly lesser complex where the mens rea

2    is a little bit less.  But here it's a straight,

3    specific-intent crime.

4            MR. CRISP:  I'm looking at -- and I'm happy to --

5    I can provide some case citations for the Court separately.

6    One of them is a Supreme Court case, *Rehaif*, which is

7    139 Supreme Court 2191.

8            THE COURT:  But *Rehaif*, that's the tax case.

9            MR. CRISP:  Yes, that is correct.

10           MR. NESTLER:  I'm sorry.  *Rehaif*?  *Rehaif* is the

11   felon in possession case.

12           THE COURT:  Oh, right.  Okay.  I'm sorry.  That

13   may be because the -- they held that -- right, tax

14   case is --

15           MR. NESTLER:  But it's also a

16   specific-intent case.

17           THE COURT:  It's a specific -- but it's also a

18   case in which the Court said you actually have to have

19   knowledge that the prior felony conviction disqualified the

20   possession from -- disqualified the person from possessing,

21   and so there is a legal-knowledge element to that

22   offense now.

23           MR. CRISP:  And that's fine.  I --

24           THE COURT:  Think about it, but I think it's --

25   the general principle, as you know, is mistake of law is not

1  a defense to a crime.

2          MR. CRISP:  Yeah.  I mean, I have -- I will take a

3  closer look at some of the cases that I've cited, so there's

4  a couple different ones.  There's an Eighth Circuit and then

5  there's an additional Supreme Court one, but I'll take a

6  look at it.  I do believe that based on how we've argued

7  this, that I think it should be applicable in the unique

8  circumstances of this case.

9          I would agree the case law says normally it does

10 not apply about a collateral legal question, but in this

11 case I think this is not the typical case.

12         THE COURT:  Okay.

13         And what's the mistake of law?

14         MR. CRISP:  That they were permitted -- as to

15 their understanding of the Insurrection Act and what their

16 belief was going to be.

17         THE COURT:  Okay.  All right.  Well, I mean, let

18 me know what you think.  Submit something, and we'll take

19 it up.

20         MR. NESTLER:  Can we just ask, so are the

21 defendants to required to submit any other proposed

22 instructions by Monday?

23         THE COURT:  Yes.  If I could just say, if you all

24 could -- yes, any additional proposed -- for both sides --

25 if you could get that both to me and exchanged by Monday,

 1    then that'll give us an opportunity to try and get this

 2    done.  Particularly if we're going to close next week, we

 3    can get it done sooner rather than later.

 4              MR. NESTLER:  So a couple logistical questions.

 5    One, does Your Honor prefer to instruct before or

 6    after closings?

 7              THE COURT:  I always instruct before.

 8              MR. NESTLER:  Thank you.

 9              And, two, I know Ms. Haller is back.  Hi.

10              If we could now get a proffer from the defense

11    about additional witnesses they plan to call.  I think

12    Mr. Woodward said yesterday he was not aware of some of

13    Ms. Haller's potential witnesses.  And we understand

14    Mr. Geyer may be calling some witnesses, may not.

15              But we could be moving a lot more quickly next

16    week.  But if any of the other defendants are planning to

17    call witnesses, we are concerned that some of them might not

18    be relevant.  They might be proposed experts, or they might

19    be character witnesses that we haven't had notice of.

20              So we wanted to flesh that out now so that we know

21    who is on deck because it could be the case that if they're

22    not, that Your Honor wouldn't allow some witnesses to

23    testify about some other topics.  We might be moving much

24    more quickly.

25              THE COURT:  Okay.

1            MS. HALLER:  To the extent that I'm the one to

2    respond, Your Honor, I haven't had an opportunity yet, but I

3    assure government counsel that tomorrow we'll let you know

4    as far as any remaining witnesses on Kelly's case, because I

5    wasn't here and I don't have the transcript yet for that

6    time period.  I haven't requested it yet.

7            And we'll get -- we'll confer with government

8    counsel as far as our case.  I don't think there's anything

9    surprising from us, like, to the extent, you know, I've

10    already provided information.  So we'll confer with the

11    government.

12            MR. NESTLER:  Sure.

13            We were looking for names and proffers, both from

14    Ms. Haller and also from Mr. Geyer, about who they were

15    planning to call and what relevance they might have or who

16    they would be.  We just didn't want to get to a situation

17    where we were doing that on the fly or then Your Honor

18    decided some witness wasn't appropriate and then we're

19    having some more latency.

20            THE COURT:  Okay.  I'll ask, is there any

21    objection to doing so by the end of tomorrow?

22            MS. HALLER:  No, Your Honor.

23            THE COURT:  Mr. Geyer?

24            MR. GEYER:  No, Your Honor.

25            THE COURT:  Okay.  Terrific.

```
 1              MR. NESTLER:  That would be great.  Thank you,
 2    Your Honor.
 3              THE COURT:  All right.  Now I think there's two
 4    other issues, there was a redaction issue of an exhibit, I
 5    forgot to -- I still -- the FBI exhibit, I've got to deal
 6    with that, I forgot about that.
 7              And then you all have raised this issue about
 8    Mr. Rhodes and his taxes, and I don't know whether,
 9    Mr. Linder, you had an opportunity to think about it, look
10    into it.
11              MR. LINDER:  I mean, I haven't looked into the
12    cases they provided.
13              I do know that it is entirely different if someone
14    doesn't file a tax return and pay taxes versus if they lie
15    on the tax return.  There's different implications.
16              It's more criminal to lie on your tax return than
17    if you just don't file at all.  But I will look at the cases
18    they provided the second I can.
19              MR. MANZO:  And just the criminal statutes require
20    that every American files a tax return.  We think for the
21    reasons laid out in the email that it rebuts this
22    overarching theme of patriotism, one; impeachment, two; and
23    just that Mr. Rhodes always follows the law.
24              THE COURT:  Right.  No, I think -- yes, there's
25    that issue.  But, I mean, I also -- I think the cases you've
```

```
 1   cited stand for the proposition that the failure to file tax
 2   returns goes to the person's honesty and truthfulness, and
 3   certainly Mr. Rhodes has put that at issue by testifying and
 4   so arguably it constitutes a prior bad act if there's a
 5   basis for it.  The government has submitted something to
 6   suggest that there is a basis for it, so I'll take a look,
 7   Mr. Linder, and we can try and get that resolved by Monday.
 8            MR. LINDER:  I know they're handled completely
 9   different by the government whether you pay or lie on a
10   return, so I will look at the cases they provided.
11            THE COURT:  Okay.
12            MR. MANZO:  There actually would be a third
13   scenario of neither paying nor lying but just not filing.
14            THE COURT:  Right.
15            MR. GEYER:  I noticed you mentioned Mr. Harrelson.
16   Why?
17            MR. MANZO:  Mr. Harrelson didn't file taxes
18   either.  We don't think he's at this point put his -- he
19   hasn't testified, so it wouldn't be proper to impeach him
20   with that.  And he hasn't specifically put forward himself
21   evidence of --
22            MR. GEYER:  What years?
23            MR. MANZO:  -- complying with the laws.
24            MR. GEYER:  What years?  Can you direct me to the
25   discovery?
```

8302

```
 1              MR. MANZO:  I can send you the unredacted
 2    document.
 3              MR. GEYER:  I want a repeat over the criminal
 4    history of erroneous information that was provided to the
 5    Court.
 6              MR. MANZO:  I don't think we provided that
 7    information to the Court.
 8              THE COURT:  Yeah, I mean, just to put --
 9              MR. GEYER:  I meant the government colloquially.
10              THE COURT:  Just to put -- I mentioned this the
11    other day but, I mean, a simple assault is not an
12    impeachable conviction under the Federal Rules.  So, I mean,
13    unless -- anyway, but it's not, at least the typical simple
14    assault would not be.
15              MR. GEYER:  Your Honor, it's my understanding that
16    Ms. Harrelson filed her tax returns this year while Kenneth
17    Harrelson was in prison.
18              MR. MANZO:  And I'll forward you the document
19    right now.
20              MR. GEYER:  Okay.  Thank you, Your Honor.
21              But we're referring to prior years.
22              MR. MANZO:  Yes, so the prior years from --
23    I believe we went back -- because we knew the Oath Keepers
24    would begin in around 2009, we went back to those years all
25    the way through 2021.  And I'll forward the years to
```

8303

```
 1  Mr. Geyer right now, but I believe the records say that he
 2  has never filed federal taxes in any of those years.
 3           THE COURT:  Okay.  Well, talk about it.  Obviously
 4  it's important for Mr. Geyer to know that information before
 5  his client makes a decision to testify or not.
 6           Okay.  Ms. Rakoczy.
 7           MS. RAKOCZY:  Mr. Nestler remind me about an issue
 8  we may want to raise with respect to a potential defense
 9  witness that I think Mr. Meggs may be calling.  We received
10  some supplemental notice earlier this week, I think, but
11  we'll talk with Ms. Haller and wait for their final list of
12  witnesses tomorrow so we have a better sense of whether he's
13  still being called and exactly what the parameters will be
14  of his testimony.  So look for potential objections tomorrow
15  evening or over the weekend, I guess, about that potential
16  testimony.
17           THE COURT:  Well, I guess, you know, tomorrow is a
18  holiday.
19           MR. WOODWARD:  Can you preview the argument?
20           MS. RAKOCZY:  Absolutely.  The report cites
21  several places where the defense seems to be suggesting that
22  they would have Mr. Engram comment on sort of whether
23  people's messages show something about their intent, rather
24  than sort of talking about -- this is -- so this is a
25  cell phone expert and there are things that the defense may
```

1    ask him about, for example, whether the data in Cellebrite

2    suggests the message was received or not, and that seems

3    well within the bounds of what a cell phone expert might

4    testify to.

5             Then there are parts in which they -- the expert

6    says things like, Well, based on having read this message,

7    this person's sort of intent seems to be blah, blah, blah,

8    and that we would suggest goes to sort of commenting on

9    ultimate issues and --

10            THE COURT:  Right.  And Mr. Woodward is shake his

11   head so I don't think he disagrees.

12            MS. RAKOCZY:  It's some of those.  There's a few

13   places where the expert notes some of those conclusions, and

14   so we want to make sure that that might not be in the

15   context of his testimony.  But I think we may be able to

16   work that out.

17            THE COURT:  Okay.  I think that's a pretty clear

18   line.

19            MS. RAKOCZY:  And then, Your Honor, I think just

20   housekeeping, the issue of the government's transcripts that

21   were part of some of the video and audio exhibits, I think

22   is still outstanding.

23            THE COURT:  I haven't had -- I've started going

24   through them.  I have not completed my review.

25            MS. RAKOCZY:  To be clear, I also was not trying

 1    to flag that for the Court.  I just know that -- I think the

 2    defense might have expressed a desire to voice objections to

 3    accuracy, and so we just wanted to flag that that would be

 4    helpful, to the extent there are any, for that to happen

 5    this week.

 6             THE COURT:  Right.  Well, I think there's been an

 7    open invitation to do so from the outset.  So if there is to

 8    be such an objection, please make it soon because time is

 9    running out otherwise.

10             MS. RAKOCZY:  Thank you, Your Honor.

11             MS. HALLER:  We can object right now, Your Honor,

12    to Government Exhibit -- I believe it's 1555 versus

13    Government Exhibit 1556, and this is one of the issues that

14    the expert put in his report.  It's the document in which

15    the government represents who was a participant in the

16    "Old Leadership" chat on January 6th versus Exhibit 1556

17    which shows what we are saying that Mr. Meggs left that chat

18    on 12/18.

19             The government has an exhibit that reflects what

20    we submit to be accurate but that exhibit was not moved in,

21    but the exhibit that is inaccurate, which is 1555 --

22             THE COURT:  Well, Ms. Haller, can I interrupt you

23    if I may?

24             MS. HALLER:  That's all.

25             THE COURT:  This seems to be a different issue

 1    than the transcript issue.  This has to do with?

 2            MS. HALLER:  I'm sorry, Your Honor, I thought you

 3    were talking about exhibits.

 4            THE COURT:  Well, we're talking about -- right,

 5    specific exhibits, that is, the transcripts, that's what

 6    we've been talking about.

 7            MS. HALLER:  Okay.

 8            MR. NESTLER:  Right.

 9            And we have not yet heard objections to our -- the

10    accuracy of the government's proposed transcripts.  I think

11    that was Ms. Rakoczy's point.

12            THE COURT:  Right, that's what I just put out

13    there.

14            I mean, I plan to be done with that review by

15    tomorrow.

16            MR. FISCHER:  Your Honor, the defense counsel have

17    all spoken and I'm fairly confident we're all in agreement

18    that we would like the indictment in this case to be

19    submitted to the jury.

20            MR. NESTLER:  We will think about that.  That is

21    the first time we've heard of it.  We were under the

22    impression based on prior court conferences that the defense

23    did not want the indictment submitted to the jury, and that

24    Your Honor was not inclined to do so.  But if the defense

25    wants it, we will certainly give that some thought about of

1    our position.

2              MR. WOODWARD:  I was overruled.

3              THE COURT:  Well, let's put it this way.  If

4    I'm going to consider it, it needs to be unanimous among the

5    defendants, because if there's any objection, I can't have

6    it go back with even one defendant objecting.  The prejudice

7    from that is probably -- well, I think nothing more needs to

8    be said about it.

9              MR. NESTLER:  And this is the first we're hearing

10   of it 30 seconds ago.  But if there's a proposal about -- is

11   it completely unredacted with the other defendants' names on

12   it, or are we redacting other defendants' names, I don't

13   know.

14             THE COURT:  All right.  Well --

15             MR. WOODWARD:  We are unanimous.

16             THE COURT:  You're unanimous about what?

17             MR. WOODWARD:  About a desire to have the

18   indictment go to the --

19             THE COURT:  Oh, I thought you said that you were

20   objecting.

21             MR. WOODWARD:  No, I was overruled.  I had

22   previously objected.  I have been convinced that there is

23   benefit to Mr. Meggs to have the indictment go to the jury.

24   We'll talk to the government in advance of Monday about what

25   that would look like so the Court can make a determination

 1  with respect to whether there are redactions, et cetera, and

 2  whether it goes --

 3          THE COURT:  I guess, look, I have two questions.

 4  One is the one about redactions and the second is for what

 5  purpose.

 6          And if, for example, what you are suggesting to do

 7  with an indictment is say, Hey, look, on page 12 there was

 8  this particular act alleged and the government hasn't proven

 9  it up, I don't think that's a proper use of the indictment.

10  So, I mean, the government doesn't have to prove up every

11  single alleged overt act in order to make its case.  And so

12  I'd like to understand what you all are thinking about as

13  the reason to send it back before it gets sent back.

14          MR. FISCHER:  Well, Your Honor, our belief is --

15  or our concern is that the government will try to make an

16  argument that the conspiracies basically happened on the

17  Capitol steps or at some time very close on January 6th or

18  therein, whereas the indictment alleges basically a six- or

19  seven-week conspiracy, that's fairly sweeping.  And we don't

20  want -- we want to avoid a situation where the jury would

21  convict based on some offhand belief that a conspiracy was

22  hatched 15 minutes before people breached the Capitol or as

23  the Capitol is being breached.

24          The conspiracy is a very broad-ranging allegation,

25  and the jury should be aware that the charged conspiracy in

1    this case was not some last-second thing that was cooked up

2    on January 6th but, instead, dated back several weeks.

3            MR. NESTLER:  That sounds like it would be an

4    inappropriate argument to make to the jury because the

5    government can certainly argue to the jury that the

6    defendants conspired on January 6th starting at 2:30 p.m.,

7    that's a perfectly valid argument to make to the jury.

8            MR. WOODWARD:  That would be inconsistent with the

9    government's theory of the case in front of the jury over

10   the last few weeks, including in openings.

11           THE COURT:  Well, I will say -- well, two things.

12           One is, there's multiple conspiracies alleged.

13   And so what may be relevant to one conspiracy may not be

14   relevant to the other.  And so I didn't hear the opening

15   attempt to make distinctions in that way.

16           I mean, I understand at a minimum the government

17   to be alleging that the seditious conspiracy lasted, you

18   know, from late -- early November through the end of

19   January.

20           As far as the other matters go, I'll take a look.

21   I mean, it's not the least bit unusual for an indictment

22   to -- excuse me, the instructions to contain the dates of

23   the alleged conspiracy in the instructions.  And there also

24   to be kind of an "on or about" instruction included that,

25   you know, the typical "on or about" instruction -- I can't

8310

```
 1   remember what it says.  I can't remember if we even included
 2   it.  But it essentially says, Look, they don't have to prove
 3   it occurred on particular date.
 4          But, anyway, think about it and let me know.  I
 5   can't remember whether you all have formulated this -- these
 6   instructions in a way to convey the timing of the conspiracy
 7   that's been alleged.
 8          MR. FISCHER:  Your Honor, I would point out that
 9   the indictment uses the term "the plot to oppose the
10   transfer of power."  So a plot is not something that
11   materializes on the steps of the Capitol.  This is -- under
12   the Stirone case that I've cited a couple of times, the
13   government has to be held to what the grand jury indicted.
14   And the grand jury most certainly did not indict a
15   last-second conspiracy at 2:30 on January 6th.
16          And that's the reasoning behind why we want the
17   indictment in.  Thank you.
18          MR. WOODWARD:  The government's theory also has
19   been that the conspiracy was hatched in November, which was
20   the basis for their assertion to the Court that all of these
21   messages are coming in as co-conspirator statements.
22          THE COURT:  Right, but that's -- well, as I said,
23   at a minimum, that's the seditious conspiracy.  And you all
24   are talking about the 1512(c)(2) conspiracy.  At least
25   that's what Mr. Fischer seems to be talking about.
```

1          MR. FISCHER:  And that was part of the January 6th

2   operation that's been talked about since they day one in

3   this case, which was the operation that started back on

4   Caldwell's farm and went on and on.

5          So, Your Honor, there's been absolutely no

6   suggestion that this was some last second on the Capitol

7   steps.  We believe that would be a substantial constructive

8   amendment of the indictment.

9          MR. LINDER:  In addition, Judge, they argue at all

10   the detention hearings the same way.

11          My client was detained based on a plot that

12   started back in November and involved weapons and all this

13   other kind of stuff, and the evidence hasn't come out that

14   way.

15          MR. NESTLER:  I'm sorry.  Just to be clear, I'm

16   not saying what we're arguing at closing.  I'm saying that

17   would be a legitimate argument for the government to make at

18   closing.  That is an argument that is a reasonable -- it's a

19   reasonable inference from the evidence presented at trial.

20   It would not be a constructive amendment of the indictment.

21          The indictment alleges, as it does, that the

22   conspiracy started.  We -- conspiracy is quite nuanced.  We

23   believe that Mr. Rhodes and others started a conspiracy in

24   early November to commit sedition.

25          When other people join that conspiracy is a

8312

 1    question of fact for the jury, but they don't have to find

 2    that any particular defendant joined at any particular time.

 3    The instruction says just that.

 4              They have to have joined at some point.

 5              MR. LINDER:  The government alleged, though, that

 6    the seditious conspiracy started in November to culminate on

 7    January 6th, and the evidence hasn't come out that way.

 8              MR. NESTLER:  That's a great argument to make for

 9    the jury.

10              THE COURT:  To be accurate, if I remember -- I'll

11    pull this up -- I thought the time period for the seditious

12    conspiracy was late November.  This is Count 1:  Late

13    November to January 19th.

14              MS. RAKOCZY:  No, Your Honor.  Through

15    January 2021.

16              THE COURT:  I'm sorry.  January 2021.  I misspoke.

17              But in any event, past January 6th is my point.

18    But, yes.

19              And what I don't remember is whether there's a

20    date affixed to the other conspiracies.

21              MR. WOODWARD:  We argued that there should be a

22    date affixed to the other conspiracies because when we're

23    bringing in co-conspirator statements, these statements

24    ought to be admitted as against, in furtherance of only one

25    conspiracy and that that was going to confuse the issues and

1    that the government --

2           THE COURT:  That's not accurate.

3           MR. WOODWARD:  The government responded --

4           THE COURT:  Look, if there's a conspiracy -- all

5    of these defendants have been charged with seditious

6    conspiracy in Count 1, right?  The length of that conspiracy

7    is the beginning of November to January 20th, right?

8           So co-conspirator statements made in furtherance

9    of that alleged conspiracy come in against everyone, even

10    those people who may have joined the conspiracy after

11    early November.

12           MR. WOODWARD:  Agree.

13           THE COURT:  Right?

14           So once the evidence is in, it doesn't get parsed

15    conspiracy to conspiracy.  I mean, you can argue that

16    there's no evidence of conspiracy to interfere with the

17    Electoral College process, because there's no planning,

18    proof, et cetera, but the notion that we're going split up

19    some statements as to one count but not as to others, I

20    don't quite understand that.

21           MR. WOODWARD:  The government said we don't have

22    to do that because they construe all of the acts to be in

23    furtherance of all of the conspiracies.

24           THE COURT:  All right.  So I guess I'm still not

25    understanding the point.

8314

1              MR. WOODWARD:  The government's position has not

2    been time-limited with respect to the conspiracy.

3              MS. RAKOCZY:  I think, Your Honor, we're having a

4    very academic conversation stemming off of Mr. Nestler's

5    accurate statement that it is not necessarily required or

6    not necessarily improper for us to say that the conspiracy

7    began on January 6th.

8              But I don't think that that's what is -- what has

9    come out in the evidence or what's going to be argued in

10   closing.

11             So I think that there are -- as the Court will

12   instruct the jury, there is a possibility for people to join

13   at different times.  And I think the evidence has shown in

14   this case and the government will argue that different

15   defendants joined at different times.

16             But I don't think -- this conversation we're

17   having is maybe a little academic and not necessary because

18   the government has presented evidence of a conspiratorial

19   agreement, at least for the seditious conspiracy that began

20   in or about November of 2020.

21             THE COURT:  Okay.

22             MR. FISCHER:  I would point out that the

23   conspiracy, not the seditious conspiracy, but the other

24   conspiracies, the 1512 and the 372, all -- they all adopt or

25   incorporate the prior paragraphs of the indictment.

1          So, clearly, they're charging something that goes

2     back much further than something that has happened --

3          THE COURT:  So let's be accurate, okay?

4          So seditious conspiracy is alleged to have begun

5     in the end of November, concluded January 20th.

6          Count 2, which is conspiracy to obstruct an

7     official proceeding, paragraph 136 says, From in and around

8     December 20th -- excuse me.

9          In and around December 2020 through in and around

10    January 2021.

11         So it doesn't date back all the way to November.

12         Count 3, which is obstruction of an official

13    proceeding on or about January 6th.

14         Count 4, which is conspiracy to prevent an officer

15    from discharging any duty from in and around December 2020

16    in and through January 2021.

17         So those are the dates that are alleged in the

18    indictment.

19         MR. FISCHER:  And, Your Honor, first of all, "in

20    and around December 20th," obviously, is broader than just

21    December.  It can go back to November.  It also incorporates

22    paragraphs 1 through 13 and 18 through 134.  So it basically

23    incorporates every paragraph above it.

24         And, again, the suggestion is that it's something

25    that didn't happen just on the steps of the Capitol, but it

```
 1    was a long, brewing plot.  And that's been the government's

 2    claim, as Mr. Linder said, through detention hearings,

 3    through prior indictments, through detention memos, and even

 4    in their opening argument when they said that it was a -- we

 5    talked about -- you know, we talked about the dry run.

 6    That's been testified to.  That was argued in opening

 7    argument.

 8            So it's -- and, quite frankly, you can't really

 9    have a plot to stop Joe Biden from becoming President

10    without trying to stop the Electoral College.

11            I thought the whole case was about January 6th.

12    I mean, make maybe I'm mistaken.

13            But if the plot -- I mean, the government's

14    basically saying January 6th doesn't matter?

15            THE COURT:  You'll forgive me, but I would have

16    agreed with you had there not been a superseding indictment.

17    And the superseding indictment charges a broader plot under

18    Count 1, which is to resist the authority of the

19    United States or the execution of its laws.

20            So you're right that January 6th is part of that

21    theory and is arguably certainly more -- is the object of

22    the 1512(c)(2) conspiracy and the conspiracy charged in

23    Count 4.  But the indictment doesn't end the conspiratorial

24    activity on January 6th.  I mean, it's just not how it

25    reads.
```

1           Now, you all can sort of suggest to the jury

2     otherwise.  But, I mean, that's not what the

3     indictment says.

4           MR. FISCHER:  Well, Your Honor, I would say it

5     certainly doesn't end it on January 6th.  But the overt

6     acts, the issue the defense is concerned about is the

7     government -- we simply don't want the jury to go back.  We

8     think it would be inappropriate and contrary to indictment

9     if the jury went back and said, Well, we don't believe this

10    whole thing about Rhodes being the general on the

11    battlefield and this plot to oppose, but this defendant and

12    this defendant a couple minutes before or after the Capitol

13    was breached, they went inside; and, therefore, there was a

14    plot -- you know, that's enough to stop the execution of the

15    law by force.

16          I don't believe that would be appropriate.

17    I think that would be contrary to what's charged in the

18    indictment.

19          And the jury should be aware and should understand

20    that what the grand jury indicted was not some

21    spur-of-the-moment, last-second meeting of the minds on

22    Capitol Hill steps, but, instead, a broad-ranging indictment

23    that lasted, at a minimum, weeks.  That would be the charged

24    conspiracy.

25          THE COURT:  All right.  Well, look, the bottom

8318

1   line, as far as I'm concerned, is this, which is, the

2   indictment specifies the time periods for the particular

3   conspiracy counts.  I'm happy to incorporate those time

4   periods in the instructions.  I think I've done it in the

5   past.  I guess I didn't think about it here.

6          But it is important -- you know, it is appropriate

7   for the instructions to say, you know, The indictment

8   alleges that from on or about this-and-such date to that

9   date, you know, these defendants engaged in a conspiracy.

10         There's also an instruction that's 3-point --

11  which I think has been included, although --

12         MR. NESTLER:  It was proposed as Instruction 37,

13  Proof that on or about -- Red Book 3.103, Your Honor.

14         THE COURT:  Right.  That's where I was looking.

15         MR. NESTLER:  The parties jointly proposed it.

16  It's on page 3 of the proposals.  It's listed as an entry.

17         THE COURT:  Oh, right.  I thought it was

18  actually -- I'll find it.

19         So what the Red Book proposes as the instruction

20  is:  The indictment charges that the offense was committed

21  on or about the dates.  The proof need not establish with

22  certainty the exact date of the alleged offense.  It is

23  sufficient if the evidence in the case establishes beyond a

24  reasonable doubt the offense was committed on a date

25  reasonably near the date alleged.

8319

1          So that -- I mean, so, look, what I'm telling you

2     all is this.  I'm happy to include the dates of the alleged

3     conspiracies in the instructions.  We can fold that in.  We

4     also have this "on or about" instruction which is routinely

5     given in this District.

6          So whatever you all want to do with those

7     instructions and those dates, as long as they fall within

8     the parameter of the evidence and the instructions, is okay

9     by me.

10          MR. WOODWARD:  Our preference would be to handle

11     it that way rather than sending the indictment back

12     to the --

13          THE COURT:  Correct.  If that was the reason you

14     wanted to send the indictment back, that is a the way I

15     would do it.

16          MR. WOODWARD:  We'll finalize our request before

17     Monday.

18          THE COURT:  Okay.

19          So Mr. Manzo.

20          MR. MANZO:  I think just in terms of other loose

21     ends, Mr. Fischer --

22          THE COURT:  Say that again.

23          MR. MANZO:  In terms of other loose ends,

24     Mr. Fischer and I have been engaged in a conversation for a

25     couple months now about 801 admissions on pleadings and

```
 1   whatnot.  I don't think we've fully resolved that.
 2            THE COURT:  Okay.  Well, his case is coming up so
 3   hopefully you all resolve it soon.
 4            MR. MANZO:  And I think by that, that we might
 5   need to take some of these issues before the Court.
 6            THE COURT:  Oh.
 7            MR. FISCHER:  I'll try to get around to it, Your
 8   Honor, before Thanksgiving, but I think I can get
 9   something -- I am thinking about just cutting out the
10   middleman since the government has the resources to research
11   whether a case agent can stay in the courtroom, maybe I'll
12   just offload it to the government and let them make a
13   decision.  We'll save the Court some time.
14            THE COURT:  Any burden you can take off of me, I'm
15   happy to have that happen.
16            MR. NESTLER:  So in terms of timing, is
17   Mr. Fischer also going to provide his final proposal by
18   Monday and also the witnesses that he intends to call by the
19   end of the day tomorrow and also the same order for
20   Mr. Geyer and Ms. Haller because I believe their witnesses
21   are coming up also very early next week.
22            MR. FISCHER:  Well, I am going to call witnesses
23   on Monday morning, and I'll give the government the names.
24            I -- also I do have a couple witnesses that are
25   character witnesses, I told the government I was going to
```

```
 1    have a couple character witnesses, and I'll, you know --
 2    I'll end the drama, they are going to say that Mr. Caldwell
 3    has good character so, I mean, I give them Jencks.
 4            MR. NESTLER:  I believe we need to know the trait
 5    that they plan to testify to.
 6            MR. FISCHER:  Honesty.
 7            MR. NESTLER:  If he's not testifying, I don't
 8    believe that's a relevant trait.
 9            MR. FISCHER:  Well, I'm not going to call them
10    unless he's going to testify, Your Honor.  So I'm --
11            THE COURT:  Mr. Fischer has been -- at least
12    strongly hinted that Mr. Caldwell will be testifying.  I
13    don't know if that's changed.
14            MR. NESTLER:  Does this mean that Mr. Fischer will
15    also be providing the names of his witnesses by the end of
16    the day tomorrow?
17            MR. FISCHER:  Your Honor, I'll give them the
18    witnesses.  I mean, I thought we didn't have to provide them
19    until 24 hours ahead of time.  But I will -- I can give them
20    right after court today.
21            THE COURT:  Okay.  I mean, look, the 24 hours is
22    the rule.  What I would ask you to do is just not only be
23    mindful of that rule but I also don't want the witnesses to
24    sneak up on anybody, because the timing of the defense case
25    seems to be a little fluid.
```

```
 1              MR. FISCHER:  Sure.

 2              THE COURT:  So what I would like to avoid is any

 3    question of a late disclosure that would slow things down.

 4    So that's my primary concern.

 5              MR. MANZO:  Your Honor, I think the concern from

 6    the government at this point is that -- not necessarily from

 7    Mr. Fischer's witnesses but from some of the remaining

 8    witnesses that we do not think there is an evidentiary basis

 9    for the testimony of any of these people --

10              THE COURT:  I think we've heard from Mr. Geyer and

11    from Mr. Meggs' counsel that they'll get you the information

12    by tomorrow, so you'll have what you need at least as to

13    those two.

14              Mr. Crisp has said he's only calling two

15    witnesses, so I don't know whether he's disclosed the names

16    of those folks or not.

17              MR. NESTLER:  He has.  We appreciate that.

18              THE COURT:  All right.

19              And then you've got Mr. Fischer.

20              So I think we're pretty much where the government

21    is requesting things to be.

22              MR. GEYER:  Your Honor, regarding the tax filings,

23    Mr. Manzo was kind enough to provide me with a two-page

24    letter that just lists filing -- the tax returns that are

25    filed and the tax returns that have not been filed.  And
```

1   since 2008, it is true the Harrelsons have not filed -- did

2   not file in 2011 and 2013.  So every other year since 2008

3   they've filed, up to and including this April for last year

4   while Mr. Harrelson was in detention.

5              MR. MANZO:  That's right.  And I read their

6   document wrong.  My apologies.

7              MR. GEYER:  I would like to ask for a ruling that

8   they not be allowed to cross-examine Mr. Harrelson based on

9   a lack of -- alleged lack of filing without any companion

10  information from nine years ago and eleven years ago.

11             MR. MANZO:  That's fine.  I misread the document.

12             MR. GEYER:  Thank you, Your Honor.

13             THE COURT:  Thank you, Mr. Geyer.

14             MR. WOODWARD:  Juror 16.

15             THE COURT:  Hang on one second before we get to

16  juror 16.  JC just sent me something.

17             Mr. Edwards, could I impose upon you to do what

18  you did last time, which is to update these jury

19  instructions and circulate where we stand on them?

20             MR. EDWARDS:  Yes, Your Honor.  Yes.

21             THE COURT:  I don't know why Mr. Nestler is

22  smiling.

23             MR. EDWARDS:  Mr. Nestler is smiling because he

24  often delegates work to me as well.

25             MR. NESTLER:  I am smiling because I'm the one who

1    did that last time.

2         THE COURT:  And as part of that, if you would

3    incorporate the dates of the alleged conspiracies as they're

4    reflected in the indictment as to each of those counts so

5    that we can at least have some language to work off of?

6         MR. NESTLER:  We're happy to do that.  Again, the

7    instructions were proposed -- they were joint proposals from

8    both parties, and neither party saw fit to include the

9    dates.  But if now the defendant wants the date included,

10   we're of course amenable to doing so.

11        THE COURT:  Okay.

12        MR. LINDER:  Before we move on to juror 16, I just

13   wanted to kind of check on some dates.

14        Earlier we talked about the defense Rule 29 brief

15   be due on Tuesday, I believe that's in response to L.T.'s

16   brief.  And then Monday you need the defense theory of the

17   case for the jury instructions?

18        THE COURT:  Correct.

19        I mean, look, I don't know about you all, but

20   I'm not pressed on getting the Rule 29 responses.  I mean,

21   if you all want to wait until after the case is submitted,

22   then --

23        MR. LINDER:  We may.

24        THE COURT:  I'm not sure there's -- is there a

25   rush to get those done?

1          MR. WOODWARD:  You're not going to rule next week,

2    Judge?

3          MR. LINDER:  Send the jurors home.

4          On the theory of the case, do you want one, or are

5    we each entitled to do our own?

6          THE COURT:  You are entitled to do your own.

7          MR. LINDER:  Okay.

8          THE COURT:  I mean, if you want to put one in

9    collectively, that's fine, but -- no, my view is that you

10   get to do your own.

11         MR. LINDER:  Okay.  Thank you.

12         MR. EDWARDS:  To close the loop, yes, Your Honor,

13   I can include the dates, and we'll circulate.  The only

14   reason I hesitated is if we want to propose something else,

15   we just -- we'll float it to the defense too now -- in light

16   of the fact that we're going to add these dates.  I don't

17   anticipate that but I just wanted to leave that open.

18         THE COURT:  That's fine.  Understood.

19         MR. EDWARDS:  Thank you.

20         THE COURT:  I appreciate it.  Thank you.

21         All right.  Juror 16.  So --

22         MR. WOODWARD:  My wife has said there's not enough

23   going on at home, we'd be happy to host her for the duration

24   of the trial.

25         THE COURT:  So -- hang on one second.

          1              Just so you all know, the jurors' questionnaires

          2    are being completed today for the next trial.

          3              All right.  Juror 16.  So there's two issues, one

          4    is the one she raised yesterday about her availability and

          5    where she might be able to stay.  I have made an inquiry

          6    with our Clerk of Courts whether if she's unable to find a

          7    place to stay, whether we could expend court funds to put

          8    her up for a few weeks.  I haven't gotten an answer about

          9    that.

         10              I think the more fundamental question and one that

         11    I'm not sure I have an answer to and one that easily could

         12    be addressed depending upon the defense position is whether

         13    a juror who moves out of the jurisdiction during the course

         14    of a trial runs afoul of any statute or constitutional

         15    protection.  I tried to take a quick look and not

         16    surprisingly, I didn't find anything out there.  I mean,

         17    there may be.  If the defense is prepared to waive, then

         18    that becomes a non-issue.  I think she is a deliberating

         19    juror.

         20              MR. NESTLER:  Yes, Your Honor.

         21              THE COURT:  So, you know, I put it to you all.

         22    I don't know if you've thought about it.

         23              MR. WOODWARD:  We did talk about it.

         24              You know, interestingly in Texas you don't become

         25    a resident immediately.  So there are lots -- it is an

1    interesting question.  We agree the Court that there would

2    need to be a knowingly and voluntarily waiver of that issue

3    to proceed.  I do anticipate that there would be a waiver by

4    all of the defendants.

5              THE COURT:  Okay.

6              MR. LINDER:  Under the family code in Texas, which

7    addresses that, it's 60 days and six months including an

8    older child.

9              THE COURT:  In other words, to become a resident,

10   right?

11             MR. LINDER:  Correct.

12             THE COURT:  But we're on the -- well.

13             MR. WOODWARD:  Right.

14             THE COURT:  Maybe she's not a resident of Texas

15   but, you know, that just might mean she's stateless so to

16   speak, right, for a 60-day period.

17             MS. RAKOCZY:  She's already stateless, Your Honor.

18             THE COURT:  She's already stateless?

19             MS. RAKOCZY:  D.C. resident.

20             THE COURT:  Yeah, that's...

21             In any event, I just wanted to raise that issue.

22   And if the defense is prepared to waive, then that resolves

23   the legal question but then there's still the logistical

24   one.

25             MR. NESTLER:  If they are going to waive, are we

```
1   going to -- I think they said they were prepared to waive.
2   If the waiver happens, I think we want it to happen soon
3   rather than waiting for the last second.
4           MR. WOODWARD:  We're not here.
5           THE COURT:  I'm sorry?
6           MR. WOODWARD:  The clients aren't here.  I don't
7   think we should waive that today.
8           THE COURT:  Okay.  I mean, I think if we can get
9   an answer by Monday, that would be great.
10          Okay.  Anything else we need to discuss?
11          I guess the last thing I would ask is just --
12  I know I sort of said I'm expecting two days' worth of
13  closings, but have you all given thought to length?  Because
14  I would hope it's no more than two days of closings,
15  including rebuttal.
16          MS. RAKOCZY:  It's a little premature, I don't
17  think I've said anything out loud yet, but I'm hoping that
18  it would be between two and two-and-a-half hours and no
19  more.  That would be for opening and closing argument, for
20  their close.
21          THE COURT:  Right.  I figured and then I assume
22  rebuttal is some percentage of that.
23          MR. NESTLER:  I'll wait on how long rebuttal is
24  after I hear how long each of the five defendants' closings
25  are.
```

```
1              MR. GEYER:  Not longer than a day, Your Honor.
2              THE COURT:  I can always count on you, Mr. Geyer.
3    I appreciate that.
4              MR. LINDER:  I think most of us are thinking about
5    45 minutes to an hour apiece.
6              THE COURT:  Okay.
7              MR. LINDER:  That would be five.  So.
8              MR. CRISP:  I think we're well within two days.
9              THE COURT:  Yeah, all right, sounds like it.
10   I just wanted to make sure.
11             MR. NESTLER:  The Thanksgiving week schedule,
12   Your Honor want to address what that would look like for
13   evidence or otherwise?
14             THE COURT:  Well --
15             MR. NESTLER:  Or argument I should say.  I sorry.
16   I presume we're sitting.
17             THE COURT:  So if we finish next week, then it
18   will be only deliberations, obviously.  And so let me talk
19   to them.  JC did poll them, and I think there were a handful
20   that had planned to be out the week but said they could be
21   flexible.
22             It would be my preference that if we finish next
23   week, that they commence deliberations the weak after so
24   that we don't have a long gap in time.  And I will sort of
25   impress that upon them.  And if somebody -- absent somebody
```

8330

```
 1    saying, I've spent thousands of dollars to be in Europe that
 2    week, I'm inclined to have them sit at least two days that
 3    week if they begin deliberations.
 4              MR. LINDER:  It was my understanding from the
 5    Court yesterday that once the jurors begin to deliberate,
 6    you would do the note process, assuming there's going to be
 7    notes, I assume there will be, by Zoom?
 8              THE COURT:  So, look, I think we can do that.
 9    I would, I think -- I think I said I would want to have on
10    the record waivers from all defendants --
11              MR. LINDER:  Sure.
12              THE COURT:  -- because, obviously, if you're not
13    here, you're not going to be able to talk to Mr. Rhodes, for
14    example --
15              MR. LINDER:  Right.
16              THE COURT:  -- about any particular note and how
17    to fashion any response to a note.  So --
18              MR. LINDER:  I think Mr. Tarpley is going to be
19    here the whole time.
20              THE COURT:  Okay.
21              MR. LINDER:  I'm teasing.
22              THE COURT:  Well, I mean --
23              MR. LINDER:  He has been.
24              THE COURT:  He seems to like D.C.
25              MR. LINDER:  If notes come, if the jury
```

1    deliberates for several days or a week or more, I mean, not

2    having to sit here and be able to do the Zoom process would

3    be great.

4            THE COURT:  As I said, I don't have a particular

5    objection to it, as long as we get waivers on the record.

6            MR. LINDER:  Okay.

7            MR. NESTLER:  And it's fine with the government so

8    long as if a note comes saying they have a verdict, we're

9    here to take the verdict expeditiously; we're not planning

10   to be amenable to waiting for some period of time for people

11   to fly back into town.

12           MR. LINDER:  We have a plan for that.  I mean,

13   there's -- we have multiple lawyers, so we'll have somebody

14   around pretty close.

15           THE COURT:  Okay.

16           Right.  I mean, yes, I do think that's not only --

17   I think that's appropriate for the jurors, frankly.  And,

18   frankly, once they've reached a decision, they ought to come

19   in and deliver it and be done.

20           MR. LINDER:  Yeah.

21           MR. NESTLER:  In terms of scheduling, Your Honor,

22   could we talk about next Friday?  I don't know how long the

23   defense case is going to be.  I guess we'll find out by the

24   end of the day tomorrow.

25           But if we are able to do something next week, are

8332

```
 1    we planning to sit for a full day on Friday to try to get
 2    through closings, if that's possible with Your Honor's
 3    schedule?  I'm just flagging it.
 4            THE COURT:  Let's put it this way.  If what's
 5    standing between getting this case done and not getting it
 6    done by the end of the week is my afternoon schedule,
 7    there's nothing on here that can't be moved.
 8            MR. NESTLER:  Understood.
 9            THE COURT:  So maybe we ought to let the jurors
10    know that there's the possibility of all-day sitting on
11    Friday, JC, just so that they can plan.
12            MR. NESTLER:  And just to be clear on scheduling,
13    because of how long closings will take, I assume as soon as
14    we're ready for them, we're going to start.  In other words,
15    if we do half of the closings on Friday and the other half
16    on Monday, that's the plan so we could actually go forward.
17    We're not going to go down all day Friday.
18            THE COURT:  No.  The plan is as soon as the
19    government rests, you all will put your Rule 29 motions on
20    the record.  Obviously, do that after -- I should have -- I
21    forgot to ask you this.
22            But, Mr. Linder, you ought to probably just put
23    your Rule 29 as soon as you've rested.  Just make sure when
24    we -- you can do it now.  But I don't think there's an issue
25    in terms of waiver if you wait till the end of all the
```

8333

1    defendants' case, but just make sure you do that.

2              MR. LINDER:  Okay.

3              THE COURT:  So anyway, as I was saying, no, once

4    the government's case comes to a rest, then we will roll

5    immediately into instructions and closings.

6              MR. WOODWARD:  If we do a full day Friday, I'm

7    supposed to be in front of one of your colleagues.  And I'll

8    remind the Court then and ask for forgiveness.

9              THE COURT:  I'm happy to -- look, the other thing

10   to think about in terms of notes is, you know, the jurors --

11   answers to notes will be in the presence of the jurors,

12   physical presence of the jurors.  And if there's a bunch

13   missing defense lawyers at the table and they're all in via

14   video, that may leave a perception that you'd rather avoid.

15   So just throw that out there.

16             MR. LINDER:  So when you get a note, you bring the

17   jurors back into the courtroom?

18             THE COURT:  (Nodding head.)

19             MR. LINDER:  Okay.

20             THE COURT:  I do.  What I do is when I get a note,

21   I come in here; I talk to all of you.  If it's a substantive

22   note that I need to deliver additional instructions, we'll

23   all agree and we'll try to come to some mutual understanding

24   as to what the response is going to be.

25             And then we'll call them all in.  I'll provide the

1    response.  And then they'll go back to deliberate.

2          Now, if it's something like, We'd like to see

3    Exhibit 12, then, you know, we don't need to worry about

4    that.  Or if it's something that's purely logistical, then

5    I won't call everybody in for that.  We'll let you know that

6    there's been a note to that effect, but I don't think

7    there's a reason to call everybody in.

8          MR. LINDER:  I have been in courts where they have

9    the uniform answer, the response by all the lawyers, and the

10   judge sent the response back without ever bringing the

11   jurors into the courtroom.

12         THE COURT:  My practice has been to bring them in.

13         MR. LINDER:  Okay.

14         MS. RAKOCZY:  That would be the government's

15   request as well so that the answer would be on the record.

16         THE COURT:  We could put on the answer on the

17   record either way, but I think it's appropriate to make sure

18   that the answer is on the record before the jury.

19         MR. LINDER:  Okay.

20         THE COURT:  I don't want there to be any question

21   that I delivered the wrong answer.

22         MR. LINDER:  Okay.

23         THE COURT:  All right?

24         And, look, we'll -- you know, if you all who are

25   from out of town, we can look for you to find space to work

8335

```
 1    and the like.  So just let us know.
 2              MR. LINDER:  Okay.
 3              THE COURT:  All right.  Anything else, everyone?
 4              MR. LINDER:  I could put my motion to move for
 5    Rule 29?
 6              THE COURT:  Sure.  Go ahead and just put it on the
 7    record to make sure it is preserved.
 8              MR. LINDER:  Since Mr. Rhodes has rested or we've
 9    rested our case, I'd like to move for judgment of acquittal
10    under Rule 29 on behalf of Mr. Rhodes.
11              THE COURT:  Okay.  So we'll -- I assume it's for
12    much the same reasons I've already had in writing, and I'll
13    defer on that motion as well.
14              MR. LINDER:  Thank you, sir.
15              THE COURT:  Just I'm sure the government opposes,
16    so that's reflected on the record as well.
17              MR. EDWARDS:  We can all write another treatise,
18    but we oppose.
19              MR. FISCHER:  The record should also reflect that
20    Mr. Linder is wearing cowboy boots and jeans.
21              MR. LINDER:  I appreciate the Court letting us
22    dress without a suit today.
23              MR. EDWARDS:  We'd ask for a 106 on what the
24    government is wearing, for the record.
25              THE COURT:  All right.  So anything else we need
```

8336

 1    to discuss?

 2            All right.  Thanks, everybody.  Have a nice

 3    weekend.

 4            Please do not wait for me.

 5            COURTROOM DEPUTY:  This court stands in recess.

 6            (Proceedings concluded at 1:07 p.m.)

8337

C E R T I F I C A T E

        I, William P. Zaremba, RMR, CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-titled matter.


Date:__November 10, 2022_____  /S/__William P. Zaremba_____

                                 William P. Zaremba, RMR, CRR

COURT REPORTER:
[1] 8271/5
COURTROOM
DEPUTY: [4] 8249/2
8273/7 8273/10 8336/5
MR. CRISP: [21]
8253/1 8253/4 8257/8
8257/10 8257/22
8268/2 8271/2 8271/7
8275/18 8290/8 8291/2
8291/8 8292/9 8295/8
8295/19 8296/4 8296/9
8296/23 8297/2
8297/14 8329/8
MR. EDWARDS: [6]
8323/20 8323/23
8325/12 8325/19
8335/17 8335/23
MR. FISCHER: [22]
8257/24 8261/25
8265/16 8267/19
8268/1 8273/16 8285/1
8293/12 8306/16
8308/14 8310/8 8311/1
8314/22 8315/19
8317/4 8320/7 8320/22
8321/6 8321/9 8321/17
8322/1 8335/19
MR. GEYER: [14]
8285/2 8285/13
8299/24 8301/15
8301/22 8301/24
8302/3 8302/9 8302/15
8302/20 8322/22
8323/7 8323/12 8329/1
MR. LINDER: [53]
8250/11 8250/21
8251/2 8257/25 8262/6
8262/15 8263/11
8263/15 8263/18
8272/11 8274/22
8275/4 8275/17
8281/18 8283/13
8284/13 8294/11
8294/25 8300/11
8301/8 8311/9 8312/5
8324/12 8324/23
8325/3 8325/7 8325/11
8327/6 8327/11 8329/4
8329/7 8330/4 8330/11
8330/15 8330/18
8330/21 8330/23
8330/25 8331/6
8331/12 8331/20
8333/2 8333/16
8333/19 8334/8
8334/13 8334/19
8334/22 8335/2 8335/4
8335/8 8335/14
8335/21
MR. MANZO: [14]
8300/19 8301/12
8301/17 8301/23
8302/1 8302/6 8302/18
8302/22 8319/20
8319/23 8320/4 8322/5
8323/5 8323/11

MR. NESTLER: [60]
8251/12 8251/16
8252/1 8252/15 8256/4
8258/19 8258/25
8260/17 8262/5
8263/23 8265/7 8268/9
8268/12 8268/24
8269/9 8269/16 8271/6
8273/4 8279/14
8279/19 8279/23
8281/25 8282/12
8286/8 8288/3 8291/11
8291/20 8294/4 8295/3
8296/10 8296/15
8297/20 8298/4 8298/8
8299/12 8300/1 8306/8
8306/20 8307/9 8309/3
8311/15 8312/8
8318/12 8313/15
8320/16 8321/4 8321/7
8321/14 8322/17
8323/25 8324/6
8326/20 8327/25
8328/23 8329/11
8329/15 8331/7
8331/21 8332/8
8332/12
MR. WOODWARD:
[50] 8257/4 8257/9
8265/21 8266/21
8267/2 8267/8 8267/11
8269/24 8275/12
8277/3 8277/15
8277/20 8278/2
8278/15 8278/18
8283/15 8284/15
8286/22 8286/25
8287/18 8287/21
8288/19 8290/12
8290/18 8290/25
8291/17 8294/3 8295/1
8303/19 8307/2
8307/15 8307/17
8307/21 8309/8
8310/18 8312/21
8313/3 8313/12
8313/21 8314/1
8319/10 8319/16
8323/14 8325/1
8325/22 8326/23
8327/13 8328/4 8328/6
8333/6
MS. HALLER: [17]
8249/25 8250/2
8256/19 8261/19
8261/22 8265/1 8272/3
8272/9 8281/11
8284/14 8288/8 8299/1
8299/22 8305/11
8305/24 8306/2 8306/7
MS. RAKOCZY: [15]
8273/12 8294/14
8294/20 8303/7
8303/20 8304/12
8304/19 8304/25
8305/10 8312/14
8314/3 8327/17
8327/19 8328/16

THE COURT: [201]
,
'unity [1] 8276/2
/
/S [1] 8337/7
0
08077 [1] 8247/13
0826 [1] 8247/18
1
10 [5] 8245/5 8249/8
8262/18 8264/4 8337/7
1007 [2] 8289/17
8289/18
106 [1] 8335/23
106 F.3d 983 [1]
8289/17
11 [1] 8262/19
11:00 [1] 8245/6
12 [2] 8308/7 8334/3
12/18 [1] 8305/18
12th Amendment [1]
8276/25
13 [1] 8315/22
134 [1] 8315/22
1347 [1] 8274/5
136 [1] 8315/7
139 Supreme Court
2191 [1] 8296/7
1460 [1] 8246/12
15 [4] 8245/4 8249/4
8277/1 8308/22
1512 [13] 8282/4
8282/9 8282/17
8282/19 8282/20
8283/18 8283/18
8283/19 8283/21
8290/5 8310/24
8314/24 8316/22
1555 [2] 8305/12
8305/21
1556 [2] 8305/13
8305/16
157 F.3d 265 [2]
8275/24 8275/24
16 [5] 8323/14 8323/16
8324/12 8325/21
8326/3
17110 [1] 8246/15
18 [3] 8273/23 8305/18
8315/22
1808 [1] 8247/3
19 [1] 8278/20
1949 [1] 8252/22
19th [1] 8312/13
1:07 [1] 8336/6
2
20 [2] 8278/15 8280/2
20001 [1] 8248/5
20010 [1] 8247/4
20036 [1] 8247/17
2006 [1] 8247/12
2008 [2] 8323/1 8323/2
2009 [1] 8302/24

2013 [1] 8323/2
202 [4] 8245/18 8247/4
8247/9 8248/5
2020 [3] 8314/20
8315/9 8315/15
2021 [5] 8302/25
8312/15 8312/16
8315/10 8315/16
2022 [2] 8245/5 8337/7
204 [1] 8274/17
20579 [1] 8245/17
20th [4] 8313/7 8315/5
8315/8 8315/20
21061-3065 [1]
8247/18
214 [2] 8246/5 8246/9
2191 [1] 8296/7
22-15 [2] 8245/4
8249/4
24 [3] 8285/23 8321/19
8321/21
246 [1] 8274/18
25 [1] 8285/23
252-7277 [1] 8245/18
252-9900 [1] 8246/5
254 F.3d 204 [1]
8274/17
2615 [1] 8247/9
265 [2] 8275/24
8275/24
28 [1] 8245/7
281 [3] 8275/20
8275/22 8275/22
29 [6] 8324/14 8324/20
8332/19 8332/23
8335/3 8335/10
2:13 [1] 8285/4
2:30 [2] 8309/6
8310/15
3
3-point [1] 8318/10
3.103 [1] 8318/13
30 [1] 8307/10
300 [1] 8247/17
3065 [1] 8247/18
30th [1] 8250/10
318 [1] 8246/12
32 [1] 8289/12
3249 [1] 8248/5
3300 [2] 8246/3 8246/7
333 [1] 8248/4
336 U.S. 490 [2]
8252/22 8253/3
34 [1] 8290/2
35 [1] 8290/2
352-2615 [1] 8247/9
354-3249 [1] 8248/5
359 F.3d 281 [2]
8275/22 8275/22
37 [1] 8318/12
372 [1] 8314/24
4
4031 [1] 8246/15
404 [1] 8251/13
410 [1] 8247/18

45 [1] 8329/5
4676 [1] 8246/16
487-1460 [1] 8246/12
490 [2] 8252/22 8253/3
5
501 U.S. 624 [1]
8274/8
527 F.3d, 1347 [1]
8274/5
5708 [1] 8247/13
6
6.18.371H [1] 8291/7
60 [1] 8327/7
60-day [1] 8327/16
601 [2] 8245/17 8247/7
607-5708 [1] 8247/13
624 [1] 8274/8
6th [15] 8305/16
8308/17 8309/2 8309/6
8310/15 8311/1 8312/7
8312/17 8314/7
8315/13 8316/11
8316/14 8316/20
8316/24 8317/5
7
700 [2] 8246/4 8246/8
71301 [1] 8246/11
717 [1] 8246/16
720-7777 [1] 8246/9
7277 [1] 8245/18
7310 [1] 8247/17
7447 [1] 8247/4
75219 [2] 8246/4
8246/8
7777 [1] 8246/9
787-0826 [1] 8247/18
8
801 [1] 8319/25
819 [1] 8246/11
856 [1] 8247/13
9
900 [1] 8247/8
959 F.2d 246 [1]
8274/18
959 F.3d 281 [1]
8275/20
983 [1] 8289/17
9900 [1] 8246/5
996-7447 [1] 8247/4
A
a.m [1] 8245/6
Abdur [1] 8269/3
abet [3] 8289/14
8289/22 8290/1
abetting [2] 8285/22
8288/1
able [6] 8259/2
8304/15 8326/5
8330/13 8331/2
8331/25
about [95]
above [2] 8315/23

**above...** [1] 8337/4
**above-titled** [1] 8337/4
**abridgment** [1] 8253/17
**absent** [1] 8329/25
**absolutely** [2] 8303/20 8311/5
**abundantly** [1] 8260/14
**academic** [2] 8314/4 8314/17
**acceptable** [1] 8287/6
**accomplish** [1] 8266/16
**accomplishment** [1] 8271/20
**according** [4] 8253/21 8267/22 8285/6 8290/4
**accuracy** [2] 8305/3 8306/10
**accurate** [10] 8255/6 8255/6 8272/15 8274/2 8280/23 8305/20 8312/10 8313/2 8314/5 8315/3
**accurately** [1] 8258/12
**achieve** [1] 8276/3
**acquittal** [1] 8335/9
**across** [2] 8265/18 8283/21
**act** [6] 8271/22 8295/20 8297/15 8301/4 8308/8 8308/11
**acting** [1] 8275/9
**action** [1] 8277/13
**actions** [1] 8276/21
**activities** [2] 8253/25 8254/2
**activity** [1] 8316/24
**acts** [6] 8251/8 8251/11 8251/20 8252/2 8313/22 8317/6
**actually** [16] 8254/19 8255/4 8265/19 8271/25 8272/4 8277/4 8281/1 8289/2 8291/4 8292/10 8294/18 8295/25 8296/18 8301/12 8318/18 8332/16
**ad** [1] 8283/17
**add** [2] 8266/5 8325/16
**addition** [1] 8311/9
**additional** [5] 8292/3 8297/5 8297/24 8298/11 8333/22
**address** [3] 8258/1 8259/20 8329/12
**addressed** [1] 8326/12
**addresses** [1] 8327/7
**addressing** [1] 8259/8
**adjacent** [2] 8253/16 8253/24
**admissions** [1] 8319/25
**admitted** [1] 8312/24
**adopt** [1] 8314/24

**advance** [1] 8250/7
8307/24
8334/23
**all-day** [1] 8332/10
**allegation** [1] 8308/24
**alleged** [22] 8253/10 8270/5 8273/25 8274/10 8276/2 8281/6 8281/17 8284/23 8308/8 8308/11 8309/12 8309/23 8310/7 8312/5 8313/9 8315/4 8315/17 8318/22 8318/25 8319/2 8323/9 8324/3
**alleges** [3] 8308/18 8311/21 8318/8
**alleging** [1] 8309/17
**allies** [1] 8253/25
**allow** [1] 8298/22
**allowed** [2] 8279/16 8323/8
**along** [2] 8264/23 8294/21
**already** [8] 8256/13 8258/15 8279/3 8286/2 8299/10 8327/17 8327/18 8335/12
**also** [31] 8251/22 8262/4 8262/4 8263/4 8263/11 8267/19 8268/6 8268/15 8268/25 8269/3 8278/1 8291/4 8295/5 8296/15 8296/17 8299/14 8300/25 8304/25 8309/23 8310/18 8315/21 8318/10 8319/4 8320/17 8320/18 8320/19 8320/21 8320/24 8321/15 8321/23 8335/19
**although** [1] 8318/11
**altogether** [1] 8289/1
**Alvarez** [2] 8252/15 8252/16
**always** [3] 8298/7 8300/23 8329/2
**am** [9] 8250/2 8250/8 8255/4 8262/22 8283/7 8290/7 8320/9 8320/22 8323/25
**amenable** [3] 8252/2 8324/10 8331/10
**amendment** [23] 8252/8 8252/17 8255/19 8256/6 8258/1 8258/7 8258/12 8258/21 8258/23 8259/2 8259/9 8259/20 8259/23 8260/18 8260/20 8261/12 8276/25 8278/8 8278/15 8311/8 8311/20
**Amendment 20** [1] 8278/15

8327/5 8327/10
**AMERICA** [1] 8249/5
**American** [1] 8300/20
**AMIT** [1] 8245/9
**among** [2] 8257/6 8307/4
**amongst** [1] 8293/10
**analogies** [2] 8279/11 8279/21
**another** [10] 8265/11 8273/19 8276/25 8277/1 8288/23 8290/23 8291/25 8292/1 8293/4 8335/17
**answer** [8] 8326/8 8326/11 8328/9 8334/9 8334/15 8334/16 8334/18 8334/21
**answers** [1] 8333/11
**anticipate** [2] 8325/17 8327/3
**any** [45] 8251/11 8252/1 8254/15 8254/22 8260/7 8260/8 8262/12 8267/18 8270/11 8272/2 8273/21 8276/24 8279/10 8282/24 8284/4 8285/9 8285/16 8286/17 8286/17 8287/15 8288/7 8289/7 8289/15 8293/19 8297/21 8297/24 8298/16 8299/4 8299/20 8303/2 8305/4 8307/5 8312/2 8312/2 8312/17 8315/15 8320/14 8322/2 8322/9 8323/9 8326/14 8327/21 8330/16 8330/17 8334/20
**anybody** [9] 8260/6 8260/10 8260/11 8270/16 8283/5 8288/13 8288/14 8288/16 8321/24
**anything** [10] 8259/22 8271/11 8282/23 8290/7 8299/8 8326/16 8328/10 8328/17 8335/3 8335/25
**anyway** [5] 8273/18 8292/6 8302/13 8310/4 8333/3
**apiece** [1] 8329/5
**apologies** [1] 8263/6
**apologize** [1] 8273/16
**appearances** [5] 8245/13 8245/20 8246/17 8247/20 8249/22
**appeared** [1] 8254/20
**appearing** [1] 8249/19
**appellants** [3] 8253/23 8253/25 8254/15
**appellants'** [1] 8254/2
**applicable** [1] 8297/7
**application** [1]

**applies** [1] 8277/9
**apply** [1] 8297/10
**appreciate** [7] 8264/3 8268/25 8283/4 8322/17 8325/20 8329/3 8335/21
**appropriate** [20] 8255/17 8259/17 8260/21 8269/7 8269/16 8272/15 8272/19 8272/21 8279/22 8280/18 8286/16 8288/17 8289/3 8289/6 8295/14 8299/18 8317/16 8318/6 8331/17 8334/17
**April** [1] 8323/3
**are** [62] 8252/2 8259/10 8259/13 8259/16 8259/17 8260/8 8260/13 8260/24 8260/25 8261/2 8262/23 8263/8 8264/16 8264/24 8273/25 8274/10 8274/18 8276/23 8279/22 8282/20 8282/21 8282/21 8283/12 8286/13 8288/19 8292/2 8293/20 8295/3 8295/4 8297/20 8298/16 8298/17 8303/25 8304/5 8305/4 8305/17 8307/12 8307/15 8308/1 8308/6 8308/12 8310/21 8310/24 8314/11 8315/17 8315/17 8320/21 8320/24 8321/2 8322/24 8325/4 8325/6 8326/2 8326/25 8327/25 8327/25 8328/25 8329/4 8331/25 8331/25 8334/24
**aren't** [1] 8328/6
**arguably** [2] 8301/4 8316/21
**argue** [14] 8261/2 8261/5 8266/1 8269/6 8270/22 8275/11 8277/11 8279/16 8289/6 8292/12 8309/5 8311/9 8313/15 8314/14
**argued** [9] 8254/24 8261/3 8283/17 8291/23 8295/19 8297/6 8312/21 8314/9 8316/6
**arguing** [1] 8311/16
**argument** [17] 8253/22 8262/1 8277/7 8283/16 8283/16 8292/10 8303/19 8308/16

**AL** [1] 8245/6
**alarm** [1] 8285/7
**Alexandra** [2] 8245/10 8249/10
**Alexandra Hughes** [1] 8249/10
**Alexandria** [1] 8246/11
**all** [105]
**all right** [6] 8263/18 8268/17 8307/14

**A**

argument... **[9]** 8309/4
8309/7 8311/17
8311/18 8312/8 8316/4
8316/7 8328/19
8329/15

arises **[1]** 8253/14

Arizona **[2]** 8274/7
8274/8

around **[8]** 8302/24
8315/7 8315/9 8315/9
8315/15 8315/20
8320/7 8331/14

Article **[2]** 8276/25
8278/15

Article II **[2]** 8276/25
8278/15

as **[109]**

ask **[15]** 8275/18
8276/9 8291/15 8294/4
8294/21 8295/9
8297/20 8299/20
8304/1 8321/22 8323/7
8328/11 8332/21
8333/8 8335/23

asked **[2]** 8252/7
8268/6

asking **[5]** 8261/1
8269/10 8269/13
8284/9 8287/22

asks **[1]** 8293/8

assault **[2]** 8302/11
8302/14

assertion **[1]** 8310/20

ASSOCIATES **[1]**
8246/14

assume **[6]** 8275/5
8275/11 8328/21
8330/7 8332/13
8335/11

assumed **[1]** 8273/6

assuming **[1]** 8330/6

assure **[1]** 8299/3

att.net **[1]** 8246/12

attempt **[4]** 8287/23
8289/13 8289/25
8309/15

attempted **[1]** 8251/21

attempting **[3]** 8253/18
8289/13 8289/22

attention **[1]** 8289/16

ATTORNEY'S **[1]**
8245/16

audio **[1]** 8304/21

authority **[1]** 8316/18

availability **[1]** 8326/4

available **[1]** 8263/1

Avenue **[4]** 8246/3
8246/7 8247/7 8248/4

avoid **[4]** 8259/22
8308/20 8322/2
8333/14

aware **[4]** 8290/14
8298/12 8308/25
8317/19

**B**

back **[29]** 8250/1

8256/10 8259/16
8260/14 8283/19
8284/6 8292/18 8298/9
8302/23 8302/24
8307/6 8308/13
8308/13 8309/2 8311/3
8311/12 8315/2
8315/11 8315/21
8317/7 8317/9 8319/11
8319/14 8331/11
8333/17 8334/1
8334/10

bad **[1]** 8301/4

balanced **[1]** 8272/15

BARRETT **[2]** 8246/3
8248/4

based **[8]** 8286/3
8287/9 8297/6 8304/6
8306/22 8308/21
8311/11 8323/8

basically **[6]** 8267/24
8293/16 8308/16
8308/18 8315/22
8316/14

basis **[7]** 8255/11
8259/24 8293/9 8301/5
8301/6 8310/20 8322/8

battlefield **[1]** 8317/11

be **[177]**

Bear **[1]** 8253/12

because **[39]** 8253/17
8253/18 8255/2 8255/5
8255/25 8256/6
8256/25 8257/19
8258/5 8258/20 8259/3
8267/20 8268/4 8285/3
8285/25 8286/12
8287/16 8291/20
8293/21 8293/23
8295/24 8296/13
8298/21 8299/4
8302/23 8305/8 8307/5
8309/4 8312/22
8313/17 8313/22
8314/17 8320/20
8321/24 8323/23
8323/25 8328/13
8330/12 8332/13

become **[3]** 8284/18
8326/24 8327/9

becomes **[1]** 8326/18

becoming **[1]** 8316/9
8318/23

bed **[1]** 8286/25

been **[37]** 8254/10
8254/19 8266/6
8269/12 8270/1
8270/15 8270/17
8270/18 8273/25
8281/5 8281/15
8282/17 8284/21
8285/8 8287/4 8287/11
8294/17 8305/6 8306/6
8307/22 8310/7
8310/19 8311/2 8311/5
8313/5 8314/2 8316/1
8316/6 8316/16
8318/11 8319/24

before **[20]** 8245/9
8275/19 8277/24
8280/6 8282/8 8284/20
8290/16 8292/19
8298/5 8298/7 8303/4
8308/13 8308/22
8317/12 8319/16
8320/5 8320/8 8323/15
8324/12 8334/18

began **[2]** 8314/7
8314/19

begin **[3]** 8302/24
8330/3 8330/5

beginning **[1]** 8313/7

begun **[1]** 8315/4

behalf **[1]** 8335/10

behind **[1]** 8310/16

being **[6]** 8280/25
8284/3 8303/13
8308/23 8317/10
8326/2

belief **[3]** 8297/16
8308/14 8308/21

believe **[31]** 8251/23
8252/15 8256/9
8256/12 8256/14
8261/9 8265/7 8269/3
8271/23 8274/1 8282/5
8282/6 8282/12
8282/14 8282/23
8286/8 8286/9 8286/15
8286/17 8297/6
8302/23 8303/1
8305/12 8311/7
8311/23 8317/9
8317/16 8320/20
8321/4 8321/8 8324/15

Belt **[1]** 8288/4

benefit **[1]** 8307/23

Berwick **[1]** 8247/12

better **[4]** 8249/24
8257/9 8284/12
8303/12

between **[6]** 8267/18
8291/24 8291/25
8293/24 8328/18
8332/5

beyond **[6]** 8265/4
8266/9 8266/14
8280/10 8283/3
8318/2

Biden **[1]** 8316/9

bit **[6]** 8252/13 8254/18
8291/16 8294/8 8296/2
8309/21

blah **[5]** 8304/7 8304/7
8304/7

Blank **[1]** 8291/23

blanks **[1]** 8291/14

board **[1]** 8262/9

Book **[3]** 8290/15
8318/13 8318/19

boots **[1]** 8335/20

both **[9]** 8262/11
8270/22 8274/18

8297/24 8297/25
8299/13 8324/8

bothered **[1]** 8272/15

bottom **[4]** 8259/21
8271/10 8273/14
8317/25

bounds **[1]** 8304/3

Bradford **[3]** 8247/11
8247/14 8249/16

Bradford Geyer **[1]**
8249/16

BRAND **[1]** 8247/3

brandwoodwardlaw.c
om **[1]** 8247/5

breach **[1]** 8285/4

breached **[3]** 8308/22
8308/23 8317/13

brewing **[1]** 8316/1

brief **[3]** 8251/12
8324/14 8324/16

BRIGHT **[3]** 8246/3
8246/7 8249/12

bring **[2]** 8333/16
8334/12

bringing **[2]** 8312/23
8334/10

broad **[2]** 8308/24
8317/22

broad-ranging **[2]**
8308/24 8317/22

broader **[6]** 8265/19
8277/7 8277/12 8284/1
8315/20 8316/17

brought **[2]** 8259/25
8268/8

Bryant **[1]** 8254/22

building **[2]** 8247/8
8270/12

bunch **[1]** 8333/12

burden **[1]** 8320/14

Burnie **[1]** 8247/18

business **[2]** 8253/16
8278/22

**C**

Caldwell **[10]** 8247/16
8249/8 8249/18
8249/21 8275/13
8293/13 8293/15
8293/25 8321/2
8321/12

Caldwell's **[2]** 8251/21
8311/4

Caldwell/North
Carolina **[1]** 8275/13

call **[9]** 8298/11
8298/17 8299/15
8320/18 8320/22
8321/9 8333/25 8334/5
8334/7

called **[2]** 8274/7
8303/13

calling **[3]** 8298/14
8303/9 8322/14

calls **[1]** 8254/15

came **[1]** 8266/16

can **[62]** 8250/19

8255/10 8256/19
8258/16 8261/16
8263/3 8264/2 8264/17
8264/22 8265/23
8267/6 8267/8 8269/6
8271/25 8273/10
8277/7 8277/12
8279/21 8286/9
8286/12 8286/14
8286/19 8287/3
8288/13 8289/6 8291/2
8291/6 8292/22 8294/4
8294/24 8295/16
8296/5 8297/20 8298/3
8300/18 8301/7
8301/24 8302/1
8303/19 8305/11
8305/22 8307/25
8309/5 8313/15
8315/21 8317/1 8319/3
8320/8 8320/11
8320/14 8321/19
8324/5 8325/13 8328/8
8329/2 8330/8 8332/11
8332/24 8334/25
8335/17

can't **[10]** 8251/10
8254/21 8268/12
8285/7 8307/5 8309/25
8310/1 8310/5 8316/8
8332/7

cannot **[1]** 8260/14

Capitol **[10]** 8260/25
8261/2 8308/17
8308/22 8308/23
8310/11 8311/6
8315/25 8317/12
8317/22

capture **[1]** 8264/24

captured **[2]** 8259/7
8279/3

carefully **[1]** 8252/13

Carolina **[2]** 8275/13
8293/25

carried **[3]** 8271/23
8272/5 8290/4

carry **[2]** 8273/19
8285/23

carrying **[1]** 8271/22

Cartwright **[1]** 8275/21

case **[66]** 8249/4
8252/20 8252/23
8253/5 8253/10
8253/13 8254/22
8254/22 8255/12
8256/16 8256/22
8257/16 8260/3
8264/25 8265/24
8267/20 8268/20
8270/14 8270/15
8274/4 8274/11 8276/2
8282/3 8282/8 8285/14
8286/18 8288/25
8290/17 8290/23
8293/22 8295/8
8295/13 8296/5 8296/6
8296/8 8296/11

# C

**case... [30]** 8296/14 8296/16 8296/18 8297/8 8297/9 8297/11 8297/11 8298/21 8299/4 8299/8 8306/18 8308/11 8309/1 8309/9 8310/12 8311/3 8314/14 8316/11 8318/23 8320/2 8320/11 8321/24 8324/17 8324/21 8325/4 8331/23 8332/5 8333/1 8333/4 8335/9

**case is [1]** 8296/14

**cases [11]** 8254/15 8264/6 8274/16 8275/20 8282/5 8284/11 8297/3 8300/12 8300/17 8300/25 8301/10

**caveat [1]** 8262/10

**cell [2]** 8303/25 8304/3

**cell phone [2]** 8303/25 8304/3

**Cellebrite [1]** 8304/1

**central [1]** 8265/24

**certain [1]** 8259/13

**certainly [9]** 8271/4 8288/11 8292/4 8301/3 8306/25 8309/5 8310/14 8316/21 8317/5

**certainty [1]** 8318/22

**certification [1]** 8270/12

**Certified [1]** 8248/3

**certify [3]** 8280/15 8284/25 8337/2

**cetera [4]** 8278/16 8280/22 8308/1 8313/18

**CH [1]** 8248/4

**chambers [2]** 8290/25 8291/1

**change [5]** 8258/13 8262/1 8281/25 8282/7 8294/9

**changed [1]** 8321/13

**changes [1]** 8250/14

**character [4]** 8298/19 8320/25 8321/1 8321/3

**characterized [1]** 8277/4

**charge [6]** 8245/9 8274/1 8274/14 8274/23 8282/10 8282/19

**charged [32]** 8255/22 8256/22 8257/16 8259/10 8259/13 8260/8 8260/21 8260/22 8260/24 8260/25 8261/2 8261/6 8261/7 8275/1 8275/3 8275/7 8276/8 8278/5 8282/4 8282/18 8286/18 8287/1 8287/4

**charges [8]** 8259/12 8259/12 8259/16 8259/17 8260/13 8283/21 8316/17 8318/20

**charging [1]** 8315/1

**chat [3]** 8292/12 8305/16 8305/17

**check [1]** 8324/13

**child [3]** 8254/23 8255/1 8327/8

**Cinnaminson [1]** 8247/13

**Circuit [15]** 8274/5 8274/11 8274/19 8275/20 8281/8 8282/8 8282/18 8284/11 8289/18 8290/12 8291/5 8291/9 8293/2 8293/2 8297/4

**Circuit's [1]** 8263/21

**circulate [2]** 8323/19 8325/13

**circulated [1]** 8250/9

**circumstances [2]** 8295/23 8297/8

**circumstantial [4]** 8256/2 8257/2 8257/20 8258/17

**citation [1]** 8253/1

**citations [1]** 8296/5

**cited [4]** 8274/4 8297/3 8301/1 8310/12

**cites [1]** 8303/20

**civil [1]** 8252/24

**claim [1]** 8316/2

**clause [2]** 8265/10 8265/11

**clean [3]** 8250/9 8250/13 8251/7

**cleaner [1]** 8267/15

**clear [10]** 8255/9 8260/14 8269/10 8274/19 8279/15 8293/2 8304/17 8304/25 8311/15 8332/12

**clearer [2]** 8267/15 8288/10

**clearly [5]** 8265/25 8266/3 8279/6 8285/15 8315/1

**Clerk [1]** 8326/6

**client [2]** 8303/5 8311/11

**clients [1]** 8328/6

**close [6]** 8289/12 8298/2 8308/17 8325/12 8328/20 8331/14

**closer [1]** 8297/3

**closing [5]** 8259/3 8261/4 8311/16

**closings [12]** 8262/13 8270/23 8294/6 8294/18 8298/6 8328/13 8328/14 8328/24 8332/2 8332/13 8332/15 8333/5

**co [9]** 8252/21 8285/21 8286/2 8286/6 8286/11 8286/21 8310/21 8312/23 8313/8

**co-conspirator [8]** 8285/21 8286/2 8286/6 8286/11 8286/21 8310/21 8312/23 8313/8

**cocaine [1]** 8289/22

**code [1]** 8327/6

**collateral [1]** 8297/10

**colleagues [1]** 8333/7

**collectively [1]** 8325/9

**College [4]** 8280/16 8284/25 8313/17 8316/10

**colloquially [1]** 8302/9

**COLUMBIA [1]** 8245/1

**combination [1]** 8254/3

**come [12]** 8254/18 8256/5 8284/11 8294/2 8311/13 8312/7 8313/9 8314/9 8330/25 8331/18 8333/21 8333/23

**comes [9]** 8252/13 8252/19 8264/5 8269/1 8277/6 8278/4 8281/7 8331/8 8333/4

**coming [4]** 8261/21 8310/21 8320/2 8320/21

**commence [1]** 8329/23

**comment [1]** 8303/22

**commenting [1]** 8304/8

**commission [1]** 8286/19

**commit [8]** 8256/8 8258/8 8264/4 8286/18 8287/17 8291/25 8292/1 8311/24

**committed [4]** 8276/14 8286/20 8318/20 8318/24

**committing [3]** 8274/10 8274/20 8286/14

**common [6]** 8263/4 8264/13 8264/19 8269/11 8276/3 8282/19

**companion [1]** 8323/9

**compel [1]** 8253/25

**compelling [1]** 8261/25

**competing [1]** 8262/20

**complete [1]** 8296/2

**completed [2]** 8304/24 8326/2

**completely [2]** 8301/8 8307/11

**complex [1]** 8296/1

**complying [1]** 8301/23

**computer [1]** 8248/7

**computer-aided [1]** 8248/7

**concept [22]** 8252/18 8252/18 8254/17 8258/15 8266/4 8268/8 8269/8 8269/13 8274/25 8276/10 8276/21 8277/12 8277/18 8279/3 8279/17 8281/20 8283/10 8284/9 8289/13 8289/16 8289/24 8289/25

**concepts [2]** 8258/21 8263/8 8263/25 8264/16 8264/24

**concern [4]** 8282/2 8308/15 8322/4 8322/5

**concerned [7]** 8251/7 8252/5 8267/19 8280/2 8298/17 8317/6 8318/1

**concerning [3]** 8266/7 8271/20 8280/20

**concerns [5]** 8262/19 8271/15 8272/2 8272/23 8273/24

**concert [1]** 8275/9

**conclude [5]** 8271/25 8278/8 8278/9 8287/14 8287/15

**concluded [3]** 8284/3 8315/5 8336/6

**conclusion [1]** 8287/9

**conclusions [1]** 8304/13

**conduct [12]** 8252/10 8254/6 8254/13 8255/5 8256/25 8257/18 8260/4 8265/6 8281/6 8281/17 8284/23 8295/21

**confer [3]** 8261/19 8299/7 8299/10

**CONFERENCE [1]** 8245/9

**conferences [1]** 8306/22

**confident [2]** 8268/21 8306/17

**confirm [2]** 8268/19 8268/19

**confronted [1]** 8253/9

**confuse [2]** 8286/6 8312/25

**confused [1]** 8260/3

**confusing [2]** 8258/2 8259/14 8261/14 8280/24 8283/7 8283/12 8288/9

**confusion [1]** 8286/2

**Congress [2]** 8280/6 8284/20

**Congress's [2]** 8280/15 8284/24

**connected [1]** 8283/18

**consider [7]** 8256/1 8257/1 8257/20 8258/16 8286/12 8286/14 8307/4

**consistency [1]** 8282/12

**consistent [1]** 8283/21

**conspiracies [17]** 8255/7 8267/14 8275/16 8290/13 8291/24 8292/3 8292/5 8293/21 8295/6 8308/16 8309/12 8312/20 8312/22 8313/23 8314/24 8319/3 8324/3

**conspiracy [106]**

**conspirator [8]** 8285/21 8286/2 8286/6 8286/11 8286/21 8310/21 8312/23 8313/8

**conspiratorial [2]** 8314/18 8316/23

**conspirators [2]** 8276/2 8292/13

**conspired [3]** 8276/15 8287/17 8309/6

**constituted [1]** 8254/6

**constitutes [2]** 8283/25 8301/4

**Constitution [1]** 8248/4

**constitutional [4]** 8254/11 8277/25 8278/13 8326/14

**constrained [1]** 8262/13

**constructive [3]** 8278/3 8311/7 8311/20

**construe [1]** 8313/22

**contain [1]** 8309/22

**contained [1]** 8276/10

**contemplate [1]** 8289/10

**contended [1]** 8253/15

**contention [2]** 8254/14 8271/15

**contested [1]** 8283/24

**context [4]** 8253/8 8255/7 8295/24 8304/15

**continue [1]** 8274/1

**CONTINUED [3]** 8246/1 8247/1 8248/1

**contrary [2]** 8317/8 8317/17

**conversation [3]** 8314/4 8314/16 8319/24

**convey [2]** 8274/25 8310/6

**conveyed [1]** 8258/15

**conveys [1]** 8283/10
**convict [2]** 8289/6 8308/21
**conviction [4]** 8255/11 8276/5 8296/19 8302/12
**convinced [1]** 8307/22
**cooked [1]** 8309/1
**cooperators [1]** 8267/20
**copy [1]** 8250/18
**corners [1]** 8289/9
**correct [14]** 8275/4 8277/20 8277/23 8279/24 8282/15 8284/7 8284/8 8286/8 8295/3 8296/9 8319/13 8324/18 8327/11 8337/3
**corrected [1]** 8290/22
**could [25]** 8250/21 8258/1 8265/10 8269/14 8277/22 8285/17 8287/14 8294/12 8294/15 8294/17 8294/21 8297/23 8297/24 8297/25 8298/10 8298/15 8298/21 8323/17 8326/7 8326/11 8329/20 8331/22 8332/16 8334/16 8335/4
**counsel [9]** 8249/22 8257/5 8260/23 8262/12 8273/11 8299/3 8299/8 8306/16 8322/11
**counsel now [1]** 8273/11
**counsel's [1]** 8270/10
**count [22]** 8286/1 8286/2 8286/3 8286/4 8286/7 8286/12 8287/11 8288/16 8288/18 8288/22 8288/23 8288/23 8290/5 8312/12 8313/6 8313/19 8315/6 8315/12 8315/14 8316/18 8316/23 8329/2
**Count 1 [3]** 8312/12 8313/6 8316/18
**Count 2 [5]** 8286/1 8286/2 8287/11 8288/16 8315/6
**Count 3 [2]** 8288/18 8315/12
**Count 4 [2]** 8315/14 8316/23
**country [1]** 8283/21
**counts [5]** 8280/4 8280/14 8284/22 8318/3 8324/4
**Counts 2 [1]** 8284/23
**couple [8]** 8282/1

8317/12 8319/25 8320/24 8321/1
**course [4]** 8254/6 8272/16 8324/10 8326/13
**court [40]** 8245/1 8248/2 8248/3 8252/22 8253/8 8253/14 8254/10 8254/19 8254/23 8258/14 8261/1 8262/3 8262/4 8274/6 8274/12 8278/2 8278/18 8281/8 8289/20 8296/5 8296/6 8296/7 8296/18 8297/5 8302/5 8302/7 8305/1 8306/22 8307/25 8310/20 8314/11 8320/5 8320/13 8321/20 8326/7 8327/1 8330/5 8333/8 8335/21 8336/5
**Court's [2]** 8261/22 8283/13
**courthouse [1]** 8282/3
**courtroom [3]** 8320/11 8333/17 8334/11
**courts [3]** 8262/23 8326/6 8334/8
**cowboy [1]** 8335/20
**CR [1]** 8245/4
**crafted [1]** 8261/10
**creates [1]** 8258/11
**crime [9]** 8255/3 8256/8 8258/8 8278/5 8278/5 8287/16 8289/21 8296/3 8297/1
**crimes [1]** 8259/14
**criminal [14]** 8249/4 8252/10 8254/13 8254/17 8255/25 8256/25 8257/18 8260/4 8261/8 8264/14 8278/24 8300/16 8300/19 8302/3
**Crisp [6]** 8246/14 8246/14 8249/17 8267/22 8295/22 8322/14
**crisplegal.com [1]** 8246/16
**cross [3]** 8254/4 8268/7 8323/8
**cross-examination [1]** 8268/7
**cross-examine [1]** 8323/8
**CRR [2]** 8337/2 8337/8
**crucial [1]** 8270/8
**culminate [1]** 8312/6
**curious [2]** 8283/16 8292/7
**currently [3]** 8282/8 8282/14 8284/12
**cutting [1]** 8320/9

**D.C [8]** 8245/5 8245/17 8247/4 8247/9 8248/5 8268/20 8327/19 8330/24
**D.C. [4]** 8274/5 8274/19 8282/8 8289/18
**D.C. Circuit [4]** 8274/5 8274/19 8282/8 8289/18
**Dallas [2]** 8246/4 8246/8
**data [1]** 8304/1
**date [11]** 8310/3 8312/20 8312/22 8315/11 8318/8 8318/9 8318/22 8318/24 8318/25 8324/9 8337/7
**dated [1]** 8309/2
**dates [10]** 8309/22 8315/17 8318/21 8319/2 8319/7 8324/3 8324/9 8324/13 8325/13 8325/16
**David [2]** 8247/16 8249/18
**David Fischer [1]** 8249/18
**day [13]** 8245/7 8273/19 8302/11 8311/2 8320/19 8321/16 8327/16 8329/1 8331/24 8332/14 8332/10 8332/17 8333/6
**daylight [1]** 8267/18
**days [5]** 8327/7 8328/14 8329/8 8330/2 8331/1
**days' [1]** 8328/12
**deadline [1]** 8294/4
**deal [1]** 8300/5
**dealing [1]** 8265/22
**dealt [1]** 8290/3
**debated [1]** 8250/3
**December [5]** 8315/8 8315/9 8315/15 8315/20 8315/21
**decide [2]** 8279/22 8293/7
**decided [2]** 8254/14 8299/18
**decision [4]** 8274/7 8303/5 8320/13 8331/18
**deck [1]** 8298/21
**defendant [47]** 8246/2 8246/13 8247/2 8247/11 8247/15 8249/5 8249/6 8249/7 8249/7 8249/8 8249/13 8249/15 8249/16 8249/17 8249/18 8249/19 8255/22 8255/24 8256/2 8256/22 8256/24 8257/2 8257/15

8258/17 8276/7 8280/12 8281/3 8281/6 8281/16 8284/22 8286/10 8286/13 8287/5 8287/16 8289/8 8292/23 8292/25 8293/5 8293/8 8295/12 8307/6 8312/2 8317/11 8317/12 8324/9
**Defendant 10 [1]** 8249/8
**Defendant 3 [1]** 8249/7
**Defendant 4 [1]** 8249/7
**Defendant Caldwell [1]** 8249/18
**Defendant Harrelson [1]** 8249/16
**Defendant Meggs [1]** 8249/15
**Defendant No. 1 [1]** 8249/5
**Defendant No. 2 [1]** 8249/6
**Defendant Rhodes [2]** 8249/13 8249/19
**Defendant Watkins [1]** 8249/17
**defendants [25]** 8245/7 8249/21 8253/10 8255/21 8256/21 8257/14 8258/20 8259/10 8259/13 8260/24 8276/13 8283/6 8287/13 8292/2 8293/4 8295/12 8297/21 8298/16 8307/5 8309/6 8313/5 8314/15 8318/9 8327/4 8330/10
**Defendants Meggs [1]** 8249/21
**defendants' [6]** 8260/23 8264/7 8307/11 8307/12 8328/24 8333/1
**defense [40]** 8257/4 8259/4 8260/17 8261/15 8262/1 8262/12 8263/19 8268/16 8270/9 8271/3 8280/13 8285/6 8285/6 8285/24 8291/12 8291/15 8291/21 8292/7 8294/16 8295/8 8295/24 8297/1 8298/10 8303/8 8303/21 8303/25 8305/2 8306/16 8306/22 8306/24 8317/6 8321/24 8324/14 8324/24 8325/15 8326/12 8326/17 8327/22 8331/23 8333/13
**defense's [4]** 8264/2 8265/9 8269/17 8271/13

**defer [2]** 8260/17 8335/13
**define [1]** 8281/23
**defining [1]** 8267/13
**definitely [1]** 8293/16
**definition [5]** 8266/21 8272/23 8272/25 8283/2 8284/6
**definitions [3]** 8280/4 8281/22 8283/8
**delay [1]** 8276/16
**delayed [1]** 8278/1
**delegates [1]** 8323/24
**deliberate [2]** 8330/5 8334/1
**deliberates [1]** 8331/1
**deliberating [1]** 8326/18
**deliberations [3]** 8329/18 8329/23 8330/3
**deliver [2]** 8331/19 8333/22
**delivered [1]** 8334/21
**depend [1]** 8288/22
**depending [2]** 8258/13 8326/12
**descending [1]** 8255/18
**describe [1]** 8267/23
**desire [2]** 8305/2 8307/17
**details [6]** 8278/22 8278/23 8278/25 8278/25 8279/7 8279/7
**detained [1]** 8311/11
**detention [4]** 8311/10 8316/2 8316/3 8323/4
**determination [2]** 8289/10 8307/25
**determine [1]** 8292/22
**development [1]** 8282/13
**deviate [1]** 8270/24
**did [14]** 8251/16 8251/18 8254/8 8273/2 8273/8 8279/24 8293/13 8306/23 8310/14 8323/1 8323/18 8324/1 8326/23 8329/19
**didn't [14]** 8261/17 8271/5 8272/18 8273/15 8284/11 8285/9 8285/16 8299/16 8301/17 8309/14 8315/25 8318/5 8321/18 8326/16
**different [22]** 8254/16 8257/11 8263/25 8274/25 8275/2 8286/17 8288/12 8288/22 8288/23 8288/25 8290/17 8293/5 8293/16 8293/17 8297/4 8300/13 8300/15

**D**

**different... [5]** 8301/9
8305/25 8314/13
8314/14 8314/15
**difficulties [1]** 8255/18
**difficulty [1]** 8258/11
**dilute [2]** 8265/2
8265/3
**direct [4]** 8263/4
8268/9 8268/13
8301/24
**direct evidence [1]**
8263/4
**directed [1]** 8276/21
**disabuses [1]** 8260/11
**disagree [5]** 8266/12
8266/24 8278/22
8278/25 8288/16
**disagrees [1]** 8304/11
**discharging [1]**
8315/15
**disclosed [1]** 8322/15
**disclosure [1]** 8322/3
**discovery [1]** 8301/25
**discuss [3]** 8250/5
8328/10 8336/1
**discussed [1]** 8270/1
**discussion [2]** 8263/12
8263/16
**discussions [1]**
8270/11
**dispute [1]** 8253/19
**disputing [1]** 8288/14
**disqualified [2]**
8296/19 8296/20
**distinctions [1]**
8309/15
**distribute [1]** 8289/23
**DISTRICT [6]** 8245/1
8245/1 8245/10
8282/18 8289/20
8319/5
**do [54]** 8250/8 8251/1
8256/3 8257/2 8257/21
8258/18 8266/12
8266/24 8267/2
8272/24 8273/22
8277/22 8283/11
8283/24 8284/1 8284/7
8286/13 8288/3 8288/5
8291/16 8293/8
8294/14 8297/6
8300/13 8305/7 8306/1
8306/24 8308/6
8313/22 8319/6
8319/15 8320/24
8321/22 8322/8
8323/17 8324/6 8325/4
8325/5 8325/6 8325/10
8327/3 8330/6 8330/8
8331/2 8331/16
8331/25 8332/15
8332/20 8332/24
8333/1 8333/6 8333/20
8333/20 8336/4
**do you [2]** 8266/12
8266/24
**do you have [1]**

**document [5]** 8302/2
8302/18 8305/14
8323/6 8323/11
**does [22]** 8250/18
8252/8 8253/20 8256/6
8258/7 8258/22 8260/5
8264/10 8264/24
8272/3 8274/20 8285/2
8285/9 8287/20 8288/2
8288/3 8290/16
8292/20 8297/9 8298/5
8311/21 8321/14
**doesn't [21]** 8252/17
8255/1 8255/1 8257/25
8267/6 8270/16
8270/24 8284/1 8284/5
8286/4 8287/19
8287/23 8292/25
8292/25 8300/14
8308/10 8313/14
8315/11 8316/14
8316/23 8317/5
**doing [8]** 8249/24
8299/17 8299/21
8324/10
**dollars [1]** 8330/1
**don't [83]** 8252/1
8256/13 8257/4 8257/6
8257/8 8258/5 8259/16
8260/19 8261/9
8261/13 8261/17
8263/15 8263/17
8267/21 8267/22
8269/7 8269/24 8270/4
8272/11 8275/15
8276/19 8276/23
8277/1 8278/11
8278/12 8279/8 8282/6
8282/23 8283/5
8283/14 8284/4
8285/11 8285/16
8286/17 8287/2 8288/6
8288/13 8288/13
8289/5 8289/8 8290/10
8292/9 8292/24
8293/20 8299/5 8299/8
8300/8 8300/17
8301/18 8302/6
8304/11 8307/12
8308/9 8308/19 8310/2
8312/1 8312/19
8313/20 8313/21
8314/8 8314/16 8317/7
8317/9 8317/16 8320/1
8321/7 8321/13
8321/23 8322/15
8323/21 8324/19
8325/16 8326/22
8326/24 8328/6
8328/16 8329/24
8331/4 8331/22
8332/24 8334/3 8334/6
8334/20
**done [10]** 8253/10
8275/9 8298/2 8298/3
8306/14 8318/4
8324/25 8331/19

**door [1]** 8277/15
**doubt [6]** 8265/5
8266/10 8266/14
8280/10 8283/3
8318/24
**down [5]** 8267/11
8270/17 8275/19
8322/3 8332/17
**draft [3]** 8250/9
8250/12 8251/7
**drama [1]** 8321/2
**draw [3]** 8279/21
8289/15 8289/16
**drawn [1]** 8269/2
**dress [1]** 8335/22
**drew [1]** 8290/20
**Drive [1]** 8247/12
**driving [1]** 8293/19
**Drug [1]** 8286/24
**Drug-induced [1]**
8286/24
**dry [1]** 8316/5
**due [1]** 8324/15
**duration [1]** 8325/23
**during [1]** 8326/13
**duty [1]** 8315/15

**E**

**each [6]** 8286/12
8286/13 8289/21
8324/4 8325/5 8328/24
**earlier [3]** 8274/11
8303/10 8324/14
**early [4]** 8309/18
8311/24 8313/11
8320/21
**early November [1]**
8313/11
**easily [1]** 8326/11
**Edmund [1]** 8247/2
**Edward [3]** 8246/10
8249/8 8249/13
**Edward Tarpley [1]**
8249/13
**Edwards [3]** 8245/16
8249/10 8323/17
**edwardtarpley [1]**
8246/12
**effect [2]** 8285/9
8334/6
**Eighth [1]** 8297/4
**either [12]** 8264/8
8265/10 8265/11
8265/17 8266/15
8281/5 8281/15
8284/21 8285/15
8288/6 8301/18
8334/17
**Electoral [4]** 8280/16
8284/25 8313/17
8316/10
**electronic [1]** 8250/20
**element [9]** 8281/2
8281/2 8281/14 8283/3
8283/11 8283/24
8284/6 8285/12
8296/21

**elements [1]** 8265/20
8266/8 8276/1 8280/3
8281/1 8281/9 8281/22
8282/7 8282/16
8282/21 8282/21
8284/17 8289/21
8285/9 8287/20 8288/2
**eleven [1]** 8323/10
**elicited [1]** 8268/15
**eliminate [1]** 8285/3
**ELMER [3]** 8245/6
8246/2 8249/6
**Elmer Stewart Rhodes
III [1]** 8249/6
**else [7]** 8269/21
8290/20 8290/24
8325/14 8328/10
8335/3 8335/25
**elsewhere [4]** 8259/7
8269/12 8282/12
8282/22
**email [13]** 8245/18
8245/19 8246/5 8246/9
8246/12 8246/16
8247/5 8247/10
8247/14 8247/19
8272/25 8286/22
8300/21
**emailed [1]** 8251/2
**emails [1]** 8250/6
**Empire [4]** 8247/17
8252/21 8253/24
8254/1
**Empire's [1]** 8253/16
**encompasses [1]**
8274/14
**end [13]** 8260/9
8273/18 8299/21
8309/18 8315/5
8316/23 8317/5
8320/19 8321/2
8321/15 8331/24
8332/6 8332/25
**ends [2]** 8319/21
8319/23
**engage [4]** 8252/9
8255/25 8256/24
8257/18
**engaged [5]** 8281/6
8281/16 8284/22
8318/9 8319/24
**Engram [1]** 8303/22
**enjoin [1]** 8254/8
**enough [4]** 8255/8
8317/14 8322/23
8325/22
**enter [2]** 8263/5
8264/14
**entered [1]** 8276/7
**entirely [1]** 8300/13
**entitled [2]** 8325/5
8325/6
**entry [1]** 8318/16
**erroneous [1]** 8302/4
**especially [2]** 8264/25
8282/7
**essentially [4]** 8253/11
8274/6 8274/8 8310/2
**establish [1]** 8318/21

**establish [1]**
8266/8 8276/1 8280/3
8281/1 8281/9 8281/22

8251/23 8290/1
**establishes [1]**
8318/23
**et [5]** 8245/6 8278/16
8280/22 8308/1
8313/18
**et cetera [3]** 8278/16
8280/22 8313/18
**Europe [1]** 8330/1
**evacuated [1]** 8285/8
**even [9]** 8251/11
8267/4 8292/24 8293/4
8293/9 8307/6 8310/1
8313/9 8316/3
**evening [1]** 8303/15
**event [8]** 8254/22
8267/18 8270/6
8273/21 8288/7
8293/19 8312/17
8322/8
**ever [2]** 8270/7
8334/10
**every [4]** 8300/20
8308/10 8315/23
8323/2
**everybody [10]**
8250/18 8250/19
8251/9 8253/12 8262/8
8262/11 8279/6 8334/5
8334/7 8336/2
**everybody's [1]**
8289/15
**everyone [4]** 8249/3
8249/23 8313/9 8335/3
**everything [1]** 8288/10
**evidence [40]** 8251/8
8251/10 8251/11
8251/16 8251/18
8251/20 8252/2
8253/22 8255/20
8256/2 8256/20 8257/1
8257/14 8257/20
8263/1 8263/4 8265/25
8266/14 8270/9
8270/10 8271/21
8272/17 8272/18
8276/6 8287/9 8293/1
8293/14 8295/14
8301/21 8311/13
8311/19 8312/7
8313/14 8313/16
8314/9 8314/13
8314/18 8318/23
8319/8 8329/13
**evidentiary [2]** 8293/9
8322/8
**exact [1]** 8318/22
**exactly [2]** 8267/12
8303/13
**examination [3]**
8268/7 8268/9 8268/14
**examine [1]** 8323/8
**example [5]** 8254/21
8293/22 8304/1 8308/6
8330/14
**except [2]** 8271/11
8295/23

# E

**exceptions [1]** 8252/17
**exchanged [1]** 8297/25
**excuse [4]** 8279/5
8281/21 8309/22
8315/8
**execution [4]** 8276/22
8277/22 8316/19
8317/14
**exhibit [9]** 8300/4
8300/5 8305/12
8305/13 8305/16
8305/19 8305/20
8305/21 8334/3
**Exhibit 12 [1]** 8334/3
**exhibits [3]** 8304/21
8306/3 8306/5
**exist [1]** 8282/16
**existed [3]** 8266/13
8272/1 8292/3
**existence [3]** 8262/20
8263/1 8271/21
**exists [1]** 8282/6
**expecting [1]** 8328/12
**expeditiously [1]**
8331/9
**expend [1]** 8326/7
**expert [5]** 8303/25
8304/3 8304/5 8304/13
8305/14
**experts [1]** 8298/18
**explaining [2]** 8267/12
8289/21
**explicit [8]** 8263/4
8264/10 8267/6
8268/23 8269/18
8269/22 8270/21
8279/4
**explicitly [5]** 8265/14
8266/15 8266/20
8266/22 8271/12
**expressed [3]** 8252/11
8265/11 8305/2
**extends [1]** 8252/11
**extent [7]** 8260/10
8260/11 8275/1 8275/8
8299/1 8299/9 8305/4

# F

**F.2d [1]** 8274/18
**F.3d [7]** 8274/17
8275/20 8275/22
8275/22 8275/24
8275/24 8289/17
**F.3d, [1]** 8274/5
**fact [5]** 8276/23 8279/7
8284/8 8312/1 8325/16
**facts [2]** 8253/19
8278/4
**failure [1]** 8301/1
**fairly [3]** 8267/21
8306/17 8308/19
**fall [1]** 8319/7
**family [1]** 8327/6
**far [6]** 8272/17 8275/19
8299/4 8299/8 8309/20
8318/1
**farm [1]** 8311/4

**fashioning [1]** 8258/11
**FBI [1]** 8300/5
**federal [6]** 8255/23
8256/22 8257/16
8260/9 8302/12 8303/2
**felon [1]** 8296/11
**felony [2]** 8254/9
8296/19
**few [3]** 8304/12
8309/10 8326/8
**fifth [1]** 8281/10
**figured [1]** 8328/21
**file [5]** 8300/14
8300/17 8301/1
8301/17 8323/2
**filed [7]** 8251/13
8302/16 8303/2
8322/25 8322/25
8323/1 8323/3
**files [1]** 8300/20
**filing [3]** 8301/13
8322/24 8323/9
**filings [1]** 8322/22
**final [2]** 8303/11
8320/17
**finalize [1]** 8319/16
**finalized [1]** 8295/7
**find [16]** 8263/9
8269/25 8270/3
8276/13 8279/24
8280/24 8283/6 8286/9
8286/20 8287/4 8312/1
8318/18 8326/6
8326/16 8331/23
8334/25
**findings [1]** 8253/22
**fine [6]** 8279/14
8296/23 8323/11
8325/9 8325/18 8331/7
**finger [1]** 8293/4
**finish [2]** 8329/17
8329/22
**fire [1]** 8285/7
**firearm [5]** 8251/21
8251/22 8255/23
8256/23 8257/19
**firearms [9]** 8255/15
8255/21 8256/1 8256/7
8256/21 8257/1
8257/15 8257/19
8258/8
**first [21]** 8251/7 8252/8
8252/17 8259/5 8264/4
8264/4 8264/6 8266/5
8266/12 8266/25
8271/17 8277/18
8281/2 8281/22
8291/11 8291/12
8292/6 8295/10
8306/21 8307/9
8315/19
**First Amendment [2]**
8252/8 8252/17
**Fischer [16]** 8247/16
8247/16 8249/18
8272/25 8273/8
8276/17 8277/23

**8319/21 8319/24**
8320/17 8321/11
8321/14 8322/19
**Fischer's [3]** 8277/5
8277/8 8322/7
**fischerandputzi [1]**
8247/19
**fit [1]** 8324/8
**five [4]** 8285/5 8292/4
8328/24 8329/7
**flag [2]** 8305/1 8305/3
**flagging [1]** 8332/3
**flesh [1]** 8298/20
**fleshed [1]** 8279/8
**flexible [1]** 8329/21
**float [1]** 8325/15
**fluid [1]** 8321/25
**fly [2]** 8299/17 8331/11
**fold [1]** 8319/3
**folded [2]** 8264/2
8264/18
**folks [4]** 8266/1 8270/7
8275/14 8322/16
**following [1]** 8252/7
**follows [3]** 8284/19
8285/22 8300/23
**force [1]** 8317/15
**foregoing [1]** 8337/3
**foreseeable [5]**
8280/11 8281/5
8281/16 8283/1
8284/22
**forgive [2]** 8295/22
8316/15
**forgiveness [1]** 8333/8
**forgot [3]** 8300/5
8300/6 8332/21
**form [2]** 8262/17
8270/5
**formation [1]** 8254/4
**formed [2]** 8264/22
8272/4
**FormerFeds [1]**
8247/12
**formerfedsgroup.com**
[1] 8247/14
**formulated [1]** 8310/5
**formulation [5]**
8280/18 8282/6
8282/13 8284/10
8284/10
**forth [5]** 8256/10
8276/6 8291/21 8292/2
8292/8
**forward [7]** 8254/18
8273/10 8295/16
8301/20 8302/18
8302/25 8332/16
**found [1]** 8290/23
**four [3]** 8276/24
8276/25 8277/1 8285/5
8289/9
**fourth [1]** 8281/10
**frankly [6]** 8267/17
8270/24 8273/19
8316/8 8331/17
8331/18

**free [1]** 8253/17
**freedom [1]** 8254/11
**Friday [6]** 8331/22
8332/1 8332/11
8332/15 8332/17
8333/6
**front [3]** 8246/15
8309/9 8333/7
**full [2]** 8332/1 8333/6
**fully [2]** 8279/8 8320/1
**fundamental [1]**
8326/10
**funds [1]** 8326/7
**further [4]** 8256/8
8258/9 8279/1 8315/2
**furtherance [3]**
8312/24 8313/8
8313/23
**future [1]** 8294/7

# G

**G-i-b-o-n-e-y [1]**
8252/21
**gap [1]** 8329/24
**general [4]** 8276/11
8278/11 8296/25
8317/10
**get [37]** 8250/19
8255/16 8260/5 8264/1
8270/16 8270/19
8273/3 8273/15
8274/22 8277/24
8288/21 8289/5
8292/25 8294/6
8294/12 8294/18
8294/24 8295/15
8297/25 8298/1 8298/3
8298/10 8299/7
8299/16 8301/7
8313/14 8320/7 8320/8
8322/11 8323/15
8324/25 8325/10
8328/8 8331/5 8332/1
8333/16 8333/20
**get-go [2]** 8270/16
8270/19
**gets [3]** 8265/18
8289/19 8308/13
**getting [4]** 8252/2
8324/20 8332/5 8332/5
**Geyer [11]** 8247/11
8249/16 8298/14
8299/14 8299/23
8303/1 8303/4 8320/20
8322/10 8323/13
8329/2
**Giboney [4]** 8252/19
8252/19 8252/20
8253/14
**give [15]** 8253/1
8269/20 8269/25
8270/20 8274/13
8288/17 8293/3 8293/9
8294/2 8298/1 8306/25
8320/23 8321/3
8321/17 8321/20
**give it [1]** 8293/3

**8283/16 8290/16**
8290/23 8292/19
8292/25 8294/5 8319/5
8328/13
**gives [1]** 8270/22
**Glen [1]** 8247/18
**gmail.com [1]** 8246/9
**go [21]** 8252/4 8257/24
8259/18 8260/14
8269/15 8269/20
8270/12 8270/16
8270/19 8275/19
8291/5 8307/6 8307/18
8307/23 8309/20
8315/21 8317/7
8332/16 8332/17
8334/1 8335/6
**go ahead [1]** 8291/5
**goal [2]** 8276/3 8276/4
**goes [2]** 8264/11
8268/4 8301/2 8304/8
8308/2 8315/1
**going [46]** 8255/4
8257/22 8259/3
8261/19 8263/11
8265/23 8267/11
8268/3 8268/17 8269/7
8270/8 8271/3 8273/18
8273/21 8275/11
8277/11 8279/2
8279/12 8293/20
8295/5 8295/9 8297/16
8298/2 8304/23 8307/4
8312/25 8313/18
8314/9 8320/17
8320/22 8320/25
8321/2 8321/9 8321/10
8325/1 8325/16
8325/23 8327/25
8328/1 8330/6 8330/13
8330/18 8331/23
8332/14 8332/17
**gone [1]** 8256/10
**good [4]** 8249/2
8249/23 8321/2 8321/3
**Good morning [1]**
8249/2
**got [10]** 8251/4 8273/5
8273/6 8276/21
8292/12 8293/2 8294/8
8294/15 8300/5
8322/19
**gotten [2]** 8251/3
8326/8
**government [67]**
8245/14 8249/11
8252/7 8255/5 8262/6
8262/11 8262/22
8262/24 8265/25
8266/9 8266/25
8270/13 8271/18
8272/21 8273/20
8274/4 8276/1 8276/6
8277/11 8277/23
8277/20 8280/5
8280/10 8283/3 8283/9

**government... [42]**
8284/9 8287/22 8289/5
8291/6 8292/10
8293/24 8295/15
8299/3 8299/7 8299/11
8301/5 8301/9 8302/9
8305/12 8305/13
8305/15 8305/19
8307/24 8308/8
8308/10 8308/15
8309/5 8309/16
8310/13 8311/17
8312/5 8313/1 8313/3
8313/21 8314/14
8314/18 8317/7
8320/10 8320/12
8320/23 8320/25
8322/6 8322/20 8331/7
8332/19 8335/15
8335/24

**government's [20]**
8250/9 8250/13 8251/7
8266/12 8271/8
8271/11 8275/6 8277/7
8283/16 8287/1
8292/20 8304/20
8306/10 8309/9
8310/18 8314/1 8316/1
8316/13 8333/4
8334/14

**governmental [1]**
8277/13
**Governor [1]** 8247/17
**grand [3]** 8310/13
8310/14 8317/20
**great [4]** 8300/1 8312/8
8328/9 8331/3
**Greene [3]** 8268/7
8268/9 8268/14
**grenades [1]** 8251/17
**group [1]** 8292/9
**guess [12]** 8259/21
8285/17 8285/25
8287/8 8291/15
8303/15 8303/17
8308/3 8313/24 8318/5
8328/11 8331/23
**guilty [8]** 8260/16
8276/13 8286/10
8287/3 8287/5 8287/5
8287/16 8293/23
**guns [1]** 8260/15
**guy [2]** 8285/7 8293/5

**H**

**had [32]** 8249/22
8250/14 8250/14
8250/15 8250/16
8251/13 8252/7
8255/15 8255/24
8256/5 8256/10
8256/24 8257/18
8259/4 8259/18
8259/19 8262/18
8268/2 8270/1 8274/11
8276/8 8278/20 8280/5
8280/17 8298/19

8307/21 8316/16
8329/20 8335/12
**half [3]** 8328/18
8332/15 8332/15
**Haller [10]** 8247/6
8247/7 8249/14
8249/24 8261/16
8298/9 8299/14
8303/11 8305/22
8320/20
**Haller's [1]** 8298/13
**hallerjulia [1]** 8247/10
**hand [4]** 8264/11
8264/11 8264/16
8264/16
**handed [3]** 8263/9
8269/5 8272/17
**handedness [1]**
8264/19
**handful [1]** 8329/19
**handle [1]** 8319/10
**handled [1]** 8301/8
**hang [2]** 8323/15
8325/25
**happen [4]** 8305/4
8315/25 8320/15
8328/2
**happened [2]** 8308/16
8315/2
**happening [1]** 8267/23
**happens [1]** 8328/2
**happy [12]** 8264/20
8268/22 8283/7
8283/11 8295/13
8296/4 8318/3 8319/2
8320/15 8324/6
8325/23 8333/9
**Harrelson [10]** 8247/11
8249/7 8249/16
8249/21 8301/15
8301/17 8302/16
8302/17 8323/4 8323/8
**Harrelsons [1]** 8323/1
**Harris [1]** 8274/18
**Harrisburg [1]** 8246/15
**has [55]** 8254/10
8254/18 8255/5
8259/22 8260/23
8262/1 8262/22
8262/24 8266/25
8269/12 8270/13
8270/17 8271/18
8272/22 8273/14
8276/17 8277/4
8277/22 8280/13
8282/3 8282/4 8283/5
8283/9 8283/23
8283/24 8285/8
8285/24 8287/11
8290/12 8290/15
8291/23 8292/10
8293/24 8301/3 8301/5
8303/2 8305/19 8306/1
8310/13 8310/18
8314/1 8314/8 8314/13
8314/18 8315/2
8318/11 8320/10

8322/14 8322/17
8325/22 8333/20
8334/12 8335/8
**hasn't [8]** 8254/19
8273/20 8282/17
8301/19 8301/20
8308/8 8311/13 8312/7
**hatched [1]** 8308/22
8310/19
**have [103]**
**haven't [8]** 8251/3
8290/15 8298/19
8299/2 8299/6 8300/11
8304/23 8326/8
**having [6]** 8254/24
8299/19 8304/6 8314/3
8314/17 8331/2
**haze [1]** 8286/24
**he [22]** 8255/25
8256/25 8257/19
8268/5 8271/6 8281/6
8281/16 8284/22
8293/13 8293/14
8293/15 8293/16
8298/12 8301/18
8301/20 8303/1
8301/20 8303/18
8322/17 8323/23
8330/23 8330/24
**he's [7]** 8258/6
8301/18 8303/12
8321/7 8321/10
8322/14 8322/15
**head [2]** 8304/11
8333/18
**hear [4]** 8265/23
8271/5 8309/14
8328/24
**heard [8]** 8255/20
8256/20 8257/14
8275/6 8275/9 8306/9
8306/21 8322/10
**hearing [4]** 8291/12
8292/7 8294/5 8307/9
**hearings [2]** 8311/10
8316/2
**heavy [4]** 8263/9
8264/19 8269/5
8272/17
**heavy-handed [3]**
8263/9 8269/5 8272/17
**heavy-handedness [1]**
8264/19
**held [2]** 8296/13
8310/13
**helpful [3]** 8269/19
8282/13 8305/4
**helping [1]** 8269/20
**her [4]** 8302/16
8325/23 8326/4 8326/8
**here [36]** 8250/5
8251/10 8253/20
8255/10 8259/7
8263/12 8265/22
8266/5 8269/18 8270/2
8275/2 8282/1
8282/16 8282/19

8284/4 8287/9 8290/22
8291/5 8291/14
8291/20 8291/23
8294/5 8295/7 8296/2
8299/5 8318/5 8328/4
8328/6 8330/13
8330/19 8331/2 8331/9
8332/7 8333/21
**here's [4]** 8255/20
8275/8 8277/24
8278/10
**hesitated [1]** 8325/14
**Hey [1]** 8308/7
**Hi [1]** 8298/9
**highlight [1]** 8270/23
**highlighted [1]**
8250/16
**Highway [1]** 8247/17
**Hill [1]** 8317/22
**him [2]** 8301/19 8304/1
**himself [1]** 8301/20
**hinder [1]** 8276/15
**hindered [1]** 8278/1
**hinted [1]** 8321/12
**his [10]** 8300/8
8301/18 8303/5
8303/14 8304/10
8304/15 8305/14
8320/2 8320/17
8321/15
**history [1]** 8302/4
**hold [1]** 8260/10
**holding [2]** 8254/16
8289/19
**holiday [1]** 8303/18
**home [2]** 8325/3
8325/23
**honesty [2]** 8301/2
8321/6
**Honor [75]** 8249/2
8249/4 8249/25 8250/2
8251/4 8251/12
8251/19 8251/23
8256/4 8256/12
8256/14 8257/24
8258/19 8258/22
8259/7 8259/9 8261/25
8263/23 8265/8
8265/16 8265/22
8267/19 8268/24
8271/2 8272/3 8272/9
8272/12 8273/16
8275/18 8277/4
8279/14 8279/24
8281/11 8284/14
8285/2 8287/21
8293/12 8294/3 8295/1
8298/5 8298/22 8299/2
8299/17 8299/22
8299/24 8300/2
8302/15 8302/20
8304/19 8305/10
8305/11 8306/24
8308/14 8310/8 8311/5
8312/14 8314/3
8315/19 8317/4

8321/10 8321/17
8322/5 8322/22
8323/12 8323/20
8325/12 8326/20
8327/17 8329/1
8329/12 8331/21
**Honor's [4]** 8263/24
8264/18 8288/8 8332/2
**HONORABLE [1]**
8245/9
**hope [2]** 8249/24
8328/14
**hopefully [2]** 8294/6
8320/3
**hoping [1]** 8328/17
**hospital [2]** 8286/25
8325/13
**host [1]** 8325/23
**hotmail.com [1]**
8247/19
**hour [1]** 8329/5
**hours [4]** 8285/5
8321/19 8321/21
8328/18
**housekeeping [1]**
8304/20
**how [13]** 8253/13
8266/8 8272/18
8274/22 8292/7
8292/12 8297/6
8316/24 8328/23
8328/24 8330/16
8331/22 8332/13
**however [9]** 8252/9
8256/1 8256/7 8257/1
8257/20 8258/7 8262/3
8270/23 8280/24
**Hughes [2]** 8245/15
8249/10
**Hurt [2]** 8274/5
8274/15
**hypothetically [3]**
8285/4 8288/15
8288/16

**I**

**I also [2]** 8291/4
8300/25
**I am [3]** 8250/2
8262/22 8283/7
**I apologize [1]** 8273/16
**I assume [2]** 8328/21
8335/11
**I believe [10]** 8251/23
8252/15 8269/3 8282/5
8302/23 8303/1
8305/12 8320/20
8321/4 8324/15
**I can [5]** 8302/1 8320/8
8321/19 8325/13
8329/2
**I can't [1]** 8307/5
**I certainly [1]** 8292/4
**I didn't [1]** 8284/11
**I don't [18]** 8259/16
8275/5 8276/19
8285/11 8287/2 8288/6
8288/13 8302/6

8346

**I don't...** [10] 8304/11
8308/9 8320/1 8321/7
8325/16 8326/22
8328/6 8328/16
8332/24 8334/6
**I don't have** [2] 8299/5
8331/4
**I guess** [5] 8285/25
8287/8 8303/15
8303/17 8328/11
**I have** [7] 8260/6
8275/25 8291/2
8295/17 8304/24
8326/5 8334/8
**I haven't** [5] 8251/3
8290/15 8300/11
8304/23 8326/8
**I hope** [1] 8249/24
**I just** [9] 8251/9
8268/18 8279/10
8305/1 8306/12
8324/12 8325/17
8327/21 8329/10
**I know** [4] 8293/19
8298/9 8301/8 8328/12
**I mean** [36] 8260/17
8262/8 8262/10
8266/11 8275/15
8279/21 8283/15
8285/14 8286/2 8286/3
8287/23 8288/13
8288/21 8292/17
8293/18 8295/24
8297/17 8300/25
8302/8 8302/11
8302/12 8306/14
8309/16 8316/12
8316/13 8316/24
8319/1 8321/21
8324/19 8324/20
8325/8 8326/16 8328/8
8331/1 8331/12
8331/16
**I recall** [1] 8286/23
**I should** [4] 8252/13
8268/10 8282/17
8329/15
**I think** [72] 8250/10
8250/15 8252/8 8255/8
8258/11 8260/11
8261/4 8261/9 8262/10
8265/3 8265/17
8265/19 8265/21
8265/22 8266/21
8267/2 8269/19
8272/20 8272/20
8276/17 8279/2 8279/5
8279/10 8280/24
8282/2 8283/11
8283/15 8284/10
8285/20 8286/5
8286/22 8287/21
8288/11 8288/21
8289/9 8292/9 8292/15
8295/2 8295/19
8296/24 8300/3
8300/24 8303/9

8304/17 8304/19
8304/21 8305/1
8306/10 8307/7
8314/13 8317/17
8318/11 8319/20
8320/4 8320/8 8322/5
8322/10 8322/20
8326/10 8326/18
8328/1 8328/2 8328/8
8329/4 8329/8 8329/19
8330/8 8330/9 8330/9
8334/17
**I thought** [6] 8259/4
8259/25 8261/20
8272/17 8306/2
8307/19
**I understand** [1]
8309/16
**I want** [3] 8268/21
8273/2 8302/3
**I was** [4] 8261/19
8307/2 8307/21
8320/25
**I will** [4] 8300/17
8301/10 8309/11
8321/19
**I won't** [1] 8334/5
**I would** [1] 8330/9
**I'd** [3] 8292/7 8308/12
8335/9
**I'll** [34] 8257/13
8257/22 8257/24
8258/4 8261/10
8268/17 8268/18
8268/21 8270/20
8270/20 8270/23
8282/1 8292/19 8293/9
8294/1 8294/2 8297/5
8299/20 8301/6
8302/18 8302/25
8309/20 8312/10
8318/18 8320/7
8320/11 8320/23
8321/1 8321/2 8321/17
8328/23 8333/7
8333/25 8335/13
**I'll look** [1] 8292/19
**I'm** [62] 8250/13
8250/17 8253/2
8257/22 8259/24
8263/19 8266/18
8267/16 8267/17
8267/19 8268/5
8268/20 8268/22
8269/7 8272/10
8275/22 8276/19
8278/7 8279/2 8279/12
8283/11 8283/23
8285/25 8286/7 8288/2
8290/18 8295/9
8295/13 8296/4 8296/4
8296/10 8296/12
8299/1 8306/2 8306/17
8307/4 8311/15
8311/15 8311/16
8312/16 8313/24
8316/12 8318/1 8318/3

8321/9 8321/10
8323/25 8324/20
8324/24 8326/11
8328/5 8328/12
8328/17 8330/2
8330/21 8332/3 8333/6
8333/9 8335/15
**I'm going** [1] 8307/4
**I'm just** [1] 8272/10
**I'm not** [6] 8259/24
8269/7 8279/2 8283/23
8321/9 8324/20
**I'm not sure** [3]
8267/17 8288/2
8324/24
**I'm sorry** [7] 8253/2
8275/22 8296/10
8296/12 8311/15
8312/16 8328/5
**I'm sure** [2] 8268/20
8335/15
**I've** [21] 8250/5 8251/4
8255/11 8256/18
8258/4 8262/22 8283/7
8289/2 8290/16
8290/23 8292/19
8293/2 8297/3 8299/9
8300/5 8304/23
8310/12 8318/4
8328/17 8330/1
8335/12
**ice** [2] 8252/21 8254/1
**Ice Co** [1] 8252/21
**idea** [5] 8260/6 8265/2
8265/4 8270/6 8283/20
**identified** [1] 8276/16
**identifying** [1] 8274/19
**Idowu** [1] 8275/23
**II** [2] 8276/25 8278/15
**III** [4] 8245/6 8246/2
8249/6 8277/1
**immaterial** [1] 8285/17
**immediate** [1] 8253/23
**immediately** [2]
8326/25 8333/5
**immunity** [1] 8254/12
**impeach** [1] 8301/19
**impeachable** [1]
8302/12
**impeachment** [1]
8300/22
**impeded** [2] 8273/25
8281/3
**implications** [1]
8300/15
**implicit** [14] 8264/10
8264/22 8265/20
8267/6 8267/7 8267/8
8267/23 8268/23
8269/6 8269/18
8269/23 8270/13
8270/22 8279/4
**implicitly** [10] 8264/5
8265/15 8266/1
8266/16 8266/20
8266/22 8267/3
8267/12 8267/13

**implied** [1] 8265/11
**important** [8] 8256/9
8264/1 8264/9 8264/12
8264/25 8294/14
8303/4 8318/6
**impose** [1] 8323/17
**impress** [1] 8329/25
**impression** [1]
8306/22
**improper** [1] 8314/6
**inaccurate** [1] 8305/21
**inappropriate** [5]
8256/14 8261/5
8279/12 8309/4 8317/8
**incidents** [1] 8274/14
**inclined** [8] 8256/12
8259/25 8262/3
8262/22 8263/19
8286/7 8306/24 8330/2
**include** [17] 8255/4
8255/12 8258/4 8258/6
8258/22 8259/25
8269/8 8269/14
8272/21 8279/2
8279/13 8283/1
8286/16 8290/19
8319/2 8324/8 8325/13
**included** [10] 8252/7
8256/10 8263/8
8264/17 8273/1
8284/10 8309/24
8310/1 8318/11 8324/9
**includes** [2] 8280/6
8284/20
**including** [10] 8256/8
8258/8 8274/16
8279/11 8285/24
8285/25 8309/10
8323/3 8327/7 8328/15
**inclusion** [1] 8285/21
**inconsistency** [1]
8284/4
**inconsistent** [1]
8309/8
**incorporate** [3]
8314/25 8318/3 8324/3
**incorporated** [1]
8250/14
**incorporates** [2]
8315/21 8315/23
**Indeed** [1] 8278/21
**indict** [1] 8310/14
**indicted** [2] 8310/13
8317/20
**indictment** [31] 8278/6
8289/9 8289/10
8306/18 8306/23
8307/18 8307/23
8308/7 8308/9 8308/18
8309/21 8310/9
8310/17 8311/8
8311/20 8311/21
8314/25 8315/18
8316/16 8316/17
8316/23 8317/3 8317/8
8317/18 8317/22
8318/2 8318/7 8318/20

8311 8319/14
8324/4
**indictment says** [1]
8317/3
**indictments** [1] 8316/3
**individual** [3] 8286/4
8289/7 8295/12
**individuals** [3] 8255/21
8256/21 8257/15
**induced** [1] 8286/24
**indulgence** [2]
8251/12 8261/23
**infer** [3] 8255/24
8256/24 8257/17
**inference** [1] 8311/19
**information** [6]
8299/10 8302/4 8302/7
8303/4 8322/11
8323/10
**initially** [1] 8256/6
**injunction** [2] 8253/15
8254/8
**inquiry** [1] 8326/5
**insert** [2] 8291/25
8292/1
**inserted** [1] 8280/25
**inside** [1] 8317/13
**Insofar** [1] 8295/17
**instance** [1] 8260/23
**instances** [1] 8262/23
**instead** [5] 8266/19
8268/21 8277/11
8309/2 8317/22
**instituted** [3] 8280/8
8280/9 8280/21
**instruct** [3] 8298/5
8298/7 8314/12
**instruction** [68] 8251/8
8252/3 8252/5 8252/6
8255/13 8255/14
8255/17 8256/13
8256/15 8258/4
8258/16 8258/20
8258/21 8259/5 8259/8
8259/20 8259/24
8260/19 8261/1
8261/10 8262/13
8262/19 8262/21
8263/13 8264/1 8264/3
8264/8 8264/17 8265/8
8266/6 8266/7 8266/19
8268/3 8269/8 8273/24
8274/3 8274/9 8274/13
8274/21 8274/25
8275/16 8276/9
8276/11 8276/16
8276/20 8279/6
8279/25 8283/5
8283/20 8285/22
8286/16 8288/9
8288/17 8290/13
8291/7 8291/13
8291/20 8292/8
8292/21 8295/6
8295/13 8309/24
8309/25 8312/3
8318/10 8318/12
8318/19 8319/4

**I**

**instructions [28]**
8250/5 8259/4 8262/20
8263/9 8263/21 8264/6
8269/3 8270/25
8282/20 8282/22
8290/8 8291/5 8291/10
8295/7 8297/22
8309/22 8309/23
8310/6 8318/4 8318/7
8319/3 8319/7 8319/8
8323/19 8324/7
8324/17 8333/5
8333/22
**Insurrection [2]**
8295/20 8297/15
**Insurrection Act [2]**
8295/20 8297/15
**integral [4]** 8252/10
8254/12 8254/17
8255/3
**integrated [1]** 8254/6
**intended [1]** 8276/15
**intends [1]** 8320/18
**intent [7]** 8265/5
8276/3 8289/22 8296/3
8296/16 8303/23
8304/7
**intentional [2]** 8265/2
8265/6
**intentionally [1]**
8265/3
**interesting [1]** 8327/1
**interestingly [1]**
8326/24
**interfere [1]** 8313/16
**interference [1]**
8277/12
**interpretation [1]**
8266/22
**interpreting [1]** 8274/6
**interrupt [1]** 8305/22
**intimidate [1]** 8253/11
**intrinsic [2]** 8251/19
8251/25
**introduce [1]** 8251/24
**invitation [1]** 8305/7
**involved [3]** 8253/6
8293/15 8311/12
**involves [1]** 8252/23
**involving [2]** 8254/23
8287/12
**irony [1]** 8283/22
**irrelevant [3]** 8259/14
8261/14 8271/16
**is [283]**
**is there [1]** 8324/24
**isn't [1]** 8285/14
**isolation [1]** 8253/21
**issue [30]** 8251/7
8258/1 8265/24
8267/24 8268/6 8270/8
8272/23 8273/21
8273/23 8277/5 8278/4
8280/4 8282/9 8285/20
8288/25 8289/13
8290/2 8300/4 8300/7
8300/25 8301/3 8303/7

8306/1 8317/6 8326/18
8327/2 8327/21
8332/24
**issues [8]** 8292/16
8295/4 8300/4 8304/9
8305/13 8312/25
8320/5 8326/3
**it [231]**
**it in [1]** 8289/4
**it up [1]** 8297/19
**it would be [2]** 8282/6
8309/3
**it's [82]** 8250/1
8252/15 8252/16
8252/18 8252/19
8253/3 8253/5 8253/15
8254/22 8254/24
8259/3 8259/17
8260/20 8261/13
8261/13 8262/9 8263/8
8264/6 8264/9 8265/21
8267/14 8267/14
8267/15 8268/7 8269/7
8270/16 8270/18
8272/14 8272/15
8272/15 8274/2
8274/19 8275/2
8276/24 8276/25
8277/1 8279/12 8284/3
8284/6 8284/7 8286/3
8286/8 8286/16
8286/17 8289/3 8289/6
8289/8 8289/15
8289/24 8291/7
8292/15 8293/1
8294/14 8294/16
8296/2 8296/15
8296/17 8296/17
8296/24 8300/16
8302/13 8302/15
8303/4 8304/12
8305/12 8305/14
8309/21 8311/18
8315/24 8316/8
8316/24 8318/16
8318/16 8327/17
8328/14 8328/16
8331/7 8333/21 8334/2
8334/4 8334/17
8335/11
**items [1]** 8251/25
**its [5]** 8254/11 8262/17
8271/25 8308/11
8316/19
**itself [4]** 8255/3 8260/3
8271/21 8284/2

**J**

**James [2]** 8246/7
8249/12
**James Lee Bright [1]**
8249/12
**January [23]** 8305/16
8308/17 8309/2 8309/6
8309/19 8310/15
8311/1 8312/7 8312/13
8312/15 8312/16

8315/5 8315/10
8315/13 8315/16
8316/11 8316/14
8316/20 8316/24
8317/5
**January 2021 [1]**
8312/15
**January 6th [14]**
8305/16 8308/17
8309/2 8309/6 8310/15
8311/1 8312/7 8312/17
8314/7 8315/13
8316/11 8316/14
8316/20 8316/24
**JC [4]** 8273/5 8323/16
8329/19 8332/11
**jcrisp [1]** 8246/16
**jeans [1]** 8335/20
**Jeffrey [2]** 8245/14
8249/9
**Jeffrey Nestler [1]**
8249/9
**jeffrey.nestler [1]**
8245/20
**Jencks [1]** 8321/3
**Jessica [2]** 8246/14
8249/8
**Jessica Watkins [1]**
8249/8
**jlbrightlaw [1]** 8246/9
**Joe [1]** 8316/9
**Joe Biden [1]** 8316/9
**Johnston [1]** 8246/11
**join [2]** 8311/25
8314/12
**joined [4]** 8312/2
8312/4 8313/10
8314/15
**joint [5]** 8256/11
8259/19 8280/15
8284/24 8324/7
**jointly [2]** 8256/17
8318/15
**Jonathan [2]** 8246/14
8249/17
**Jonathan Crisp [1]**
8249/17
**Jr [2]** 8246/10 8247/2
8253/1 8257/8 8257/10
8257/22 8282/4 8284/2
8290/8 8291/2 8311/9
8325/2 8334/10
**judgment [1]** 8335/9
**Juli [2]** 8247/6 8249/14
**Juli Haller [1]** 8249/14
**JULIA [1]** 8247/7
**jump [1]** 8275/18
**jurisdiction [1]**
8326/13
**jurisprudence [2]**
8254/20 8267/5
**juror [8]** 8286/1
8323/14 8323/16
8324/12 8325/21
8326/3 8326/13
8326/19

8276/24 8286/12
8286/14 8325/3 8330/5
8331/17 8332/9
8333/10 8333/11
8333/12 8333/17
8334/11
**jurors' [1]** 8326/1
**jury [56]** 8245/9 8250/5
8255/9 8259/9 8259/11
8259/13 8259/15
8260/2 8261/7 8266/2
8266/6 8266/7 8269/8
8269/19 8269/20
8269/25 8270/8
8270/25 8272/18
8277/16 8277/24
8278/8 8279/22 8282/4
8282/20 8283/20
8286/6 8286/9 8286/19
8287/3 8287/14
8289/21 8292/22
8306/19 8306/23
8307/23 8308/20
8308/25 8309/4 8309/5
8309/7 8309/9 8310/13
8310/14 8312/1 8312/9
8314/12 8317/1 8317/7
8317/9 8317/19
8317/20 8323/18
8324/17 8330/25
8334/18
**just [86]** 8250/23
8251/2 8251/9 8252/16
8252/16 8253/13
8258/22 8260/7 8261/5
8261/22 8261/23
8264/13 8265/13
8267/14 8268/18
8268/19 8268/21
8268/25 8269/10
8270/21 8271/24
8272/10 8273/5
8278/21 8279/10
8279/15 8279/19
8279/23 8279/24
8281/9 8281/11
8287/24 8288/15
8289/12 8289/14
8289/16 8289/19
8290/3 8290/8 8290/9
8291/1 8292/18
8294/21 8295/15
8297/20 8297/23
8299/16 8300/17
8300/19 8300/23
8301/13 8302/8
8302/10 8304/19
8305/1 8305/3 8306/12
8311/15 8312/3
8315/20 8315/25
8316/24 8319/20
8320/9 8320/12
8321/22 8322/24
8323/16 8324/12
8325/15 8325/17
8326/1 8327/15
8327/21 8328/11

8310/3 8332/3
8332/11 8332/12
8332/22 8332/23
8333/1 8333/15 8335/1
8335/6 8335/15
**Justices [1]** 8274/8

**K**

**K-A-Y-O-D-E [1]**
8274/17
**Kathryn [2]** 8245/14
8249/9
**Kathryn Rakoczy [1]**
8249/9
**kathryn.rakoczy [1]**
8245/19
**Kayode [1]** 8274/16
**keep [5]** 8262/2
8284/17 8286/7 8289/3
8289/3
**Keepers [1]** 8302/23
**Kelly [2]** 8247/2 8249/6
**Kelly Meggs [1]**
8249/6
**Kelly's [1]** 8299/4
**Kenneth [3]** 8247/11
8249/7 8302/16
**Kenneth Harrelson [1]**
8249/7
**kind [8]** 8252/16
8255/11 8282/24
8289/10 8309/24
8311/13 8322/23
8324/13
**knew [2]** 8276/7
8302/23
**know [83]** 8250/23
8253/9 8255/10
8259/16 8261/17
8262/10 8263/15
8264/7 8265/3 8265/5
8267/17 8267/21
8267/21 8267/22
8267/22 8268/14
8270/1 8270/10 8275/6
8275/7 8277/24 8278/1
8278/4 8279/2 8279/7
8279/10 8283/5
8283/14 8283/17
8285/16 8287/20
8288/1 8288/7 8288/13
8289/5 8290/10
8290/23 8293/19
8293/20 8294/1
8294/10 8295/14
8295/25 8296/25
8297/18 8298/9
8298/20 8299/3 8299/9
8300/8 8300/13 8301/8
8303/4 8303/17 8305/1
8307/13 8309/18
8309/25 8310/4 8316/5
8317/14 8318/6 8318/7
8318/9 8321/1 8321/4
8321/13 8322/15
8323/21 8324/19
8326/1 8326/21
8326/22 8326/24

**K**

know... [9] 8327/15
8328/12 8331/22
8332/10 8333/10
8334/3 8334/5 8334/24
8335/1
knowing [2] 8265/2
8265/5
knowingly [2] 8265/2
8327/2
knowledge [2] 8296/19
8296/21

**L**

L.T.'s [1] 8324/15
LA [1] 8246/11
labor [1] 8253/19
lack [2] 8323/9 8323/9
laid [1] 8300/21
language [23] 8255/5
8255/9 8256/5 8256/16
8258/11 8262/3
8262/24 8266/5
8270/13 8271/4
8271/18 8272/20
8273/1 8275/25
8278/21 8280/20
8281/7 8283/7 8283/13
8284/12 8285/21
8287/22 8324/5
LASSITER [1] 8246/3
last [20] 8250/12
8252/11 8258/16
8271/5 8271/7 8272/25
8280/14 8294/9 8295/4
8295/11 8309/1
8309/10 8310/15
8311/6 8317/21 8323/3
8323/18 8324/1 8328/3
8328/11
last-second [3] 8309/1
8310/15 8317/21
lasted [2] 8309/17
8317/23
late [4] 8309/18
8312/12 8312/12
8322/3
latency [1] 8299/19
later [2] 8263/2 8298/3
law [36] 8247/3 8247/7
8252/24 8254/7 8254/9
8255/6 8255/7 8255/23
8256/23 8257/16
8260/9 8265/7 8266/25
8268/20 8276/16
8277/25 8279/16
8279/24 8280/23
8282/13 8282/15
8284/7 8284/8 8286/9
8289/8 8294/22 8295/9
8295/17 8295/19
8295/23 8295/25
8296/25 8297/9
8297/13 8300/23
8317/15
Lawn [2] 8246/3
8246/7
laws [6] 8273/25

8256/22 8276/23
8277/22 8301/23
8316/19
lawyers [3] 8331/13
8333/13 8334/9
Leadership [1]
8305/16
leaning [1] 8285/25
least [11] 8250/15
8260/1 8289/9 8302/13
8309/21 8310/24
8314/19 8321/11
8322/12 8324/5 8330/2
leave [6] 8261/10
8270/20 8270/21
8270/23 8325/17
8333/14
leaves [1] 8266/22
Lee [2] 8246/7 8249/12
left [7] 8255/16 8263/6
8263/6 8264/15
8280/17 8289/11
8305/17
legal [5] 8266/3
8289/16 8296/21
8297/10 8327/23
legal-knowledge [1]
8296/21
legitimate [3] 8278/21
8279/15 8311/17
length [2] 8313/6
8328/13
less [2] 8269/19
8296/2
lesser [2] 8289/7
8296/1
let [13] 8250/23
8253/13 8268/19
8287/9 8292/18
8297/17 8299/3 8310/4
8320/12 8329/18
8332/9 8334/5 8335/1
let's [8] 8277/17
8285/3 8288/15
8289/11 8291/18
8307/3 8315/3 8332/4
Let's see [1] 8289/11
letter [1] 8322/24
letting [1] 8324/9
liability [8] 8285/21
8286/3 8286/6 8286/21
8287/25 8288/15
8288/22 8288/23
licensed [2] 8260/6
8260/6
lie [3] 8300/14 8300/16
8301/9
light [1] 8325/15
like [24] 8252/25
8257/9 8259/23 8260/1
8262/2 8269/18
8272/16 8285/14
8294/6 8299/9 8304/6
8306/18 8307/25
8308/12 8309/3 8322/2
8323/7 8329/9 8329/12
8330/24 8334/2 8334/2
8335/1 8335/9

**L** (cont.)

limited [1] 8316/11
limits [1] 8281/19
Linder [12] 8246/2
8246/3 8249/12
8250/23 8251/1
8263/10 8293/19
8300/9 8301/7 8316/2
8332/22 8335/20
line [14] 8252/8
8252/12 8252/13
8252/20 8254/4
8255/12 8258/6
8258/10 8258/16
8259/22 8271/10
8273/14 8304/18
8318/1
lines [1] 8264/23
list [1] 8303/11
listed [2] 8282/21
8318/16
lists [1] 8322/24
litany [1] 8252/17
little [12] 8252/12
8254/18 8259/11
8269/5 8280/24
8283/12 8291/16
8294/8 8296/2 8314/17
8321/25 8328/16
logistical [3] 8298/4
8327/23 8334/4
long [10] 8295/14
8316/1 8319/7 8328/23
8328/24 8329/24
8331/5 8331/8 8331/22
8332/13
longer [1] 8329/1
look [44] 8254/23
8260/2 8260/15
8268/17 8268/18
8269/21 8270/20
8272/14 8273/13
8273/18 8275/19
8285/25 8288/13
8290/15 8291/6
8291/18 8292/19
8293/19 8294/12
8295/5 8295/13 8297/3
8297/6 8300/9 8300/17
8301/6 8301/10
8303/14 8307/25
8308/3 8308/7 8309/20
8310/2 8313/4 8317/25
8319/1 8321/21
8324/19 8326/15
8329/12 8330/8 8333/9
8334/24 8334/25
looked [2] 8252/12
8300/11
looking [3] 8296/4
8313/9 8318/14
loop [2] 8289/12
8325/12
loose [2] 8319/20
8319/23
lot [1] 8298/15
lots [5] 8260/22 8261/3

8326/25
loud [1] 8328/17
Louis [2] 8245/15
8249/10
Louis Manzo [1]
8249/10
lying [1] 8301/13

**M**

M-a-n-g-i-e-r-i [1]
8274/12
made [7] 8250/7
8262/1 8282/24
8292/10 8293/14
8313/8 8326/5
make [23] 8250/19
8255/1 8278/23
8279/19 8279/23
8288/10 8304/14
8305/8 8307/25
8308/11 8308/15
8309/4 8309/7 8309/15
8311/17 8312/8
8316/12 8320/12
8329/10 8332/23
makes [5] 8255/9
8260/14 8283/1 8289/2
8303/5
making [1] 8283/10
Mangieri [1] 8274/12
manner [1] 8266/15
Manzo [4] 8245/15
8249/10 8319/19
8322/23
material [2] 8254/25
8285/9
materiality [3] 8285/3
8285/11 8285/15
materializes [1]
8310/11
matter [6] 8252/5
8272/4 8284/5 8289/8
8316/14 8337/4
matters [2] 8284/17
8309/20
may [32] 8255/24
8256/1 8256/23 8257/1
8257/17 8257/19
8260/11 8263/1
8264/21 8271/21
8271/23 8273/19
8275/18 8278/22
8278/24 8290/21
8290/22 8293/7
8296/13 8298/14
8298/14 8303/8 8303/9
8303/25 8304/15
8305/23 8309/13
8309/13 8313/10
8324/23 8326/17
8333/14
maybe [9] 8288/1
8290/20 8290/23
8296/1 8314/17
8316/12 8320/11
8327/14 8332/9

me [35] 8250/21
8250/23 8253/1
8253/12 8253/13
8259/22 8262/9
8265/23 8268/19
8270/25 8272/16
8279/5 8281/21 8284/5
8286/1 8287/9 8289/1
8292/18 8294/24
8295/22 8297/18
8297/25 8301/24
8303/7 8309/22 8310/4
8315/8 8316/15 8319/9
8320/14 8322/23
8323/16 8323/24
8329/18 8336/4
mean [56] 8260/17
8261/8 8262/8 8262/10
8263/14 8266/11
8268/6 8275/15
8279/21 8283/15
8283/23 8285/14
8286/2 8286/3 8287/23
8287/24 8288/13
8288/21 8290/9
8292/17 8292/17
8292/25 8292/25
8293/18 8295/24
8297/2 8297/17
8300/11 8300/25
8302/8 8302/11
8302/12 8306/14
8308/10 8309/16
8309/21 8313/15
8316/12 8316/13
8316/24 8317/2 8319/1
8321/3 8321/14
8321/18 8321/21
8324/19 8324/20
8325/8 8326/16
8327/15 8328/8
8330/22 8331/1
8331/12 8331/16
meaning [1] 8275/5
means [7] 8267/12
8269/6 8274/10
8274/20 8280/15
8284/24 8286/14
meant [1] 8302/9
mechanical [1] 8248/6
meeting [2] 8270/2
8317/21
Meggs [7] 8247/2
8249/6 8249/15
8249/21 8303/9
8305/17 8307/23
Meggs' [1] 8322/11
MEHTA [1] 8245/9
membership [1]
8254/5
memory [2] 8252/23
8253/6
memos [1] 8316/3
men [1] 8254/4
mens [1] 8296/1
mens rea [1] 8296/1
mentioned [2] 8301/15

mentioned... [1]
8302/10
mere [3] 8255/10
8260/3 8260/8
merely [5] 8255/23
8256/23 8257/16
Merit [1] 8248/2
message [2] 8304/2
8304/6
messages [2] 8303/23
8310/21
mics [1] 8261/16
middleman [1]
8320/10
might [16] 8260/10
8261/4 8265/19
8269/19 8293/22
8298/17 8298/18
8298/18 8298/23
8299/15 8304/3
8304/14 8305/2 8320/4
8326/5 8327/15
mind [1] 8262/1
mindful [1] 8321/23
minds [2] 8270/2
8317/21
minimum [3] 8309/16
8310/23 8317/23
minutes [3] 8308/22
8317/12 8329/5
misread [1] 8323/11
missing [2] 8290/7
8333/13
missive [1] 8273/9
Missouri [2] 8252/24
8254/9
Missouri's [1] 8254/7
misspoke [1] 8312/16
mistake [6] 8295/9
8295/17 8295/19
8295/23 8296/25
8297/13
mistaken [1] 8316/12
model [4] 8263/21
8264/6 8291/5 8291/9
modification [1]
8272/2
modifications [1]
8282/24
modify [1] 8290/3
moment [3] 8261/23
8277/21 8317/21
Monday [12] 8294/24
8295/16 8297/22
8297/25 8301/7
8307/24 8319/17
8320/18 8320/23
8324/16 8328/9
8332/16
months [2] 8319/25
8327/7
more [25] 8252/13
8254/8 8255/17
8257/13 8261/14
8265/21 8266/15
8266/23 8269/18
8269/25 8270/21

8281/12 8290/10
8298/15 8298/24
8299/19 8300/16
8307/7 8316/21
8326/10 8328/14
8328/19 8331/1
morning [3] 8249/2
8249/23 8320/23
most [5] 8254/20
8254/20 8272/16
8310/14 8329/4
motion [3] 8251/14
8335/4 8335/13
motions [1] 8332/19
move [9] 8281/19
8281/22 8282/7 8283/8
8294/15 8295/16
8324/12 8335/4 8335/9
moved [3] 8281/1
8305/20 8332/7
moves [1] 8326/13
moving [2] 8298/15
8298/23
Mr [1] 8323/23
Mr. [78] 8250/23
8251/1 8251/21 8258/6
8261/25 8262/2
8263/10 8267/20
8267/22 8268/7 8268/9
8268/14 8269/20
8272/25 8273/8
8276/17 8277/5 8277/8
8277/23 8283/15
8284/2 8293/13
8293/15 8293/19
8293/23 8293/25
8295/4 8295/22
8298/12 8298/14
8299/14 8299/23
8300/8 8300/9 8300/23
8301/3 8301/7 8301/15
8301/17 8303/1 8303/4
8303/7 8303/9 8303/22
8304/10 8305/17
8307/23 8310/25
8311/23 8314/4 8316/2
8319/19 8319/21
8319/24 8320/17
8320/20 8321/2
8321/11 8321/12
8321/14 8322/7
8322/10 8322/11
8322/14 8322/19
8322/23 8323/4 8323/8
8323/13 8323/17
8323/21 8329/2
8330/13 8330/18
8332/22 8335/8
8335/10 8335/20
Mr. Caldwell [5]
8293/13 8293/15
8293/25 8321/2
8321/12
Mr. Caldwell's [1]
8251/21
Mr. Crisp [3] 8267/22
8295/22 8322/14

8323/17
Mr. Engram [1]
8303/22
Mr. Fischer [13]
8272/25 8273/8
8276/17 8277/23
8284/2 8295/4 8310/25
8319/21 8319/24
8320/17 8321/11
8321/14 8322/19
Mr. Fischer's [3]
8277/5 8277/8 8322/7
Mr. Geyer [9] 8298/14
8299/14 8299/23
8303/1 8303/4 8320/20
8322/10 8323/13
8329/2
Mr. Greene [3] 8268/7
8268/9 8268/14
Mr. Harrelson [4]
8301/15 8301/17
8323/4 8323/8
Mr. Linder [9] 8250/23
8251/1 8263/10
8293/19 8300/9 8301/7
8316/2 8332/22
8335/20
Mr. Manzo [2] 8319/19
8322/23
Mr. Meggs [3] 8303/9
8305/17 8307/23
Mr. Meggs' [1] 8322/11
Mr. Nestler [3] 8262/2
8303/7 8323/21
Mr. Nestler's [4]
8258/6 8261/25
8283/15 8314/4
Mr. Rhodes [8]
8293/23 8300/8
8300/23 8301/3
8311/23 8330/13
8335/8 8335/10
Mr. Tarpley [1]
8330/18
Mr. Woodward [2]
8298/12 8304/10
Mr. Woodward's [1]
8269/20
Mr. Young [1] 8267/20
Ms [1] 8320/20
Ms. [10] 8249/24
8261/16 8298/9
8298/13 8299/14
8302/16 8303/6
8303/11 8305/22
8306/11
Ms. Haller [6] 8249/24
8261/16 8298/9
8299/14 8303/11
8305/22
Ms. Haller's [1]
8298/13
Ms. Harrelson [1]
8302/16
Ms. Rakoczy [1]
8303/6
Ms. Rakoczy's [1]

much [12] 8254/19
8263/6 8263/6 8264/15
8266/23 8267/17
8270/24 8282/18
8298/23 8315/2
8322/20 8335/12
multiple [14] 8263/12
8274/10 8274/19
8274/23 8274/24
8275/15 8276/23
8281/8 8287/3 8290/13
8293/21 8295/6
8309/12 8331/13
must [11] 8260/15
8266/14 8276/1 8276/6
8276/14 8279/7
8280/10 8281/4
8281/15 8283/3
8284/21
mutual [1] 8333/23
my [17] 8250/8
8284/10 8288/20
8288/21 8302/15
8304/24 8311/11
8312/17 8322/4 8323/6
8325/9 8325/22
8329/22 8330/4 8332/6
8334/12 8335/4

**N**

name [2] 8254/21
8291/23
names [8] 8291/25
8292/1 8299/13
8307/11 8307/12
8320/23 8321/15
8322/15
narcotics [1] 8289/24
narrow [1] 8277/8
narrower [1] 8284/3
nauseam [1] 8283/17
near [2] 8294/6
8318/25
necessarily [5]
8269/11 8288/24
8314/5 8314/6 8322/6
necessary [4] 8261/9
8261/13 8271/24
8314/17
need [25] 8251/9
8261/17 8264/10
8272/11 8273/19
8276/12 8278/9
8278/11 8278/12
8279/8 8280/7 8280/21
8287/3 8288/3 8288/6
8318/21 8320/5 8321/4
8322/12 8324/16
8327/2 8328/10
8333/22 8334/3
8335/25
needed [1] 8250/4
needs [7] 8266/2
8281/24 8282/23
8283/20 8284/3 8307/4
8307/7
neither [4] 8259/1

8324/8
Nestler [6] 8245/14
8249/9 8262/2 8303/7
8323/21 8323/23
Nestler's [4] 8258/6
8261/25 8283/15
8314/4
neutral [1] 8264/23
never [3] 8270/17
8270/18 8303/2
news [1] 8270/16
next [19] 8252/5
8252/5 8255/14
8262/18 8271/15
8272/23 8273/23
8280/2 8285/20
8294/18 8298/2
8298/15 8320/21
8325/1 8326/2 8329/17
8329/22 8331/22
8331/25
nice [1] 8336/2
Nichols [1] 8284/3
night [3] 8272/25
8294/10 8295/5
nine [1] 8323/10
ninth [1] 8282/2
NJ [1] 8247/13
no [36] 8245/4 8249/4
8254/8 8255/22
8256/21 8257/15
8260/6 8261/22
8268/12 8269/24
8270/9 8270/10
8271/17 8272/9 8273/4
8273/17 8273/17
8277/3 8278/7 8285/15
8287/14 8288/16
8295/8 8299/22
8299/24 8300/24
8307/21 8311/5
8312/14 8313/16
8313/17 8325/9
8328/14 8328/18
8332/18 8333/3
No. [2] 8249/5 8249/6
nobody [2] 8260/2
8283/24
Nodding [1] 8333/18
non [1] 8326/18
non-issue [1] 8326/18
nonunion [1] 8254/1
normally [1] 8297/9
North [3] 8246/15
8275/13 8293/25
North Carolina [1]
8293/25
not [154]
note [9] 8294/14
8330/6 8330/16
8330/17 8331/8
8333/16 8333/20
8333/22 8334/6
notes [5] 8304/13
8330/7 8330/25
8333/10 8333/11
nothing [3] 8254/14

**N**

nothing... [2] 8307/9
8332/7
notice [4] 8251/9
8251/14 8298/19
8303/10
notice/motion [1]
8251/14
noticed [1] 8301/15
notion [4] 8254/24
8260/12 8268/15
8313/18
November [15] 8245/5
8309/18 8310/19
8311/12 8311/24
8312/6 8312/12
8312/13 8313/7
8313/11 8314/20
8315/5 8315/11
8315/21 8337/7
now [28] 8254/14
8265/24 8267/11
8270/20 8270/24
8271/19 8273/11
8273/22 8276/12
8277/15 8281/14
8282/6 8291/2 8292/24
8294/5 8296/22
8298/10 8298/20
8300/3 8302/19 8303/1
8305/11 8317/1
8319/25 8324/9
8325/15 8332/24
8334/2
nuanced [1] 8311/22
NW [4] 8245/17 8247/3
8247/7 8248/4

**O**

Oak [2] 8246/3 8246/7
Oath [1] 8302/23
Oath Keepers [1]
8302/23
object [4] 8253/23
8271/20 8305/11
8316/21
objected [5] 8268/2
8280/13 8283/5
8285/24 8307/22
objecting [2] 8307/6
8307/20
objection [5] 8271/17
8299/21 8305/8 8307/5
8331/5
objections [3] 8303/14
8305/2 8306/9
objective [1] 8270/11
observation [1]
8280/19
obstruct [1] 8315/6
obstructed [2] 8281/3
8285/16
obstruction [4] 8280/3
8285/17 8286/11
8315/12
obviously [10] 8257/11
8265/23 8270/6
8283/17 8289/24

occurred [1] 8310/3
October [1] 8250/10
off [9] 8250/8 8250/11
8250/13 8250/17
8251/6 8255/16 8314/4
8320/14 8324/5
offense [19] 8254/8
8274/10 8274/20
8280/8 8280/22
8285/12 8286/10
8286/19 8286/19
8286/20 8286/20
8287/2 8287/6 8291/25
8292/1 8296/22
8318/20 8318/22
8318/24
offense now [1]
8296/22
offhand [1] 8308/21
OFFICE [1] 8245/16
officer [1] 8315/14
OFFICES [1] 8247/7
official [20] 8248/3
8280/3 8280/6 8280/7
8280/8 8280/11
8280/14 8280/20
8280/22 8281/3 8281/4
8281/14 8281/23
8283/25 8284/19
8284/20 8284/24
8286/11 8315/7
8315/12
offload [1] 8320/12
offsets [1] 8255/9
often [4] 8254/20
8288/3 8288/5 8323/24
oh [10] 8261/17
8261/20 8273/2 8273/7
8277/24 8294/19
8296/12 8307/19
8318/17 8320/6
okay [63] 8250/22
8251/5 8258/3 8261/15
8261/20 8262/8 8262/9
8262/16 8262/17
8263/14 8269/17
8269/22 8271/1
8272/13 8273/17
8275/17 8280/2
8281/18 8284/16
8284/25 8285/13
8285/19 8289/2
8289/11 8290/2
8290/22 8293/6
8294/19 8296/12
8297/12 8297/17
8298/25 8299/20
8299/25 8301/11
8302/20 8303/3 8303/6
8304/17 8306/7
8314/21 8315/3 8319/8
8319/18 8320/2
8321/21 8324/11
8325/7 8325/11 8327/5
8328/8 8328/10 8329/6

8329/18 8330/12
8332/20
8331/15 8333/2
8333/19 8334/13
8334/19 8334/22
8335/2 8335/11
okayed [2] 8250/15
8250/15
Old [1] 8305/16
Old Leadership [1]
8305/16
older [1] 8327/8
once [4] 8313/14
8330/5 8331/18 8333/3
one [52] 8253/5
8257/13 8258/10
8259/1 8267/20
8274/13 8275/2 8275/8
8275/25 8276/16
8276/21 8276/21
8280/19 8280/19
8280/19 8281/12
8282/1 8283/24
8287/17 8288/12
8290/1 8290/14
8290/15 8290/16
8290/19 8291/24
8293/8 8296/6 8297/5
8298/5 8299/1 8300/22
8305/13 8307/6 8308/4
8308/4 8309/12
8309/13 8311/2
8312/24 8313/19
8323/15 8323/25
8325/4 8325/8 8325/25
8326/3 8326/4 8326/10
8326/11 8327/24
8333/7
ones [1] 8297/4
only [11] 8262/25
8268/8 8273/5 8287/12
8295/3 8312/24
8321/22 8322/14
8325/13 8329/18
8331/16
open [3] 8280/17
8305/7 8325/17
opened [1] 8277/15
opening [5] 8261/3
8309/14 8316/4 8316/6
8328/19
openings [1] 8309/10
operating [1] 8250/19
operation [2] 8311/2
8311/3
opinions [1] 8281/8
opportunity [3] 8298/1
8299/2 8300/9
oppose [4] 8281/25
8310/9 8317/11
8335/18
opposed [2] 8265/16
8283/10
opposes [1] 8335/15
order [4] 8276/13
8282/7 8308/11
8320/19
ordinary [1] 8255/1
original [4] 8262/3

other [48] 8251/8
8251/11 8251/20
8252/1 8253/24
8255/21 8256/21
8257/15 8263/9 8264/5
8264/6 8269/2 8270/11
8271/22 8277/25
8277/25 8279/11
8281/9 8282/5 8286/17
8287/17 8291/22
8292/3 8292/5 8292/13
8292/21 8295/6
8297/21 8298/16
8298/23 8300/4
8302/11 8307/11
8307/12 8309/14
8309/20 8311/13
8311/25 8312/20
8312/22 8314/23
8319/20 8319/23
8323/2 8327/9 8332/14
8332/15 8333/9
others [5] 8253/11
8283/4 8287/13
8311/23 8313/19
otherwise [6] 8271/13
8273/1 8283/19 8305/9
8317/2 8329/13
ought [6] 8264/17
8283/18 8312/24
8331/18 8332/9
8332/22
our [16] 8250/12
8262/1 8263/25 8271/2
8290/4 8291/11 8299/8
8306/9 8307/1 8308/14
8308/15 8319/10
8319/16 8325/5 8326/6
8335/9
out [34] 8252/14
8258/21 8261/8
8263/21 8264/1
8265/13 8268/10
8271/22 8271/23
8272/5 8279/8 8281/7
8281/7 8285/6 8286/7
8293/12 8298/20
8300/21 8304/16
8305/9 8306/12 8310/8
8311/13 8312/7 8314/9
8314/22 8320/9
8326/13 8326/16
8328/17 8329/20
8331/23 8333/15
8334/25
outcome [1] 8285/9
outline [1] 8278/12
outlook.com [1]
8247/10
outset [1] 8305/7
outstanding [3]
8250/16 8295/4
8304/22
over [8] 8273/19
8273/21 8282/3
8285/23 8290/4 8302/3
8303/15 8309/9

other [48] ...
overlap [1] 8288/25
overruled [2] 8307/2
8307/20
overt [2] 8308/11
8317/5
own [3] 8325/5 8325/6
8325/10

**P**

P.A [1] 8247/16
p.m [2] 8309/6 8336/6
PA [1] 8246/15
page [13] 8251/8
8264/4 8264/4 8273/23
8278/20 8280/2
8285/23 8285/23
8289/12 8290/2 8308/7
8318/16 8322/23
page 19 [1] 8278/20
page 24 [1] 8285/23
page 3 [1] 8318/16
page 6 [1] 8251/8
pages [1] 8262/18
Palian [3] 8293/13
paper [1] 8290/10
paragraph [14] 8255/8
8255/12 8266/12
8266/25 8269/2 8271/8
8271/17 8271/19
8272/8 8272/12
8281/21 8281/22
8315/7 8315/23
paragraphs [2]
8314/25 8315/22
parameter [1] 8319/8
parameters [1]
8303/13
Park [1] 8247/3
parsed [1] 8313/14
part [19] 8253/9
8254/12 8256/10
8259/3 8263/3 8271/5
8273/25 8276/9
8277/18 8282/21
8292/11 8292/11
8292/14 8292/23
8293/5 8304/21 8311/1
8316/20 8324/2
participant [1] 8305/15
participants [2]
8278/21 8278/24
particular [13] 8262/25
8273/20 8274/11
8276/16 8278/13
8287/16 8308/8 8310/3
8312/2 8312/2 8313/4
8330/16 8331/4
particularly [5]
8279/11 8288/6
8288/24 8293/22
8298/2
parties [11] 8250/7
8256/5 8256/10
8256/16 8259/2
8259/19 8261/3

**P**

parties... [4] 8278/10 8293/11 8318/15 8324/8
parts [1] 8304/5
party [1] 8324/8
past [3] 8282/3 8312/17 8318/5
path [1] 8267/11
patriotism [1] 8300/22
patrolling [1] 8254/3
pattern [2] 8282/20 8282/22
pause [3] 8250/25 8261/24 8277/17
pay [2] 8300/14 8301/9
paying [1] 8301/13
peacefully [1] 8253/18
peddlers [1] 8254/1
pending [9] 8280/7 8280/9 8280/21 8281/5 8281/15 8282/8 8282/25 8284/21 8285/10
Pennsylvania [1] 8247/7
penultimate [1] 8271/6
people [10] 8263/5 8264/14 8275/9 8293/25 8308/22 8311/25 8313/10 8314/12 8322/9 8331/10
people's [1] 8303/23
percentage [1] 8328/22
perception [1] 8333/14
perfectly [2] 8287/6 8309/7
perhaps [1] 8275/6
peril [1] 8254/5
period [5] 8260/9 8299/6 8312/11 8327/16 8331/10
periods [2] 8318/2 8318/4
permit [1] 8253/20
permitted [1] 8297/14
person [3] 8249/19 8287/17 8296/20
person's [2] 8301/2 8304/7
persons [2] 8266/15 8272/4
persuasive [1] 8272/16
phillip [3] 8246/2 8246/6 8249/12
Phillip Linder [1] 8249/12
phone [2] 8303/25 8304/3
phrase [4] 8264/5 8264/8 8264/9 8269/1
physical [1] 8333/12
picket [1] 8254/4
picketers [2] 8253/18 8253/18
picketing [2] 8252/25

piece [1] 8277/9
Pinkerton [2] 8286/21 8288/15
place [4] 8253/16 8259/5 8285/8 8326/7
places [2] 8303/21 8304/13
Plaintiff [1] 8245/4
plan [11] 8266/17 8279/7 8279/8 8293/16 8298/11 8306/14 8321/5 8331/12 8332/11 8332/16 8332/18
planned [5] 8256/2 8257/2 8257/21 8258/17 8329/20
planning [8] 8260/24 8261/2 8292/2 8298/16 8299/15 8313/17 8331/9 8332/1
plans [2] 8272/5 8292/8
play [1] 8285/6
pleadings [2] 8253/21 8319/25
please [4] 8249/3 8294/4 8305/8 8336/4
plenty [1] 8270/22
plot [9] 8310/9 8310/10 8311/11 8316/1 8316/9 8316/13 8316/17 8317/11 8317/14
plug [1] 8266/20
podium [1] 8261/21
point [24] 8259/6 8263/16 8263/24 8264/12 8264/18 8265/18 8268/10 8269/17 8269/20 8287/1 8288/8 8288/21 8289/20 8293/4 8293/12 8301/18 8306/11 8310/8 8312/4 8312/17 8313/25 8314/22 8318/10 8322/6
points [1] 8258/25
poll [1] 8329/19
pornographic [1] 8254/25
pornography [2] 8254/23 8255/2
position [3] 8307/1 8314/1 8326/12
possess [3] 8255/21 8256/7 8258/8
possessed [6] 8256/1 8256/21 8256/25 8257/15 8257/19 8260/15
possessing [4] 8255/23 8256/23 8257/17 8296/20
possession [5] 8260/3 8260/8 8289/22 8296/11 8296/20

possibility [4] 8294/17 8314/12 8332/10
possible [1] 8332/2
potential [6] 8288/14 8295/6 8298/13 8303/8 8303/14 8303/15
power [1] 8310/10
powerful [1] 8254/2
practice [1] 8334/12
precisely [2] 8281/23 8287/22
predisposition [3] 8255/24 8256/24 8257/18
predominantly [1] 8271/3
prefer [5] 8256/5 8256/16 8257/25
preferable [1] 8271/1
preference [2] 8319/10 8329/22
prejudice [1] 8307/6
premature [1] 8328/16
premises [1] 8253/24
prepared [4] 8294/20 8326/17 8327/22 8328/1
prescient [1] 8267/22
presence [2] 8333/11 8333/12
present [1] 8295/12
presentation [1] 8265/25
presented [4] 8255/18 8262/23 8311/19 8314/18
preserved [1] 8335/7
President [1] 8316/9
press [1] 8254/11
pressed [1] 8324/20
presume [1] 8329/16
pretty [5] 8274/19 8293/1 8304/17 8322/20 8331/14
Prettyman [1] 8248/4
prevent [3] 8276/15 8276/15 8315/14
prevented [1] 8278/1
preview [1] 8303/19
previously [2] 8266/6 8307/22
primary [1] 8322/4
principle [1] 8296/25
printed [1] 8252/14
prior [8] 8258/10 8296/19 8301/4 8302/21 8302/22 8306/22 8314/25 8316/3
prison [1] 8302/17
probably [3] 8261/14 8307/7 8332/22
problem [2] 8276/24 8277/2
proceed [1] 8327/3
proceeding [23]

8280/7 8280/9 8280/11 8280/15 8280/20 8280/22 8281/4 8281/4 8281/15 8281/23 8282/25 8283/2 8283/25 8284/19 8284/20 8284/21 8284/24 8286/11 8315/7 8315/13
proceedings [5] 8245/9 8248/6 8249/20 8336/6 8337/4
process [4] 8285/5 8313/17 8330/6 8331/2
procurement [2] 8251/21 8251/22
produced [1] 8248/7
proffer [1] 8298/10
proffers [1] 8299/13
profit [1] 8278/23
proof [9] 8256/2 8257/2 8257/20 8258/17 8271/19 8271/23 8313/18 8318/13 8318/21
proper [3] 8289/16 8301/19 8308/9
proposal [14] 8256/11 8262/9 8263/19 8263/20 8264/7 8265/9 8266/13 8271/3 8271/11 8271/13 8291/21 8294/5 8307/10 8320/17
proposals [2] 8318/16 8324/7
propose [5] 8255/20 8273/21 8284/18 8291/13 8325/14
proposed [24] 8252/6 8255/14 8258/20 8259/5 8259/19 8260/19 8263/25 8264/2 8264/8 8267/1 8271/18 8272/22 8283/8 8283/10 8283/12 8284/12 8295/4 8297/21 8297/24 8298/18 8306/10 8318/12 8318/15 8324/7
proposes [1] 8318/19
proposition [1] 8301/1
protected [1] 8254/25
protection [3] 8254/25 8255/1 8326/15
protesting [1] 8273/1
prove [6] 8266/9 8276/6 8280/10 8283/3 8308/10 8310/2
proved [1] 8293/24
proven [3] 8263/3 8264/21 8308/8
provide [12] 8252/9 8256/7 8256/13 8256/15 8258/7 8261/1 8274/2 8296/5 8320/17

provided [8] 8262/24 8269/12 8299/10 8300/12 8300/18 8301/10 8302/4 8302/6
provides [1] 8258/12
providing [2] 8279/25 8321/15
provision [3] 8277/25 8283/19 8286/15
provisions [1] 8278/14
prudent [1] 8282/7
publicize [1] 8253/19
publicizing [3] 8253/20 8253/23 8254/5
pull [2] 8285/7 8312/11
pulled [1] 8290/12
pulling [1] 8285/7
purely [1] 8334/4
purpose [6] 8271/25 8276/8 8276/20 8279/1 8288/9 8308/5
purpose,' [1] 8276/3
purposefully [1] 8265/3
put [27] 8251/9 8273/2 8273/18 8276/9 8282/17 8284/6 8291/2 8291/21 8292/2 8292/8 8301/3 8301/18 8301/20 8302/8 8302/10 8305/14 8306/12 8307/3 8325/8 8326/7 8326/21 8332/4 8332/19 8332/22 8334/16 8335/4 8335/6
PUTZI [1] 8247/16

**Q**

question [19] 8253/9 8260/5 8268/7 8268/15 8280/2 8280/17 8284/1 8285/2 8288/12 8288/20 8289/15 8291/11 8297/10 8312/1 8322/3 8326/10 8327/1 8327/23 8334/20
questionnaires [1] 8326/1
questions [2] 8298/4 8308/3
quick [1] 8326/15
quicker [1] 8294/15
quickly [2] 8298/15 8298/24
quite [3] 8311/22 8313/20 8316/8
quoted [1] 8275/25

**R**

Rahman [1] 8269/3
raise [2] 8303/8 8327/21
raised [5] 8284/2 8289/14 8290/2 8300/7

**R**

raised... [1] 8326/4
**Rakoczy [3]** 8245/14
8249/9 8303/6
**Rakoczy's [1]** 8306/11
ranging [2] 8308/24
8317/22
rare [2] 8263/3 8295/23
rarely [2] 8254/10
8262/6
rather [8] 8259/22
8269/19 8283/2 8298/3
8303/23 8319/11
8328/3 8333/14
rea [1] 8296/1
reached [2] 8270/7
8331/18
read [10] 8253/13
8257/10 8257/11
8257/13 8258/22
8264/13 8271/19
8274/15 8304/6 8323/5
reads [1] 8316/25
ready [2] 8250/23
8332/14
real [1] 8284/4
realized [2] 8250/4
8268/3
really [4] 8252/18
8277/6 8291/24 8316/8
**Realtime [1]** 8248/3
reason [7] 8258/5
8259/25 8273/22
8308/13 8319/13
8325/14 8334/7
reasonable [9] 8265/4
8266/9 8266/14
8280/10 8283/3 8287/8
8311/18 8311/19
8318/24
reasonably [6]
8280/11 8281/5
8281/15 8282/25
8284/21 8318/25
reasoning [1] 8310/16
reasons [4] 8258/9
8282/1 8300/21
8335/12
reassessed [1] 8289/2
rebuts [1] 8300/21
rebuttal [3] 8328/15
8328/22 8328/23
recall [2] 8251/11
8286/23
receive [1] 8273/8
received [2] 8303/9
8304/2
recently [1] 8254/21
recess [1] 8336/5
recognizes [1] 8287/21
record [13] 8253/20
8268/25 8330/10
8331/5 8332/20
8334/15 8334/17
8334/18 8335/7
8335/16 8335/19
8335/24 8337/3
recorded [1] 8248/6
red [3] 8290/15
8318/13 8318/19
**red Book [3]** 8290/15
8318/13 8318/19
redacting [1] 8307/12
redaction [1] 8300/4
redactions [2] 8308/1
8308/4
redline [1] 8250/16
redundant [1] 8286/1
reference [1] 8259/2
references [1] 8262/12
referring [1] 8302/21
reflect [1] 8335/19
reflected [3] 8267/4
8324/4 8335/16
reflects [3] 8258/12
8268/20 8305/19
regard [1] 8267/13
regarding [3] 8252/6
8255/15 8322/22
**Registered [1]** 8248/2
**Rehaif [4]** 8296/6
8296/8 8296/10
8296/10
reject [1] 8254/13
related [1] 8264/24
relevance [1] 8299/15
relevant [5] 8265/4
8298/18 8309/13
8309/14 8321/8
relied [1] 8254/15
relies [1] 8274/16
rely [1] 8270/13
remained [1] 8250/16
remaining [2] 8299/4
8322/7
remember [8] 8254/21
8268/11 8293/18
8310/1 8310/1 8310/5
8312/10 8312/19
remind [3] 8287/3
8303/7 8333/8
repeat [3] 8256/19
8281/11 8302/3
rephrase [1] 8264/20
report [2] 8303/20
8305/14
**Reporter [4]** 8248/2
8248/2 8248/3 8248/3
represents [1] 8305/15
request [4] 8277/8
8295/10 8319/16
8334/15
requested [6] 8255/5
8258/6 8278/20 8280/5
8290/8 8299/6
requesting [1] 8322/21
requests [1] 8293/1
require [4] 8274/20
8286/5 8291/21
8300/19
required [6] 8266/9
8274/9 8276/20
8286/13 8297/21
8314/5
requirement [1] 8278/8
requires [1] 8280/16
requisite [1] 8276/1
research [1] 8320/10
resident [4] 8326/25
8327/9 8327/14
8327/19
resist [1] 8316/18
resolve [1] 8320/3
resolved [2] 8301/7
8320/1
resolves [1] 8327/22
resources [1] 8320/10
respect [5] 8263/1
8277/18 8303/8 8308/1
8314/2
respectfully [3] 8256/4
8258/19 8265/1
respond [1] 8299/2
responded [1] 8313/3
response [6] 8324/15
8330/17 8333/24
8334/1 8334/9 8334/10
responses [1] 8324/20
rest [1] 8333/4
rested [3] 8332/23
8335/8 8335/9
restore [1] 8262/16
rests [1] 8332/19
return [5] 8300/14
8300/15 8300/16
8300/20 8301/10
returns [4] 8301/2
8302/16 8322/24
8322/25
review [2] 8304/24
8306/14
reviewed [1] 8250/6
revisited [1] 8255/11
**RHODES [14]** 8245/6
8246/2 8249/6 8249/13
8249/19 8293/23
8300/8 8300/23 8301/3
8311/23 8317/10
8330/13 8335/8
8335/10
rid [1] 8252/2
right [84] 8249/23
8251/13 8251/15
8252/1 8252/4 8252/9
8255/14 8256/7 8257/7
8258/7 8258/24
8259/21 8260/12
8262/16 8262/18
8263/18 8267/10
8268/13 8268/14
8268/17 8269/4
8271/15 8272/9
8272/14 8272/23
8273/13 8273/23
8275/11 8275/14
8277/19 8278/17
8278/19 8279/18
8279/20 8282/11
8283/25 8285/19
8285/20 8286/3
8287/24 8288/15
8292/20 8294/23
8295/24 8296/10
recorded [1] 8300/3 8300/24
8301/14 8302/19
8303/3 8304/10 8305/6
8305/11 8306/4 8306/8
8306/12 8307/10
8310/22 8313/6 8313/7
8313/13 8313/24
8316/20 8317/25
8318/14 8318/17
8321/20 8322/18
8323/5 8325/21 8326/3
8327/10 8327/13
8327/16 8328/21
8329/9 8330/15
8331/16 8334/23
8335/3 8335/25 8336/2
risks [1] 8286/1
**Ritchie [1]** 8247/17
**RMR [2]** 8337/2 8337/8
**Road [1]** 8247/3
robe [1] 8250/3
roll [1] 8333/4
room [1] 8266/22
routinely [1] 8319/4
rule [9] 8321/12
8321/23 8324/14
8324/20 8325/1
8332/19 8332/23
8335/5 8335/10
**Rule 29 [6]** 8324/14
8324/20 8332/19
8332/23 8335/5
8335/10
ruled [2] 8250/16
8251/24
**Rules [1]** 8302/12
ruling [1] 8323/7
run [1] 8316/5
running [1] 8305/9
runs [1] 8326/14
rush [1] 8324/25

**S**

said [28] 8250/14
8251/6 8254/14
8254/23 8255/15
8256/13 8260/23
8271/24 8284/5
8292/24 8295/11
8296/18 8298/12
8307/8 8307/19
8310/22 8313/21
8316/2 8316/4 8317/9
8322/14 8325/22
8328/1 8328/12
8328/17 8329/20
8330/9 8331/4
same [9] 8265/18
8268/6 8269/2 8282/5
8283/10 8290/2
8311/10 8320/19
8335/12
satisfactory [1]
8261/11
save [1] 8320/13
saw [1] 8324/8
say [17] 8260/21
says... 8274/24 8285/3
8288/15 8293/5
8293/11 8293/22
8297/23 8303/1 8308/7
8309/11 8314/6 8317/4
8318/7 8319/22 8321/2
8329/15
saying [11] 8259/7
8266/19 8276/19
8278/7 8305/17
8311/16 8311/16
8316/14 8330/1 8331/8
8333/3
says [18] 8253/14
8254/10 8260/7
8262/14 8263/2 8274/5
8276/13 8279/5 8279/6
8291/13 8291/23
8297/9 8304/6 8310/1
8310/2 8312/3 8315/7
8317/3
scenario [1] 8301/13
**Schad [1]** 8274/7
schedule [3] 8329/11
8332/3 8332/6
scheduling [2]
8331/21 8332/12
scope [1] 8277/8
screen [1] 8291/3
seat [1] 8249/3
second [39] 8255/18
8256/6 8257/10
8257/11 8258/1 8258/7
8258/12 8258/21
8258/23 8259/2 8259/6
8259/9 8259/20
8259/23 8260/18
8260/19 8261/12
8261/12 8262/12
8264/12 8265/9 8271/7
8271/19 8272/8
8272/11 8277/9 8281/2
8281/4 8281/14 8285/8
8300/18 8308/4 8309/1
8310/15 8311/6
8317/21 8323/15
8325/25 8328/3
second amendment
[2] 8258/23 8259/9
seconds [1] 8307/10
section [7] 8272/25
8277/1 8281/2 8281/23
8283/8 8284/7 8284/18
security [1] 8285/5
sedition [1] 8311/24
seditious [12] 8266/2
8272/24 8274/1 8277/9
8309/17 8310/23
8312/6 8312/11 8313/5
8314/19 8314/23
8315/4
see [8] 8259/12
8260/13 8284/4
8289/11 8291/23
8292/7 8294/2 8334/2
seeking [1] 8263/14
seemed [1] 8267/21
seems [12] 8258/13

**seems... [11]** 8286/1
8286/5 8289/1 8295/13
8303/21 8304/2 8304/7
8305/25 8310/25
8321/25 8330/24
**seen [3]** 8262/22
8265/24 8273/20
**sees [1]** 8259/11
**selling [1]** 8254/1
**send [8]** 8250/19
8250/21 8290/25
8291/1 8302/1 8308/13
8319/14 8325/3
**sending [1]** 8319/11
**sense [11]** 8253/6
8259/14 8263/5
8264/14 8264/19
8269/11 8283/1
8287/20 8289/3
8294/22 8303/12
**sent [5]** 8272/25
8286/23 8308/13
8323/16 8334/10
**sentence [13]** 8256/6
8256/9 8257/10
8257/11 8264/7
8264/13 8264/20
8265/9 8269/11 8271/7
8271/9 8280/14
8284/19
**sentences [4]** 8281/21
8283/6 8283/9 8283/12
**separate [7]** 8274/14
8283/11 8286/6
8291/24 8292/11
8292/14 8292/15
**separately [3]** 8286/13
8286/13 8296/5
**serves [2]** 8252/23
8253/6
**session [2]** 8280/15
8284/24
**set [1]** 8276/21
**sets [1]** 8266/7
**setting [1]** 8289/25
**settle [1]** 8262/4
**settled [2]** 8259/18
8259/19
**seven [1]** 8308/19
**seven-week [1]**
8308/19
**several [4]** 8260/24
8303/21 8309/2 8331/1
**shake [1]** 8304/10
**shared [2]** 8276/2
8278/10
**she [10]** 8251/2
8255/25 8256/25
8257/19 8281/6
8281/16 8284/22
8326/4 8326/5 8326/18
**she's [5]** 8326/6
8327/14 8327/15
8327/17 8327/18
**should [22]** 8252/11
8259/2 8260/2 8265/8
8268/2 8268/10

8269/4 8273/24
8274/12 8282/17
8288/22 8293/11
8295/7 8297/7 8308/25
8312/21 8317/19
8317/19 8328/7
8329/15 8332/20
8335/19
**show [5]** 8265/5
8266/13 8266/14
8276/1 8303/23
**shown [1]** 8314/13
**shows [1]** 8305/17
**side [3]** 8250/24
8273/2 8294/16
**sides [3]** 8257/22
8270/22 8297/24
**significant [1]** 8270/6
**siloed [1]** 8275/10
**similar [1]** 8253/5
**simple [2]** 8302/11
8302/13
**simply [6]** 8255/25
8256/25 8257/15
8260/7 8278/7 8317/7
**since [6]** 8273/20
8311/2 8320/10 8323/1
8323/2 8335/8
**single [3]** 8254/6
8284/18 8308/11
**sir [1]** 8335/14
**sit [5]** 8251/10 8295/7
8330/2 8331/2 8332/1
**sitting [2]** 8329/16
8332/10
**situation [3]** 8254/8
8299/16 8308/20
**six [2]** 8308/18 8327/7
**skepticism [1]** 8252/12
**skip [1]** 8273/21
**slightly [1]** 8296/1
**slow [1]** 8322/3
**smiling [3]** 8323/22
8323/23 8323/25
**sneak [1]** 8321/24
**so [168]**
**So I think [1]** 8269/5
**So this doesn't [1]**
8284/1
**so this is [1]** 8303/24
**softened [2]** 8272/14
8272/20
**softer [1]** 8271/18
**sole [1]** 8253/23
**some [50]** 8251/9
8251/20 8252/11
8255/21 8256/20
8257/14 8259/14
8259/24 8260/15
8262/24 8266/15
8268/20 8270/21
8271/18 8274/15
8277/25 8278/20
8279/11 8283/22
8291/25 8292/20
8296/5 8297/3 8298/12
8298/14 8298/17
8298/22 8298/23

8303/10 8304/12
8304/13 8304/21
8306/25 8308/17
8308/21 8309/1 8311/6
8312/4 8313/19
8317/20 8320/5
8320/13 8322/7 8324/5
8324/13 8328/22
8331/10 8333/23
**somebody [3]** 8329/25
8329/25 8331/13
**someone [3]** 8261/7
8286/18 8300/13
**something [23]** 8256/3
8257/3 8257/21
8258/18 8260/1 8261/8
8264/23 8269/21
8294/13 8294/24
8297/18 8301/5
8303/23 8310/10
8315/1 8315/2 8315/24
8320/9 8323/16
8325/14 8331/25
8334/2 8334/4
**something by [1]**
8294/13
**somewhere [2]**
8290/20 8290/24
**soon [6]** 8305/8 8320/3
8328/2 8332/13
8332/18 8332/23
**sooner [1]** 8298/3
**sorry [10]** 8253/2
8261/20 8275/22
8296/10 8296/12
8306/2 8311/15
8312/16 8328/5
**sort [19]** 8250/6 8253/8
8254/18 8254/20
8255/17 8262/19
8274/6 8280/17 8282/1
8282/24 8289/7
8289/14 8303/22
8303/24 8304/7 8304/8
8317/1 8328/12
8329/24
**sounds [2]** 8309/3
8329/9
**source [2]** 8252/18
8252/20
**space [1]** 8334/25
**speak [3]** 8265/17
8270/4 8327/16
**speaking [1]** 8270/7
**special [2]** 8274/13
8276/12
**specific [6]** 8276/8
8282/9 8296/3 8296/16
8296/17 8306/5
**specific-intent [1]**
8296/3
**specific-intent case [1]**
8296/16
**specifically [3]**
8287/24 8288/1
8301/20

**specifies [1]** 8318/2
**speech [9]** 8252/6
8252/9 8253/11
8253/17 8254/11
8254/12 8254/17
8255/2 8255/10
**speed [1]** 8294/21
**spent [1]** 8330/1
**split [1]** 8313/18
**spoken [13]** 8264/8
8265/10 8265/14
8265/17 8266/19
8266/23 8267/14
8268/22 8269/17
8269/22 8270/18
8271/12 8306/17
**sponte [1]** 8274/13
**spur [1]** 8317/21
**Sr [1]** 8247/16
**stand [3]** 8290/22
8301/1 8323/19
**standard [2]** 8270/25
8290/13
**standing [1]** 8332/5
**stands [2]** 8282/14
8336/5
**stanley [3]** 8247/2
8247/5 8249/14
**Stanley Woodward [1]**
8249/14
**start [1]** 8332/14
**started [6]** 8304/23
8311/3 8311/12
8311/22 8311/23
8312/6
**starting [1]** 8309/6
**state [4]** 8255/23
8256/23 8257/16
8260/9
**stateless [3]** 8327/15
8327/17 8327/18
**statement [12]** 8255/6
8255/7 8266/24
8279/16 8279/24
8280/23 8282/15
8284/7 8284/8 8286/8
8293/14 8314/5
**statements [5]**
8310/21 8312/23
8312/23 8313/8
8313/19
**STATES [12]** 8245/1
8245/3 8245/10 8249/5
8274/4 8274/16
8274/17 8275/21
8275/23 8276/22
8289/17 8316/19
**statute [7]** 8254/13
8255/2 8277/10 8279/5
8284/2 8288/7 8326/14
**statutes [3]** 8261/8
8278/13 8300/19
**stay [4]** 8261/16
8320/11 8326/5 8326/7
**stays [1]** 8272/7
**stemming [1]** 8314/4
**stenography [1]**

**steps [5]** 8308/17
8310/11 8311/7
8315/25 8317/22
**STEWART [3]** 8245/6
8246/2 8249/6
**still [8]** 8278/23
8278/25 8279/15
8300/5 8303/13
8304/22 8313/24
8327/23
**Stirone [1]** 8310/12
**stop [5]** 8254/1
8270/12 8316/9
8316/10 8317/14
**Storage [1]** 8252/21
**storm [2]** 8260/25
8261/2
**story [1]** 8260/9
**straight [5]** 8263/21
8264/5 8281/7 8284/11
8296/2
**strategically [1]**
8293/7
**Street [3]** 8245/17
8246/11 8246/15
**strongly [1]** 8321/12
**structural [1]** 8282/2
**stuff [1]** 8311/13
**sua [1]** 8274/13
**sua sponte [1]**
8274/13
**subhead [1]** 8281/21
**subheading [2]** 8272/8
8280/5
**submissions [1]**
8250/6
**submit [4]** 8260/20
8297/18 8297/21
8305/20
**submitted [5]** 8256/17
8301/5 8306/19
8306/23 8324/21
**substantial [1]** 8311/7
**substantive [2]**
8286/10 8333/21
**substitute [4]** 8265/14
8268/18 8268/22
8283/9
**substituting [1]**
8271/12
**succeed [1]** 8271/25
**succeeded [1]** 8289/20
**success [3]** 8271/16
8271/16 8271/22
**successful [1]** 8272/6
**succinctly [1]** 8277/5
**such [4]** 8281/2
8287/15 8305/8 8318/8
**sufficient [1]** 8318/23
**suggest [5]** 8250/8
8280/25 8301/6 8304/8
8317/1
**suggested [9]** 8254/10
8256/18 8262/4
8262/25 8263/3
8274/11 8276/17
8280/20 8294/17

suggesting [3]
8266/18 8303/21
8308/6
suggestion [5]
8262/25 8280/19
8294/15 8311/6
8315/24
suggests [1] 8304/2
suit [1] 8335/22
Suite [4] 8246/4 8246/8
8247/8 8247/17
summary [1] 8251/10
summation [1] 8266/1
superseding [2]
8316/16 8316/17
supplemental [1]
8303/10
support [2] 8278/5
8293/1
supports [1] 8295/14
suppose [1] 8291/11
supposed [1] 8333/7
Supreme [7] 8252/22
8254/19 8258/14
8274/6 8296/6 8296/7
8297/5
Supreme Court [5]
8252/22 8254/19
8258/14 8274/6 8297/5
sure [33] 8250/19
8253/3 8256/18
8257/13 8267/16
8267/17 8268/5
8268/20 8270/4
8279/19 8279/23
8281/13 8283/23
8287/7 8288/2 8288/11
8291/4 8294/25
8299/12 8304/14
8322/1 8324/24
8326/11 8329/10
8330/11 8332/23
8333/1 8334/17 8335/6
8335/7 8335/15
surprise [1] 8273/14
surprised [1] 8292/4
surprising [1] 8299/9
surprisingly [1]
8326/16
suspenders [1] 8288/4
sustain [1] 8276/5
sweeping [1] 8308/19
switch [1] 8257/22

T

table [2] 8250/24
8333/13
tables [1] 8261/17
tabling [1] 8277/21
tailor [1] 8291/16
take [18] 8258/21
8268/18 8281/20
8283/7 8285/5 8291/6
8291/18 8295/5 8297/2
8297/5 8297/18 8301/6
8309/20 8320/5

taken [1] 8273/14
talk [9] 8290/11 8303/3
8303/11 8307/24
8326/23 8329/18
8330/13 8331/22
8333/21
talked [7] 8279/3
8292/17 8295/11
8311/2 8316/5 8316/5
8324/14
talking [11] 8261/11
8261/12 8276/11
8293/14 8295/18
8303/24 8306/3 8306/4
8306/6 8310/24
8310/25
Tarpley [3] 8246/10
8249/13 8330/18
tax [12] 8295/24
8296/8 8296/13
8300/14 8300/15
8300/16 8300/20
8301/3 8302/16
8322/22 8322/24
8322/25
taxes [4] 8300/8
8300/14 8301/17
8303/2
team [1] 8262/1
teasing [1] 8330/21
technical [1] 8266/3
tell [1] 8259/17
telling [5] 8259/9
8259/12 8261/7
8272/18 8319/1
tells [4] 8263/5
8264/14 8264/19
8269/11
tending [1] 8276/6
term [7] 8258/13
8267/23 8280/5
8280/14 8284/19
8284/23 8310/9
terms [10] 8268/18
8290/9 8293/10
8295/21 8319/20
8319/23 8320/16
8331/21 8332/25
8333/10
Terrific [1] 8299/25
testified [3] 8293/16
8301/19 8316/6
testify [6] 8293/13
8298/23 8303/5 8304/4
8321/5 8321/10
testifying [6] 8267/24
8268/5 8293/15 8301/3
8321/7 8321/12
testimony [6] 8267/21
8293/18 8303/14
8303/16 8304/15
8322/9
Texas [3] 8326/24
8327/6 8327/14
than [21] 8254/8
8257/11 8265/20

8275/2 8283/2 8284/3
8284/12 8286/17
8295/6 8298/3 8300/16
8303/24 8306/1 8315/2
8315/20 8319/11
8328/3 8328/14 8329/1
thank [18] 8249/25
8250/2 8253/4 8262/5
8268/24 8269/24
8273/12 8298/8 8300/1
8302/20 8305/10
8310/17 8323/12
8323/13 8325/11
8325/19 8325/20
8335/14
Thank you [14]
8249/25 8250/2 8253/4
8262/5 8268/24 8298/8
8300/1 8305/10
8310/17 8323/12
8323/13 8325/11
8325/19 8325/20
Thanks [1] 8336/2
Thanksgiving [2]
8320/8 8329/11
that [495]
that'll [3] 8252/4
8295/2 8298/1
that's [74] 8250/17
8251/13 8252/23
8256/15 8259/11
8259/18 8259/18
8260/18 8261/5 8266/6
8267/4 8267/24
8270/15 8273/17
8275/1 8275/2 8275/11
8275/20 8275/21
8276/16 8277/2 8278/3
8278/5 8279/14 8281/7
8285/19 8287/6
8287/18 8288/11
8288/19 8290/4 8290/6
8292/12 8293/7 8294/1
8296/8 8296/23
8304/17 8305/24
8306/5 8306/12 8308/9
8308/19 8309/7 8310/7
8310/16 8310/22
8310/23 8310/25
8311/2 8312/8 8313/2
8314/8 8316/1 8316/6
8317/2 8317/14
8318/10 8318/14
8321/8 8321/13 8322/4
8323/5 8323/11
8324/15 8325/9
8325/18 8327/20
8331/16 8331/17
8332/2 8332/16 8334/4
8335/16
their [19] 8249/22
8253/25 8254/2 8254/3
8254/3 8254/5 8254/5
8270/17 8272/5
8295/20 8297/15
8297/15 8303/11
8303/23 8310/20

8328/20
thelinderfirm.com [1]
8246/6
them [26] 8259/17
8260/12 8263/9
8267/18 8273/14
8276/18 8282/1 8292/4
8294/21 8296/6
8298/17 8304/24
8320/12 8321/3 8321/9
8321/17 8321/18
8321/19 8323/19
8329/19 8329/19
8329/25 8330/2
8332/14 8333/25
8334/12
theme [1] 8300/22
themselves [2]
8265/18 8292/10
then [48] 8250/4
8250/16 8251/20
8254/10 8258/4
8258/10 8259/1 8262/9
8263/2 8269/15
8271/15 8275/14
8275/23 8278/20
8280/13 8281/9 8281/9
8284/18 8290/6
8290/18 8291/18
8293/6 8293/9 8294/1
8294/20 8295/4 8295/9
8297/4 8298/1 8299/17
8299/18 8300/7 8304/5
8304/19 8322/19
8324/16 8324/22
8326/17 8327/22
8327/23 8328/21
8329/17 8333/4 8333/8
8333/25 8334/1 8334/3
8334/4
theories [1] 8292/3
theory [16] 8270/17
8270/18 8285/6 8285/7
8285/17 8287/14
8287/24 8289/7
8291/21 8295/8
8295/12 8309/9
8310/18 8316/21
8324/16 8325/4
there [73] 8251/11
8251/20 8255/3
8259/24 8260/14
8260/18 8260/20
8261/2 8261/9 8261/16
8262/23 8263/24
8265/10 8268/20
8269/25 8270/2 8270/2
8270/10 8273/24
8275/1 8275/7 8275/8
8275/13 8275/25
8276/23 8277/7
8277/12 8278/9 8279/8
8282/20 8282/23
8283/22 8285/3
8285/17 8287/14
8288/14 8288/16
8288/24 8291/24

8292/20 8293/17
8296/21 8299/20
8300/4 8301/6 8301/12
8303/25 8304/5 8305/4
8305/7 8306/13
8307/22 8308/1 8308/7
8309/23 8312/21
8314/11 8314/12
8316/16 8317/13
8322/8 8324/24
8326/16 8326/17
8326/25 8327/1 8327/3
8329/19 8330/7
8333/15 8334/20
there's [58] 8255/8
8260/21 8261/8
8261/16 8263/14
8267/17 8268/19
8270/9 8270/10 8271/8
8271/16 8275/19
8275/23 8276/24
8278/7 8282/1 8283/22
8285/15 8285/16
8289/15 8290/10
8291/14 8293/1 8293/9
8293/10 8294/16
8294/17 8297/3 8297/4
8297/5 8299/8 8300/3
8300/15 8300/24
8301/4 8304/12 8305/6
8307/5 8307/10
8309/12 8311/5
8312/19 8313/4
8313/16 8313/17
8318/10 8324/24
8325/22 8326/3
8327/23 8330/6
8331/13 8332/7
8332/10 8332/24
8333/12 8334/6 8334/7
therefore [4] 8259/1
8260/15 8286/15
8317/13
therein [1] 8308/18
these [18] 8249/19
8259/13 8260/24
8266/1 8267/13 8270/7
8278/13 8283/6
8287/12 8310/5
8310/20 8312/23
8313/5 8318/9 8320/5
8322/9 8323/18
8325/16
they [73] 8258/20
8259/12 8259/16
8260/7 8260/12
8260/13 8260/14
8260/15 8260/15
8260/18 8260/18
8260/19 8260/25
8264/2 8264/17
8264/17 8270/3 8270/4
8273/8 8273/14
8276/14 8276/14
8278/8 8278/11
8282/12 8286/20
8286/12 8286/26

**they... [45]** 8287/4
8287/16 8289/6
8291/13 8292/12
8292/12 8295/7
8296/13 8297/14
8298/11 8298/18
8298/18 8299/14
8299/15 8299/16
8300/12 8300/14
8300/18 8301/10
8303/22 8304/5 8310/2
8311/2 8311/9 8312/1
8312/4 8313/22
8314/24 8316/4
8317/13 8319/7 8321/2
8321/5 8323/8 8324/7
8327/25 8328/1 8328/1
8329/20 8329/23
8330/3 8331/8 8331/18
8332/11 8334/8
**they'll [2]** 8322/11
8334/1
**they're [10]** 8260/21
8260/22 8261/1 8261/5
8269/16 8298/21
8301/8 8315/1 8324/3
8333/13
**they've [5]** 8287/4
8323/3 8331/18
**thing [5]** 8262/18
8309/1 8317/10
8328/11 8333/9
**things [11]** 8255/16
8260/22 8261/3 8294/9
8294/9 8294/15
8303/25 8304/6
8309/11 8322/3
8322/21
**think [164]**
**thinking [5]** 8255/12
8260/11 8308/12
8320/9 8329/4
**third [8]** 8253/15
8263/21 8275/20
8281/10 8290/12
8291/5 8291/9 8301/12
**Third Circuit [4]**
8275/20 8290/12
8291/5 8291/9
**Third Circuit's [1]**
8263/21
**this [144]**
**this case [1]** 8270/14
**Thomas [2]** 8247/16
8249/8
**Thomas Edward
Caldwell [1]** 8249/8
**those [20]** 8251/24
8263/8 8264/16
8264/23 8264/24
8279/22 8292/5
8302/24 8303/2
8304/12 8304/13
8313/10 8315/17
8318/3 8319/6 8319/7
8322/13 8322/16
8324/4 8324/25

**though [5]** 8267/9
8269/12 8288/12
8293/10 8312/5
**thought [19]** 8251/19
8251/23 8255/17
8259/4 8259/25 8260/2
8261/20 8264/1
8270/21 8272/17
8306/2 8306/25
8307/19 8312/11
8316/11 8318/17
8321/18 8326/22
8328/13
**thousands [1]** 8330/1
**three [3]** 8276/16
8276/17 8285/5
**through [14]** 8268/8
8274/15 8302/25
8304/24 8309/18
8312/14 8315/9
8315/16 8315/22
8315/22 8316/2 8316/3
8316/3 8332/2
**throughout [1]** 8267/5
**throw [1]** 8333/15
**Thus [2]** 8254/2
8289/20
**ties [1]** 8283/19
**till [1]** 8332/25
**time [28]** 8257/13
8262/7 8266/5 8279/10
8280/8 8280/21
8281/12 8285/8
8291/12 8292/6 8294/9
8295/11 8296/9 8305/8
8306/21 8308/17
8312/2 8312/11 8314/2
8318/2 8318/3 8320/13
8321/19 8323/18
8324/1 8329/24
8330/19 8331/10
**time-limited [1]** 8314/2
**times [4]** 8260/24
8310/12 8314/13
8314/15
**timing [3]** 8310/6
8320/16 8321/24
**Title [1]** 8277/1
**titled [2]** 8271/16
8337/4
**today [5]** 8251/10
8321/20 8326/2 8328/7
8335/22
**together [6]** 8252/11
8275/10 8276/4
8278/23 8279/1
8291/19
**told [2]** 8260/12
8320/25
**tomorrow [10]** 8299/3
8299/21 8303/12
8303/14 8303/17
8306/15 8320/19
8321/16 8322/12
8331/24
**too [9]** 8263/9 8269/5
8270/24 8272/17
8272/17 8275/19

8325/15
**took [1]** 8265/13
**topics [1]** 8298/23
**toward [2]** 8276/4
8285/25
**Towers [1]** 8247/17
**town [2]** 8331/11
8334/25
**training [1]** 8251/18
**trait [2]** 8321/4 8321/8
**transcript [5]** 8245/9
8248/6 8299/5 8306/1
8337/3
**transcription [1]**
8248/7
**transcripts [3]** 8304/20
8306/5 8306/10
**transfer [1]** 8310/10
**transportation [1]**
8254/3
**treated [2]** 8253/21
8284/6
**treatise [1]** 8335/17
**trial [7]** 8251/14
8267/24 8274/12
8311/19 8325/24
8326/2 8326/14
**tried [1]** 8326/15
**triggered [1]** 8285/4
**Troy [2]** 8245/16
8249/10
**Troy Edwards [1]**
8249/10
**true [6]** 8260/7 8263/8
8288/11 8290/21
8293/21 8323/1
**truthful [1]** 8253/19
**truthfulness [1]** 8301/2
**try [7]** 8294/21 8298/1
8301/7 8308/15 8320/7
8332/1 8333/23
**trying [2]** 8304/25
8316/10
**Tuesday [1]** 8324/15
**two [29]** 8258/9
8258/25 8263/25
8264/24 8266/14
8267/18 8274/14
8275/20 8283/6 8283/9
8283/12 8291/24
8292/15 8295/3 8298/9
8300/3 8300/22 8308/3
8309/11 8322/13
8322/14 8322/23
8326/3 8328/12
8328/14 8328/18
8328/18 8329/8 8330/2
**two-page [1]** 8322/23
**TX [2]** 8246/4 8246/8
**typical [3]** 8297/11
8302/13 8309/25

**U**

**U.S [1]** 8245/16
**U.S. [3]** 8252/22
8253/3 8274/8
**ultimate [1]** 8267/24

ultimately [1] 8272/5
**unable [1]** 8326/6
**unanimity [10]**
8273/24 8274/2 8274/9
8274/13 8274/20
8276/12 8276/20
8277/6 8278/8 8293/10
**unanimous [3]** 8307/4
8307/15 8307/16
**unaware [2]** 8278/22
8278/24
**unconstitutional [2]**
8253/17 8255/2
**under [10]** 8272/8
8280/4 8281/21
8286/21 8302/12
8306/21 8311/10
8316/17 8327/6
8335/10
**underlying [3]** 8286/20
8287/2 8287/6
**understand [13]**
8256/15 8263/23
8263/24 8264/18
8266/3 8277/4 8278/18
8295/17 8298/13
8308/12 8309/16
8313/20 8317/19
**understanding [14]**
8263/7 8264/10
8264/13 8264/15
8264/22 8266/16
8269/1 8269/14 8271/2
8297/15 8302/15
8313/25 8330/4
8333/23
**understands [1]**
8262/11
**Understood [5]** 8269/9
8272/9 8294/3 8325/18
8332/8
**unexpressed [7]**
8263/6 8263/7 8264/12
8264/15 8264/22
8269/1 8269/14
**uniform [1]** 8334/9
**uniformity [1]** 8284/17
**union [2]** 8254/4
8254/5
**unique [1]** 8297/7
**UNITED [12]** 8245/1
8245/3 8245/10 8249/5
8274/4 8274/16
8274/17 8275/21
8275/23 8276/22
8289/17 8316/19
**United States [7]**
8274/4 8274/17
8275/21 8275/23
8276/22 8289/17
8316/19
**United States versus
Kayode [1]** 8274/16
**unlawful [8]** 8256/3
8257/3 8257/21
8258/18 8266/17
8276/8 8279/1 8279/11

**unlawful purpose [1]**
8279/1
**unless [3]** 8294/9
8302/13 8321/10
**unredacted [2]** 8302/1
8307/11
**unspoken [13]** 8264/9
8265/10 8265/14
8265/17 8265/19
8266/19 8266/23
8267/14 8268/22
8269/15 8269/18
8269/22 8271/13
**until [2]** 8321/19
8324/21
**unusual [3]** 8259/11
8282/24 8309/21
**up [23]** 8256/5 8261/21
8268/8 8277/6 8277/24
8281/1 8281/22
8284/11 8289/5 8291/2
8292/18 8294/2
8297/19 8308/9
8308/10 8309/1
8312/11 8313/18
8320/2 8320/21
8321/24 8323/3 8326/8
**update [1]** 8323/18
**upon [5]** 8258/13
8288/22 8323/17
8326/12 8329/25
**us [8]** 8261/5 8294/17
8298/1 8299/9 8314/6
8329/4 8335/1 8335/21
**usdoj.gov [2]** 8245/19
8245/20
**use [6]** 8253/11 8256/7
8258/8 8263/20
8271/14 8308/9
**used [10]** 8254/12
8254/19 8266/6
8267/23 8271/6
8280/14 8282/5 8283/4
8284/4 8284/23
**uses [2]** 8264/8 8310/9
**using [4]** 8271/4
8271/8 8271/10 8277/9

**V**

**valid [3]** 8254/7
8254/13 8309/7
**various [2]** 8250/6
8284/11
**venture [3]** 8278/22
8278/24 8279/12
**verdict [2]** 8331/8
8331/9
**version [6]** 8250/12
8250/14 8250/20
8257/9 8257/12
8257/25
**versus [17]** 8249/5
8252/19 8252/19
8252/21 8266/23
8274/5 8274/7 8274/7
8274/16 8274/17
8275/21 8275/23
8279/4 8289/17

8355

## V

**versus... [3]** 8300/14
8305/12 8305/16
**very [11]** 8255/3
8264/25 8265/4 8266/3
8270/6 8282/19 8288/9
8308/17 8308/24
8314/4 8320/21
**via [1]** 8333/13
**video [2]** 8304/21
8333/14
**view [3]** 8261/15
8270/10 8325/9
**violating [5]** 8255/22
8256/22 8257/16
8286/15 8295/25
**violation [6]** 8252/24
8254/7 8254/13
8254/18 8260/8 8282/4
**voice [1]** 8305/2
**voluntarily [1]** 8327/2
**vote [2]** 8280/16
8284/25
**vs [1]** 8245/5

## W

**wait [5]** 8303/11
8324/21 8328/23
8332/25 8336/4
**waiting [2]** 8328/3
8331/10
**waive [5]** 8326/17
8327/22 8327/25
8328/1 8328/7
**waived [1]** 8249/22
**waiver [4]** 8327/2
8327/3 8328/2 8332/25
**waivers [2]** 8330/10
8331/5
**want [34]** 8251/9
8258/5 8260/19
8268/18 8268/21
8269/6 8269/24 8273/2
8279/21 8284/9
8289/14 8290/10
8291/3 8293/8 8294/1
8299/16 8302/3 8303/8
8304/14 8306/23
8308/20 8308/20
8310/16 8317/7 8319/6
8321/23 8324/21
8325/4 8325/8 8325/14
8328/2 8329/12 8330/9
8334/20
**wanted [15]** 8258/20
8260/1 8260/18
8261/22 8265/8
8279/19 8279/23
8289/12 8298/20
8305/3 8319/14
8324/13 8325/17
8327/21 8329/10
**wanting [2]** 8266/1
8281/19
**wants [3]** 8256/14
8306/25 8324/9
**warmth [1]** 8250/4
**warning [1]** 8254/4

**Washington [6]** 8245/5
8245/17 8247/4 8247/9
8248/5 8289/17
**wasn't [4]** 8275/7
8288/20 8299/5
8299/18
**Watkins [5]** 8246/14
8249/8 8249/17
8249/21 8292/11
**way [18]** 8255/9
8266/15 8270/24
8277/3 8282/17 8291/6
8302/25 8307/3
8309/15 8310/6
8311/10 8311/14
8312/7 8315/11
8319/11 8319/14
8332/4 8334/17
**ways [2]** 8269/25
8287/4
**we [188]**
**we believe [6]** 8256/9
8256/12 8282/12
8286/8 8286/9 8286/15
**we will [3]** 8262/7
8306/20 8306/25
**we'd [3]** 8325/23
8334/2 8335/23
**we'll [26]** 8262/16
8263/20 8268/22
8272/21 8284/17
8290/3 8290/18
8297/18 8299/3 8299/7
8299/7 8299/10
8303/11 8307/24
8319/16 8320/13
8325/13 8325/15
8331/13 8331/23
8333/22 8333/23
8333/25 8334/5
8334/24 8335/11
**we're [53]** 8250/5
8259/8 8261/1 8261/11
8261/12 8263/11
8264/19 8265/22
8267/11 8267/12
8268/17 8269/10
8269/13 8269/17
8269/22 8271/2 8271/3
8271/8 8271/10
8276/11 8277/21
8279/16 8290/13
8291/12 8292/6 8294/5
8294/11 8294/20
8295/5 8298/2 8299/18
8302/21 8306/4
8306/17 8307/9
8311/16 8312/22
8313/18 8314/3
8314/16 8322/20
8324/6 8324/10
8325/16 8327/12
8328/4 8329/8 8329/16
8331/8 8331/9 8332/14
8332/14 8332/17
**we've [13]** 8256/13
8265/24 8276/20

**8295/19 8297/6 8306/6
8306/21 8320/1
8322/10 8335/8
**weak [1]** 8329/23
**weapons [1]** 8311/12
**wear [1]** 8250/3
**wearing [2]** 8335/20
8335/24
**week [17]** 8294/18
8298/2 8298/16
8303/10 8305/5
8308/19 8320/21
8325/1 8329/11
8329/17 8329/20
8329/23 8330/2 8330/3
8331/1 8331/25 8332/6
**weekend [2]** 8303/15
8336/3
**weeks [4]** 8309/2
8309/10 8317/23
8326/8
**weigh [1]** 8272/18
**well [47]** 8253/24
8259/21 8267/16
8267/19 8267/25
8269/15 8270/9
8273/13 8274/24
8276/10 8277/14
8282/9 8282/16
8282/22 8283/23
8287/19 8292/15
8294/24 8297/17
8303/3 8303/17 8304/3
8304/6 8305/6 8305/22
8306/4 8307/3 8307/7
8307/14 8308/14
8309/11 8309/11
8310/22 8317/4 8317/9
8317/25 8320/2
8320/22 8321/9
8323/24 8327/12
8329/8 8329/14
8330/22 8334/11
8335/13 8335/16
**went [6]** 8272/17
8302/23 8302/24
8311/4 8317/9 8317/13
**were [29]** 8251/25
8252/11 8253/10
8253/18 8261/18
8261/20 8263/25
8264/1 8272/17 8275/9
8278/13 8291/24
8292/4 8292/5 8292/13
8292/13 8294/9
8297/14 8299/13
8299/14 8299/17
8304/21 8306/3
8306/21 8307/19
8324/7 8324/7 8328/1
8329/19
**what [109]**
**what's [8]** 8261/15
8265/4 8266/11
8289/11 8297/13
8314/9 8317/17 8332/4
**whatever [1]** 8319/6

**when [18]** 8250/23
8263/5 8264/14 8274/9
8274/13 8281/6
8281/16 8284/22
8287/1 8288/24 8293/4
8295/11 8311/25
8312/22 8316/4
8332/23 8333/16
8333/20
**where [20]** 8255/15
8262/23 8278/3
8280/25 8282/3
8285/15 8286/18
8288/19 8292/19
8294/9 8296/1 8299/17
8303/21 8304/13
8308/20 8318/14
8322/20 8323/19
8326/5 8334/8
**whereas [1]** 8308/18
**whether [36]** 8250/3
8260/5 8260/6 8264/2
8272/4 8272/5 8272/24
8273/24 8276/12
8276/24 8279/22
8280/17 8282/25
8283/5 8284/2 8284/5
8288/14 8289/5
8289/15 8292/22
8293/20 8295/21
8300/8 8301/9 8303/12
8303/22 8304/1 8308/1
8308/2 8310/5 8312/19
8320/11 8322/15
8326/6 8326/7 8326/12
**which [53]** 8250/14
8251/18 8251/22
8254/6 8254/23
8256/13 8258/1
8258/10 8258/13
8258/16 8259/4
8263/20 8263/22
8264/12 8264/13
8264/23 8264/24
8265/4 8266/13
8266/23 8269/1 8269/2
8270/25 8271/19
8274/8 8274/18
8274/25 8276/21
8278/4 8282/2 8283/24
8284/10 8288/12
8288/21 8288/25
8289/20 8296/6
8296/18 8304/5
8305/14 8305/17
8305/21 8310/19
8311/3 8315/6 8315/12
8315/14 8316/18
8318/1 8318/11 8319/4
8323/18 8327/6
**while [4]** 8254/24
8254/24 8302/16
8323/4
**who [9]** 8272/4
8298/21 8299/14
8299/15 8305/15
8313/10 8323/25

**whole [5]** 8285/4
8285/8 8316/11
8317/10 8330/19
**why [10]** 8259/4
8259/18 8259/18
8260/18 8275/8 8287/8
8287/22 8301/16
8310/16 8323/21
**wife [1]** 8325/22
**will [30]** 8255/12
8260/12 8262/7
8262/13 8265/23
8271/14 8279/22
8284/18 8289/5
8290/25 8297/2
8300/17 8301/10
8303/13 8306/20
8306/25 8308/15
8309/11 8314/11
8314/14 8321/12
8321/14 8321/19
8329/18 8329/24
8330/7 8332/13
8332/19 8333/4
8333/11
**William [5]** 8247/16
8248/2 8337/2 8337/7
8337/8
**wish [2]** 8270/23
8295/12
**within [3]** 8304/3
8319/7 8329/8
**without [6]** 8255/17
8270/7 8316/10 8323/9
8334/10 8335/22
**witness [2]** 8299/18
8303/9
**witnesses [20]**
8298/11 8298/13
8298/14 8298/17
8298/19 8298/22
8299/4 8303/12
8320/18 8320/20
8320/22 8320/24
8320/25 8321/1
8321/15 8321/18
8321/23 8322/7 8322/8
8322/15
**won't [2]** 8260/13
8334/5
**Woodward [5]** 8247/2
8247/3 8249/14
8298/12 8304/11
**Woodward's [1]**
8269/20
**word [2]** 8264/4 8271/6
**words [8]** 8258/22
8265/13 8265/17
8269/18 8271/22
8272/16 8327/9
8332/14
**work [7]** 8265/12
8276/4 8295/2 8304/16
8323/24 8324/5
8334/25
**working [8]** 8250/8
8250/11 8250/13

**W**

**working... [5]** 8250/17
8251/6 8278/23
8278/25 8294/11
**worry [1]** 8334/3
**worth [1]** 8328/12
**would [94]**
**wouldn't [2]** 8298/22
8301/19
**write [1]** 8335/17
**writing [4]** 8254/12
8270/1 8270/11
8335/12
**written [2]** 8258/5
8270/17
**wrong [4]** 8289/8
8290/18 8323/6
8334/21

**Y**

**yeah [17]** 8252/19
8253/7 8257/8 8262/15
8266/11 8268/11
8269/10 8279/18
8280/1 8284/15 8288/5
8291/17 8297/2 8302/8
8327/20 8329/9
8331/20
**year [4]** 8282/3
8302/16 8323/2 8323/3
**years [9]** 8301/22
8301/24 8302/21
8302/22 8302/24
8302/25 8303/2
8323/10 8323/10
**Yep [1]** 8291/8
**yes [17]** 8267/2
8275/12 8284/14
8285/1 8292/17 8295/1
8296/9 8297/23
8297/24 8300/24
8302/22 8312/18
8323/20 8323/20
8325/12 8326/20
8331/16
**yesterday [4]** 8273/9
8298/12 8326/4 8330/5
**yet [7]** 8251/3 8287/15
8299/2 8299/5 8299/6
8306/9 8328/17
**you [199]**
**you know [1]** 8294/1
**you'd [1]** 8333/14
**you'll [3]** 8295/22
8316/15 8322/12
**you're [17]** 8249/24
8250/11 8250/23
8260/12 8268/13
8275/5 8275/11
8279/10 8281/19
8287/1 8295/18
8295/25 8307/16
8316/20 8325/1
8330/12 8330/13
**you've [4]** 8300/25
8322/19 8326/22
8332/23
**Young [1]** 8267/20

**Your [98]** 8249/2
8249/4 8249/25 8250/2
8250/24 8251/4
8251/12 8251/19
8251/23 8256/4
8256/12 8256/14
8257/9 8257/24
8257/25 8258/19
8258/22 8259/7 8259/9
8261/25 8263/23
8263/24 8264/18
8265/8 8265/16
8265/22 8266/11
8266/18 8267/19
8268/24 8271/2 8272/3
8272/9 8272/12 8273/8
8273/16 8275/18
8277/4 8279/14
8279/23 8281/11
8284/14 8285/2
8287/21 8288/8
8289/16 8293/12
8294/3 8295/1 8298/5
8298/22 8299/2
8299/17 8299/22
8299/24 8300/2
8300/16 8302/15
8302/20 8304/19
8305/10 8305/11
8306/2 8306/16
8306/24 8308/14
8310/8 8311/5 8312/14
8314/3 8315/19 8317/4
8318/13 8320/7
8321/10 8321/17
8322/5 8322/22
8323/12 8323/20
8325/6 8325/10
8325/12 8326/20
8327/17 8329/1
8329/12 8331/21
8332/2 8332/19
8332/23 8333/7
**Your Honor [70]**
8249/2 8249/4 8249/25
8250/2 8251/4 8251/12
8251/19 8256/4
8256/12 8256/14
8257/24 8258/19
8258/22 8259/7 8259/9
8261/25 8263/23
8265/8 8265/16
8265/22 8267/19
8268/24 8271/2 8272/3
8272/9 8272/12
8275/18 8277/4
8279/14 8281/11
8284/14 8285/2
8287/21 8293/12
8294/3 8295/1 8298/5
8298/22 8299/2
8299/17 8299/22
8299/24 8300/2
8302/15 8302/20
8304/19 8305/10
8305/11 8306/2
8306/16 8306/24
8308/14 8310/8 8311/5

8315/19 8317/4
8318/13 8321/10
8321/17 8322/5
8322/22 8323/12
8323/20 8325/12
8326/20 8327/17
8329/12 8331/21
**Your Honor's [3]**
8263/24 8288/8 8332/2
**yourselves [1]** 8257/6

**Z**

**Zaremba [4]** 8248/2
8337/2 8337/7 8337/8
**Zello [1]** 8292/12
**Zoom [2]** 8330/7
8331/2
**Zsuzsa [1]** 8247/6